**DiMarco Warshaw, APLC**
PO Box 704
San Clemente, CA 92674
Andy C.  Warshaw, CA SBN 263880
Jay K. Chien, CA SBN 251343
Direct Phone: (949) 345-1455
Email: andy@dimarcowarshaw.com

General Bankruptcy Counsel
for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.  8:25-bk-10631-SC |
| R2 Marketing and Consulting, LLC, | Chapter 11 |
| Debtor and Debtor-in-Possession. | **FIRST AMENDED COMBINED CHAPTER 11 PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT** |
| | **Plan Confirmation Hearing** |
| | Date: April 8, 2026 |
| | Time: 1:30 p.m. |
| | Place: 5C |
| | 411 West Fourth Street |
| | Santa Ana, CA 92701 |

This First Amended Combined Chapter 11 Plan of Reorganization and Disclosure Statement ("Plan" or "Amended Plan")[1], filed by R2 Marketing and Consulting, LLC, the debtor and debtor-in-possession ("Debtor"), proposes to restructure the Debtor's obligations and to pay certain claims over a 60-month term.

---

[1] The Original Combined Chapter 11 Plan of Reorganization and Disclosure Statement is hereafter referred to as the "Original Plan".

# Table of Contents

I.    **INTRODUCTION**................................................................................................................4

   A.    Purpose of This Document....................................................................................4

   B.    Background .............................................................................................................4

   C.    Confirmation Procedures ......................................................................................6

II.   **THE PLAN** ......................................................................................................................6

   A.    Unclassified Claims ...............................................................................................7

   B.    Classified Claims and Interests .........................................................................10

   C.    Effective Date ......................................................................................................17

   D.    Means of Performing and Effectuating the Plan.............................................17

   E.    Post-Confirmation Management ........................................................................18

   F.    Disbursing Agent ................................................................................................18

   G.    Payments to Creditors ........................................................................................19

   H.    Other Provisions of the Plan ..............................................................................19

   I.    **EFFECT OF CONFIRMATION OF THE PLAN**.......................................21

   J.    Modification of Plan ...........................................................................................24

   K.    Quarterly Fees....................................................................................................24

   L.    Post-Confirmation Conversion/Dismissal .......................................................24

   M.    Reorganized Employment and Compensation of Professionals ....................24

III.  **DISCLOSURE STATEMENT** .....................................................................................26

   A.    Chapter 11 Requirements...................................................................................27

   B.    Voting ...................................................................................................................29

   C.    Treatment of Non-Accepting Classes ...............................................................32

   D.    Revocation of Plan/No Admissions...................................................................32

   E.    Description and History of Debtor and Its Business Interests .......................32

   F.    Claims Bar Date...................................................................................................33

   G.    Actual and Projected Recovery of Preferential or Fraudulent Transfers.....................................33

Chapter 11, Combined Chapter 11 Plan          R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement          Case # 8:25-bk-10631-SC

2

H.  Employment of Professionals ........................................................................................... 33

I.  Liquidation Analysis ....................................................................................................... 34

J.  The Absolute Priority Rule and its Impact on the Case: 11 U.S.C. 1129(b)(2)(B)(ii) ............... 35

K.  Feasibility ........................................................................................................................ 36

L.  Tax Consequences of Plan ............................................................................................... 38

M.  Risk Factors .................................................................................................................... 39

N.  Post-Confirmation Status Report ..................................................................................... 40

O.  Final Decree ................................................................................................................... 41

Chapter 11, Combined Chapter 11 Plan                          R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                          Case # 8:25-bk-10631-SC

# I.   **INTRODUCTION**

### A. Purpose of This Document

The Debtor is the plan proponent (the "Proponent") of the Chapter 11 Plan of Reorganization (the "Plan").  Section 1125 of the Bankruptcy Code requires that creditors receive "adequate information" about the debtor and the proposed plan of reorganization before creditors are asked to vote to accept or reject the plan.  Here, the Court ordered that a combined Chapter 11 Plan and Disclosure Statement be filed and served by September 8, 2025.  *See* ECF No. 126. On January 26, 2026, the Court ordered that "[a]ny amended plan must be filed by no later than March 18, 2026, with a redline and new confirmation brief. The confirmation brief must address whether the amended plan requires re-solicitation." *See* ECF No. 388.

### B. Background

On March 12, 2025 (the "Petition Date"), R2 Marketing and Consulting, LLC, the debtor and debtor in possession ("Debtor"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The catalyst for filing this bankruptcy case was Debtor's inability to meet business obligations due to severe cash flow constraints stemming from repayment of pandemic era loans and increased competition from newly established restaurants nearby.  Debtor is a California limited liability company formed in 2016 doing business as a non-emergency medical transportation ("NEMT") company. The business is dedicated to assisting individuals in the Los Angeles/Orange County area who are in need of safe and caring transportation to all types of medical appointments such as dialysis, various infusions including chemotherapy, radiation, physical therapy, hospice, etc. In addition, it is approved to transport patients in recovery for Methadone treatment. Most of the Debtor's services are for those in assisted living facilities and through contracts with health care companies; however, they also do public and private transport for the U.S. Department of Veterans Affairs, Kaiser Permanente, and other companies and individuals.

Debtor is in the process of beginning a supplemental contract with AltaMed PACE to provide NEMT services.  These funds are expected to up to double Debtor's monthly revenue, which currently ranges about $300,000.  Therefore, this would be an increase up to $600,000.

This is an operating Chapter 11 Plan of Reorganization (the "Plan") where proceeds from at least three NEMT service provider contracts will provide the Plan funding.  The respective Sponsors[2] of these contracts are AltaMed PACE, AltaMed Healthcare Network, and Call the Car.

The financial information used in drafting the Plan was prepared by Debtor's Responsible Individual, Ryan Morris, ("Morris") with the assistance of Debtor's advisors, from information in Debtor's books and records.  A description of fundamental assumptions made by Debtor is included in the Declaration of Debtor's Responsible Individual ("Declaration of Ryan Morris" or "Morris Declaration") that accompanies this Plan.  The statements and information contained in the Plan do not constitute financial or legal advice.  You should consult your own advisors about the impact of the Plan on your claims.  Any interested party desiring further information about the Plan should contact Debtor's counsel, Andy C. Warshaw.  The best telephone number to reach Debtor's counsel is (949) 345-1455 or by email to andy@dimarcowarshaw.com.

Unless another time is expressly specified in the Plan, all statements contained in the document are made as of September 8, 2025.  The following Exhibits, which are attached to the Morris Declaration, provide additional information in support of the Plan:

| Exhibit Number | Description |
|---|---|
| 1 | Declaration of Ryan Morris |
| 2 | Projected Income and Expenses |
| 3 | Claims Against the Bankruptcy Estate |
| 4 | Projected Disbursement Schedule |
| 5 | Original Chapter 11 Ballot |
| 6 | Order Continuing Hearing on Plan Confirmation and Status Conference |
| 7 | Definitions |
| 8 | Liquidation Analysis |

---

[2] Sponsor as used here is defined as a signatory entity that is the Sponsor is: 1) not the transportation provider, 2) not the party receiving rides, and 3) the entity assuming financial and/or administrative responsibility.

Chapter 11, Combined Chapter 11 Plan                                     R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                              Case # 8:25-bk-10631-SC

C. <u>Confirmation Procedures</u>

Debtor believes that the proposed Plan is in the best interest of creditors and the bankruptcy estate.

1.    <u>Time and Place of the Confirmation Hearing</u>

The continued hearing at which the Court will determine whether to confirm the Plan will take place on April 8, 2026, at 1:30 p.m., in Courtroom 5C, 411 West Fourth Street, Santa Ana, CA 92701.

3.    <u>Deadline for Objecting to the Confirmation of the Plan</u>

Any opposition to confirmation of the Plan must be filed with the Court and served upon Debtor's counsel and all other parties by no later than March 25, 2026. Replies may be filed no later than April 1, 2026. *See* ECF No. 388. Debtor submits the Amended Plan requires no re-solicitation. This will be further addressed in Debtor's concurrently filed Confirmation Brief.

## II.    **THE PLAN**

### **Classification and Treatment of Claims**

The Plan describes how creditors will be paid. Certain claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purposes of payment. For example, administrative expenses and priority tax claims are not classified.

As required by the bankruptcy code, the Plan separates claims and interests into various categories and classes according to the nature and legal rights associated with such claims and interests. The Plan designates which classes are impaired and which classes are unimpaired. The Plan also describes the treatment each class will receive under the Plan. Debtor pledges its projected disposable income over a period of five years. Debtor anticipates that the funds available to the bankruptcy estate to use as Plan Payments upon the Effective Date will be at least $61,000.

If the Plan is confirmed, each creditor's recovery is limited to the amount provided in the Plan.

### **What Creditors and Interest Holders Will Receive Under the Proposed Plan**

**Allowed Claims and Interests.** Generally, a claim or interest is allowed if it is timely and properly scheduled or filed, and (a) was not objected to; or (b) was objected to or was settled by the parties or otherwise determined by a court order. Allowed claims and interests are treated under the Plan.

Chapter 11, Combined Chapter 11 Plan                                     R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                           Case # 8:25-bk-10631-SC

A.  Unclassified Claims

Certain types of claims are not placed into voting classes.  They are not considered impaired, and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, Debtor has not placed the following claims in a class:

1.  Administrative Expenses and Fees

Administrative expenses are claims for costs or expenses of administering Debtor's Chapter 11 case that are allowed under Bankruptcy Code §507(a)(1).  The Bankruptcy Code requires that all administrative claims are paid upon the Effective Date, absent a particular claimant agreeing to a different treatment.  The Court must rule on all administrative fees except Clerk's Office fees and U.S. Trustee fees, before they are paid.  The professional seeking compensation must file and serve a properly noticed fee application, and the Court must rule on the application.  Administrative expenses include claims under §503(b)(2) for fees and expenses of the trustee and of professionals employed by a debtor and the trustee under §330(a).  Only the amount of fees allowed by the Court will be owed and required to be paid under the Plan.

The following is an estimate of the § 507(a)(1) administrative claims that will be incurred and unpaid through the Effective Date[3] of the Plan, including the treatment under the Plan.  Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, § 1129(a)(9) generally requires that such claims be paid in full on the plan's Effective Date.  Here, the plan provides for the payment of administrative claims through the Plan.  The attorney fees requested may be different depending on several factors that are not possible to determine with certainty at this time.  It is anticipated that an interim or a final fee application will be filed after approval of the disclosure statement or after plan confirmation.

---

[3] The term "Effective Date" is defined in section III.D.4. of this Plan.

Chapter 11, Combined Chapter 11 Plan                                      R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                                        Case # 8:25-bk-10631-SC

7

| Name | Payment on Eff. Date | *Treatment* |
|---|---|---|
| DiMarco Warshaw, APLC | $90,000.00 | An estimated minimum of $90,000.00 will be paid from cash on hand on the Effective Date. In addition to amounts paid on the Effective Date, the balance of approved fees and costs will be paid in monthly installments over the first six months of the Plan or less. |
| Penny Fox | $60,000.00 | An estimated minimum of $60,000.00, be paid from cash on hand on the Effective Date. In addition to amounts paid on the Effective Date, the balance of approved fees and costs will be paid in monthly installments over the first six months of the Plan or less. |
| **Total** | $150,000.00 | |

Except as otherwise provided in the Plan, requests for payment of administrative claims (other than professional fees and expenses) must be filed and served on Debtor (or the Reorganized Debtor), its counsel, and the U.S. Trustee no later than thirty (30) days after the Effective Date. All such requests for payment of administrative claims and applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court. Holders of administrative claims (except for professionals) requesting compensation or reimbursement of expenses that do not file such requests by the administrative claims bar dates noted above will be forever barred from asserting such claims. No further notice of the administrative claims bar dates noted above will be given.

In the event of a default in payments of Debtor for administrative fees, including those owed to DiMarco Warshaw, APLC ("the Firm"), the Firm will give Debtor notice of the default by electronic mail and advise Debtor that it has ten days to cure the default. If Debtor does not cure within the time period, the Firm will be permitted to accelerate the balance due and enforce the order of this Court approving fees by whatever means are available, including the costs and expenses related to the recording of the order and costs of collection. The Firm shall not be required to get further approval of this Court

related to outstanding fees owed by Debtor.  Debtor and the Firm are permitted to communicate and agree to payment of the Firm's administrative claim without an automatic stay violation.

2.    Priority Claims Consisting of Amounts Owed to Governmental Units

Priority claims consist of taxes and debts owed to governmental units and certain unsecured taxes, custom duties, and penalties owing to federal, state, and local governmental units involved in the proceeding as set forth by 11 U.S.C.  Section 507(a)(8).  The Code requires that each holder of Section 507(a)(8) priority claims receives the present value of such a claim in deferred cash payments, over a period not exceeding five years from the date of filing of the Order for Relief (the Petition Date).  Debtor provides for Section 507(a)(8) priority tax claims as summarized below per filed proof of claims ("POC"):

| Name / Claim Information | Treatment |
|---|---|
| Internal Revenue Service POC 2: $1,976,446.21, treated under the Plan as a disputed claim that is paid $1,268,532.95, plus interest in accordance with Section 511. | Debtor previously filed prepetition income tax returns and believes the IRS' estimated claim amount does not reflect these filed tax returns.  For purposes of plan estimation, Debtor applies the amount of the filed return against IRS' POC's estimated amounts for prior years.  On October 10, 2025 the IRS amended its claim to reflect one of Debtor's recently filed returns.  The IRS verified to Debtor's CPA that it has not finished processing the other prepetition income tax return filed by the Debtor.<br><br>The allowed priority claim of the Internal Revenue Service will be paid, at the appropriate interest rate (currently 7%), in accordance with Section 511.  Payments will be made monthly, starting with interest-only payments for months 1 to 5 then interest and principal payments from months 6 onward. *See* Exhibit 4.  Debtor will likely file an objection to the IRS' claim if the remaining prepetition income tax return received by the IRS is not processed and the claim amended by Confirmation. |
| Employment Development Department POC 40: $67,446.49 | The allowed priority unsecured claim of the Employment Development Department will be paid monthly, with the appropriate interest rate (currently 7%), starting with interest-only payments for months 1 to 5 then interest and principal payments from months 6 onward. *See* Exhibit 4. |

Chapter 11, Combined Chapter 11 Plan
of Reorganization and Disclosure Statement

R2 Marketing and Consulting, LLC
Case # 8:25-bk-10631-SC

| | |
|---|---|
| California Franchise Tax Board POC 35: $991.549.73, treated under the Plan as a disputed claim that is paid $471,257.75, plus interest in accordance with Section 511. | Debtor previously filed prepetition income tax returns and believes the FTB's estimated claim amount does not reflect these filed tax returns.  For purposes of plan estimation, Debtor applies the amount of the filed return against FTB's POC's estimated amounts for prior years.  On August 15, 2025 the FTB amended its claim to reflect one of Debtor's recently filed returns.  However, the FTB is not likely to amend the remainder of its claim until the IRS processes the other prepetition income tax return filed by the Debtor is identified above.<br><br>The allowed priority unsecured claim of the California Franchise Tax Board will be paid monthly, with the appropriate interest rate (currently 7%), starting with interest-only payments for months 1 to 5 then interest and principal payments from months 6 onward. *See* Exhibit 4.  Debtor will likely file an objection to the FTB's claim if the remaining prepetition income tax return received by the IRS is not processed and the claim amended by Confirmation as the FTB often relies on updating its tax information based on shared information with the IRS. |

B.  Classified Claims and Interests

**Class 1: Unimpaired Secured Claims of Debtor**

None.[4]**Class 2: Impaired, Secured Claims of Debtor**

There are no insiders in this class and each of the secured claims is impaired.

| CLASS | CREDITOR | AMOUNT | TREATMENT |
|---|---|---|---|
| 2-A | U.S. Small Business Administration ("SBA") | $522,970.37 per POC[5] #25 | The U.S. Small Business Administration ("SBA")'s claim will be reamortized to a term period ending on June 30, 2050 ("Payment Term"). The Debtor shall timely remit the monthly contractual payments to the SBA during the Payment Term in the amount of $2,748.24 per month, with interest at the contract rate of 3.75%, paid on the first business day of every month. Payments shall include the Debtor's SBA Loan number and shall be sent via the MySBA Loan Portal at https://lending.sba.gov, pursuant to the autopay function. Unless as otherwise set forth herein, the terms of the SBA loan documents and agreements entered into by the Debtor and the SBA |

[4] While there are no Class 1 creditors expected, this could be subject to change should the proposed plan be amended. Therefore, Class 1 is included here to maintain a static plan structure in the event of later amendment, so that an addition or removal of class creditors will not change class definitions.

[5] Proof of Claim

Chapter 11, Combined Chapter 11 Plan  
of Reorganization and Disclosure Statement

R2 Marketing and Consulting, LLC  
Case # 8:25-bk-10631-SC

| | | | |
|---|---|---|---|
| | | | shall govern, as included in SBA's Proof of Claim #25.<br><br>    To the extent that any deficiency remains as of the final month of the Payment Term, or June 2050, the Debtor shall pay any remaining balance that month as a balloon payment. The SBA shall retain its lien on the collateral securing its claim until its allowed secured claim has been paid in full, as provided under the terms of the plan. Upon full satisfaction of the secured claim, the SBA shall release its lien and take all necessary steps to effectuate such release. |
| 2-B | Santander Consumer USA Inc. | $13,416.53 per POC #15 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $10,975.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-C | Santander Consumer USA Inc. | $13,092.58 per POC #9 | Debtor will pay the full value of Creditor's allowed claim in the amount of $13,092.58, amortized over the 60-month plan term at the interest rate set forth in Creditor's POC. According to the POC, the collateral value exceeds the claim amount, and the underlying note is scheduled to mature in April 2026. Under the Plan, Debtor will extend the maturity date to align with the Plan's duration and will capitalize any prepetition arrears into the allowed claim to be paid in full over the life of the Plan. |
| 2-G | Santander Consumer USA Inc. | $43,092.98 per POC #5 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $21,625.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-G | Santander Consumer USA Inc. | $43,905.70 per POC #7 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $21,625.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-G | Santander Consumer USA Inc. | $43,092.03 per POC #17 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $21,625.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall |

Chapter 11, Combined Chapter 11 Plan                                    R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                              Case # 8:25-bk-10631-SC

| | | | |
|---|---|---|---|
| | | | be treated as a GUC and classified accordingly under the Plan. |
| 2-H | Santander Consumer USA Inc. | $56,413.21 per POC #18 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $25,750.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-I | Ally Bank | $60,511.53 per POC #34 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $26,788.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan.<br>    Creditor previously submitted a ballot rejecting Debtor's plan treatment of Class 2-I. Debtor has increased the proposed secured value to Creditor's Proof of Claim No. 34 to an amount matching the same Creditor's Proof of Claim No. 33.  The vehicles in Creditor's Proof of Claims No's. 33 and 34 appear to be identical year, make, and model. |
| 2-J | American National Bank | $40,371.02 per POC #11 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $25,875.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-J | American National Bank | $38,451.43 per POC #12 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $25,875.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-K | Ally Bank | $60,511.53 per POC #30 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $26,393.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-L | American National Bank | $40,188.40 per POC #10 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $26,425.00, which shall be |

Chapter 11, Combined Chapter 11 Plan                                    R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                                      Case # 8:25-bk-10631-SC

12

| | | | |
|---|---|---|---|
| | | | paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-M | American National Bank | $48,749.95 per POC #13 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $26,425.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-M | American National Bank | $48,749.31 per POC #14 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $26,425.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-N | Ally Bank | $60,511.53 per POC #33 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $26,788.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-O | Ally Bank | $45,518.26 per POC #31 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $27,083.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-P | Ally Bank | $45,518.26 per POC #32 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $27,083.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-Q | Santander Consumer USA Inc. | $48,583.93 per POC #6 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $37,350.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |

Chapter 11, Combined Chapter 11 Plan                                    R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                                    Case # 8:25-bk-10631-SC

13

| 2-R | Santander Consumer USA Inc. | $48,729.32 per POC #16 | Debtor intends to value and "cram down" the secured portion of Creditor's claim, either by motion or stipulation, to $37,350.00, which shall be paid over the 60-month plan term at the interest rate stated in Creditor's POC. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |
| 2-V | The Huntington National Bank | $441,634.40 per POC #4 | After mutual agreement with The Huntington National Bank, Debtor moves to value and "cram down" the secured portion of Creditor's claim to $249,885.00, which shall be paid over the 60-month plan term at 14.91% interest rate. Any portion of the allowed claim in excess of the secured amount shall be treated as a GUC and classified accordingly under the Plan. |

**Adjustment of Secured Claims for Pre-Confirmation Payments:**

Notwithstanding any provision of this Plan to the contrary, the allowed secured claim of each holder of a secured claim treated under this Plan shall be determined as of the Effective Date in accordance with 11 U.S.C. § 506(a), taking into account the value of the collateral and any payments made to such holder prior to the Effective Date, including, without limitation, adequate protection payments.

To the extent that any pre-confirmation payments were made to compensate such holder for depreciation or diminution in the value of its collateral, such payments shall be credited in determining the amount of such holder's allowed secured claim and the treatment thereof under the Plan.

Following the Effective Date, the Debtor shall confer in good faith with each affected secured creditor to reconcile the amount of such creditor's allowed secured claim consistent with this provision. In the event the parties are unable to agree, the Debtor may seek a determination from the Court, and the Court shall retain jurisdiction to resolve any such dispute.

Any resulting adjustments to the amount of an allowed secured claim shall be reflected in the amortization and payment schedule under the Plan, and shall not constitute a modification of the Plan.

Chapter 11, Combined Chapter 11 Plan                                        R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                                        Case # 8:25-bk-10631-SC

14

**Class 3: Class of General Unsecured Claims**

Class 3 contains unsecured claims that are not entitled to priority under Code Section 507(a). Each allowed general unsecured claim ("GUC") that is not disputed, contingent, or subject to a claim objection or plan treatment stipulation will receive its pro rata share that is estimated to be 6.0 percent of its allowed claim, to be in monthly installments starting in month 6  and concluding at the end of the fifth year following the Effective Date, or upon payment in full, whichever occurs sooner.  This is a pot-plan, meaning that the distribution to the general unsecured class is subject to adjust.  The table below provides a summary of the Class 3 claimants, the amount of monthly payment, and the percentage paid during the 60-month period of the plan.  A list of disbursements to Class 3 GUCs is included in Exhibit 4.

| Description | Class 3 TREATMENT for GUCs | - |
|---|---|---|
| GUCs | Payment Interval: | Monthly |
| Total Current Amount of claims excluding contingent, unliquidated, and disputed claims: $1,606,917.94 | Payment Amount per quarter: | Quarterly payments of at least $6,000 per quarter beginning in month 15. Funds will accumulate and be held before month 15 for gross disbursement.  See the Disbursement Schedule in Exhibit 4. |
| Impaired: Yes | Interest Rate: | 0% |
| Insiders: No | Total Payout in $: | $110,000.00 |
|  | Total Payout in %: | 6.8% |

**Class 4: Lease Assumptions and Rejections**

On the Effective Date, the following executory contracts, unexpired leases, or personal guarantees of leases or contracts will be treated as obligations of the Reorganized Debtor, as follows under this Chapter 11 Plan:

| Lessor / Lessee | AMOUNT | DESCRIPTION / INTENTION / TREATMENT |
|---|---|---|
| Regus Management Group LLC | $33,033.47 | Description: Lease on commercial property located at 19800 MacArthur Boulevard, Suite 360, Irvine, CA 92612.<br><br>Intention: Assume.<br><br>Treatment: Lease arrears shall be paid in increasing monthly payments commencing in Month 1 and completing by month 6. |

On the Effective Date, any lease or unexpired executory contract that is not specifically assumed is rejected under the Plan. The order confirming this Plan shall constitute an Order approving the rejection of any other leases or contracts. If you are a party to a lease or contract to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to confirmation of the Plan.

The bar date for filing a POC based on a claim arising from the rejection of a lease or contract is thirty (30) days after entry of the order confirming the Plan. Any claim based on rejection of a contract or lease will be barred if the POC is not timely filed unless the Court later orders otherwise.

**Class 5: Interest Holders**

Debtor is an individual and is the interest holder. Its interests shall not be impaired under the Plan.

**Class 6: Disputed, Contingent, and Unliquidated Claims**

**Disallowed Claims and Interests.** A claim or interest is disallowed if it was timely objected to by the Debtor and the court made a ruling that the claim or interest is disallowed in part or entirely. Disallowed claims are not treated under the Plan.

**Disputed Claims and Interests.** A claim or interest is disputed if a ruling on allowance has yet to be made and (a) a POC or interest has been filed or deemed filed and the Debtor or a party in interest has filed an objection; or (b) a POC or interest has not been filed and the Debtor scheduled such claim or interest as disputed, contingent, unliquidated or unknown.

Creditors and interest holders in Class 6 are subject to having their debts and interests discharged under 11 U.S.C. Section 1141 without receiving any distribution under the Chapter 11 plan. The claims

Chapter 11, Combined Chapter 11 Plan                              R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                              Case # 8:25-bk-10631-SC

of Class 6 members were listed in Debtor's Schedules as disputed.  None of the members of Class 6 filed proofs of claim by the Claims Bar Date of August 5, 2025.  Accordingly, the holders of Class 6 claims do not have allowed claims in this bankruptcy proceeding and will not receive any distribution under the Plan.

| Creditor | Amount of Claim | Basis of Objection to Claim or Interest |
|---|---|---|
| ADLI Law Group | $35,578.70 | Legal Services |
| CB Charge | $35,471.99 | Charge Account |
| Enterprise Mobility | $216,697.00 | Services |
| Model 1 Commercial Vehicles | $38,344.99 | N/A |
| Motive Card | $18,204.00 | Charge Account |
| Ryan Morris | $150,000.00 | Services |
| Verizon Wireless | $71,673.09 | Utility |

Parties in Class 6 shall be enjoined from demanding, pursuing, or obtaining payment from Debtor on their alleged debt for a period of sixty-two months following the Effective Date, conditioned upon Debtor making payments as required under the terms of the Chapter 11 plan.  This injunction ensures that Debtor can perform under the terms of the Chapter 11 plan in funding sixty months of payments for the benefit of the allowed claims belonging to secured and unsecured creditors in this case, without having to defend against claims that were not filed in Debtor's bankruptcy case.

C.  Effective Date

The Effective Date of the Plan shall be the first day of the month following the entry of the order confirming the plan that is at least fifteen days after the date an order confirming Debtor's plan is entered, assuming that there has been no order staying the effectiveness of the Confirmation Order.

D.  Means of Performing and Effectuating the Plan

This section is intended to explain how Debtor intends to effectuate the Plan, and how Debtor intends to fund the obligations to holders of allowed claims as provided for under the Plan.  The section provides information regarding the funding sources for Plan obligations and other material issues bearing upon the performance of the plan.

Chapter 11, Combined Chapter 11 Plan                                      R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                          Case # 8:25-bk-10631-SC

17

### 1. Funding the Plan

Debtor will fund the Plan from the following sources: (a) projected disposable income as set forth in Exhibit 2 over the term of the Plan; (b) cash on hand on the Effective Date, in an amount estimated at $61,000.

### 2. Early Payment

Debtor is permitted to prepay any obligation under the Plan without any penalty or added costs, including, but not limited to, payment of any interest that would have accrued if the obligation had been paid under the interval terms of the Plan. When all obligations under the Plan have been paid, Debtor may apply for a discharge.

### E. Post-Confirmation Management

Debtor will continue to operate its business interests and manage the bankruptcy estate, pursuant to the terms of the Plan, as the Reorganized Debtor. *See* Section VII G for additional information.

### F. Disbursing Agent

Debtor will act as the disbursing agent for making distributions required under the Plan. The disbursing agent shall serve without bond and shall be compensated for distribution services rendered and expenses incurred pursuant to her approved employment terms with the bankruptcy estate.

Distributions shall be made by Debtor according to the confirmed Plan. The distributions to be made under the Plan shall be made by check drawn on a domestic bank or by wire transfer. The Debtor may, at its own discretion, set up electronic payments to creditors who agree to be paid electronically rather than per the proof of claim address.

Except as otherwise agreed to in writing by the Reorganized Debtor, and the affected claimant, distributions to be made to holders of allowed claims pursuant to the Plan may be delivered by regular mail, postage prepaid, to the address shown in the Debtor's schedules, as they may from time to time be amended in accordance with Bankruptcy Rule 1009, or, if a different address is stated in a proof of claim duly filed with the Court, then to such address. Checks issued by the Reorganized Debtor to pay allowed claims shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof. Any claim holder which fails to timely negotiate its check(s) shall be deemed to have forfeited such

unclaimed property. After such date, the unclaimed property held on account of such voided check, or such claim shall be revested in the Reorganized Debtor free and clear of all claims and interests.

In connection with the Plan and any instruments issued in connection therewith, the Reorganized Debtor shall comply with all applicable withholding and reporting requirements imposed by any federal, state, or local taxing authority, and all distributions under the Plan shall be subject to any such withholding or reporting requirements.

G.   Payments to Creditors

The Projected Disbursement Schedule is attached as Exhibit 4.  Based on the cash on hand on the Effective Date, a portion of the administrative claims will be paid on the Effective Date.  Monthly payments from Debtor's projected disposable income shall begin in Month 1 of the Chapter 11 Plan. Class 1 and 2 secured claims will be paid monthly, in accordance with their terms or as modified by this Plan.  Priority tax claims will be paid monthly.  The final payment disbursed by Debtor shall occur with the 60th monthly payment, or when priority tax claims, administrative expenses, and Class 3 unsecured claims have been paid under the Plan [or less should there be a termination of obligation from unprocessed payments], and all continuing secured obligations are current.

These amounts will come from a total of cash on hand on the Effective Date and Debtor's projected disposable income over the 60-month term of the Plan.

H.   Other Provisions of the Plan

1.   Procedures for Resolving Disputed Claims

A Disputed Claim is a Claim that has not been allowed or disallowed and to which either: (i) a POC has been filed or deemed filed and Debtor or another party in interest filed an objection; (ii) no POC has been filed and the Claim was not scheduled, or  Debtor scheduled the claim as disputed, contingent, unliquidated, or unknown. In this instance,  a single holder of claims listed in schedule E/F, Wexinc.com has filed a POC prior to the applicable Claims Bar Date.  However, the claim is deminimus and Debtor therefore does not anticipate filing any objection to the claim as the cost would outweigh any benefit.

After the Effective Date, the Reorganized Debtor shall be vested with the right to object to claims, except those claims that have been objected to, settled, compromised, or otherwise resolved prior to

Chapter 11, Combined Chapter 11 Plan                                   R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                           Case # 8:25-bk-10631-SC

Confirmation. After the Effective Date, the Reorganized Debtor will have the right and standing to object to any claims, whether or not such claims are listed as disputed in Exhibit 3.

As provided by 11 U.S.C. § 502(c) of the Bankruptcy Code, the Court may estimate any contingent or unliquidated disputed claim for purposes of confirmation of the Plan if impaired claims are found to exist by the Court. The Court shall retain jurisdiction over Debtor, the Reorganized Debtor, and the Bankruptcy Case (until entry of a final decree and order closing the case) to resolve such objections to claims following the confirmation of the Plan, if necessary.

Nothing contained in the Plan shall constitute a waiver or release by Debtor or the Reorganized Debtor of any rights of setoff or recoupment, or of any defense, it may have with respect to any claim.

### 2.      Adversary Proceedings

Upon entry of the Confirmation Order, the Reorganized Debtor shall be vested with the right and standing to commence any adversary proceedings under Bankruptcy Code sections 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, and 553 (collectively, "avoidance actions"), except such adversary proceedings as have been commenced and/or resolved by the debtor prior to entry of the confirmation order. The Reorganized Debtor shall be required to commence any avoidance actions or other adversary proceedings by no later than 2 years after the petition date (or, if such day falls on a weekend or holiday, the next business day thereafter). The Reorganized Debtor and Debtor shall have the right to settle or compromise any avoidance actions and other adversary proceedings pursuant to the procedure established in LBR 9013-1(g), except that notice of the proposed settlement or compromise shall be provided to the twenty largest unsecured creditors, those parties requesting special notice, the Reorganized Debtor, and the Office of the U.S. Trustee.

### 3.      Plaintiff Claims

None.

### 4.      Retention of Jurisdiction

The Court may exercise jurisdiction over proceedings concerning: (a) whether Debtor is in material default of any Plan obligation; (b) whether the time for performing any Plan obligation should be extended; (c) adversary proceedings and contested matters pending as of the Effective Date or

Chapter 11, Combined Chapter 11 Plan                           R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                      Case # 8:25-bk-10631-SC

20

specifically contemplated in the Plan to be filed I this Court; (d) whether the case should be dismissed or converted to one under Chapter 7; any objections to claims; (f) compromises of controversies under Federal Rule of Bankruptcy Procedure 9019; (g) compensation of professionals; and (h) other questions regarding the interpretation and enforcement of the Plan.

### 5.     Potential § 1111(b) Elections

Section 1111(b) permits a secured creditor to make an election under certain circumstances for allowance or disallowance of its claim the same as if it had recourse against the debtor on account of such claim, whether it has recourse.  The § 1111(b)(2) election comes into play when a secured creditor is under secured in that its claim exceeds the value of the property in which it has a lien.

If the election is made, the claim is allowed as secured to the extent it is allowed.  The election may be made at any time prior to the conclusion of the hearing on the disclosure statement.  Alternatively, if the disclosure statement is conditionally approved under Bankruptcy Rule 3017.1 and a final hearing on the disclosure statement is not held, the election must be made within the date fixed for objections to the disclosure statement under Bankruptcy Rule 3017.1(a)(2) or another date fixed by the court.

If the court does not establish a deadline for making the § 1111(b) election, a creditor may nevertheless decide to make the election in response to the filing of the Plan.

### I.   **EFFECT OF CONFIRMATION OF THE PLAN**

### 1.     Discharge

This Plan provides that the Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. Section 1141, upon Substantial Consummation of the Plan. Substantial Consummation of a plan occurs in an individual case at the end of the plan when the Debtor completes plan payments and applies for a discharge.  The rights afforded in the Plan and the treatment of all claims shall be in exchange for and in complete satisfaction and discharge with a release of all claims of any nature whatsoever arising prior to the Effective Date against the Debtor and the Estate, including any interest accrued on such claims after the Petition Date.  However, the discharge will not discharge any further liability imposed by the Plan.

Except as otherwise provided in the Plan or Confirmation Order, upon Substantial Consummation

Chapter 11, Combined Chapter 11 Plan                                   R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                          Case # 8:25-bk-10631-SC

of the Plan, the Debtor, the Estate, the Reorganized Debtor and its respective property are discharged and released hereunder to the fullest extent permitted by the Bankruptcy Code from all claims and rights against them that arose before the Effective Date, including all debts, obligations, demands, liabilities, and all debts of the kind specified in Bankruptcy Code section 502(g), 502(h), or 502(i), regardless of whether or not a proof of claim based on such debt is filed or deemed filed, regardless of whether a claim based on such debt is allowed pursuant to Bankruptcy Code Section 502, or regardless of whether the holder of a claim based on such debt has or has not accepted the plan. Any judgment underlying a claim discharged hereunder is void. All entities are precluded from asserting against the Debtor, the Estate, and the Reorganized Debtor and their respective property, any claims or rights based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.

Except as otherwise provided in the Plan or the Confirmation Order, on and after the Effective Date, all entities who have held, currently hold, or may hold a claim against the Debtor, the Estate, or the Reorganized Debtor, that is based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, that otherwise arose or occurred prior to the Effective Date, or that otherwise is discharged pursuant to the Plan, are permanently enjoined from taking any of the following actions on account of any such discharged Claim (the "Permanent Injunction"): (a) commencing or continuing in any manner any action or other proceeding against the Debtor, the Estate, the Reorganized Debtor, or their respective property, that is inconsistent with the Plan or the Confirmation Order; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor, the Estate, the Reorganized Debtor or their respective property, other than as expressly permitted under the Plan; (c) creating, perfecting, or enforcing any lien or encumbrance against property of the Debtor, the Estate or the Reorganized Debtor, other than what is expressly permitted under the Plan; and (d) commencing or continuing any action in any manner or in any place that does not comply with or may be inconsistent with the provisions of the Plan, the Confirmation Order, or the discharge provisions of Bankruptcy Code Section 1141. Any person or entity injured by any willful violation of such Permanent Injunction shall recover actual damages, including costs and attorney fees, and may recover punitive damages from the willful violator.

Chapter 11, Combined Chapter 11 Plan                                R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                          Case # 8:25-bk-10631-SC

22

### 2.   Revesting of Property in Debtor

Except as provided elsewhere in the Plan, the confirmation of the Plan revests all property of the bankruptcy estate in the Debtor or the Reorganized Debtor. From and after the Effective Date, the Debtor may operate and may use, acquire, and dispose of property, and compromise and settle any claims or causes of actions without supervision or consent of the Bankruptcy Court and is free of any questions of the Bankruptcy Court or Bankruptcy Rules of Federal Procedure.

Debtor shall have, retain, reserve and be entitled to assert all claims, causes of action, rights of setoff and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date as fully as if the Debtor's bankruptcy case had not been commenced; and all of the Debtor's legal and equitable rights respecting any such claim which is not specifically waived, extinguished, relinquished or transferred by the Plan may be asserted after the Effective Date.

### 4.   Injunctions

The Confirmation Order shall enjoin the prosecution, whether directly, derivatively, or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released or terminated pursuant to the Plan.  Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a claim or other debt or liability, or an interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan, are permanently enjoined from taking any of the following actions against Debtor, the Estate, the Reorganized Debtor, or their property on account of any such claims, debts or liabilities or terminated interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to Debtor; and (v) commencing or continuing any action in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan, including adversary proceedings in this bankruptcy case.  By accepting distribution pursuant to the Plan, each holder of an allowed claim or allowed interest receiving distributions pursuant to the Plan will be deemed to have specifically consented to the injunctions set

Chapter 11, Combined Chapter 11 Plan                         R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                      Case # 8:25-bk-10631-SC

forth in this Section.

    J.    Modification of Plan

    The Proponent may modify the Plan pursuant to 11 U.S.C. § 1127 (West 2004 & Supp. 2006). Debtor may modify the Plan pursuant to § 1127 of the Bankruptcy Code.  Debtor, with the consent of the Court, may modify the Plan at any time before confirmation.  However, the Court may require a new disclosure statement and/or re-voting on the Plan.  The Reorganized Debtor, with consent of the Court, may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.  Nothing herein should be construed to limit Debtor's rights, including to borrow or seek salary advances, seek debt forgiveness, or agree to a payment with a creditor such that all claimants receive at least their treatment under this Plan.

    K.  Quarterly Fees

    Quarterly fees accruing under 28 U.S.C. Section 1930(a)(6) to the date of confirmation shall be paid to the United States Trustee on or before the Effective Date of the plan.  Quarterly fees accruing under 28 U.S.C. Section 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. section 1930(a)(6) until entry of an interim or final decree closing the case, or entry of an order of dismissal or conversion to Chapter 7.

    L.  Post-Confirmation Conversion/Dismissal

    Except as otherwise provided herein or in the Confirmation Order, in the event that the Reorganized Debtor shall default in the performance of any of its obligations under the Plan and shall not have cured such a default within thirty (30) days after receipt of written notice of default from the creditor to whom the performance is due, then the entity or individual to whom the performance is due may pursue such remedies as are available at law or in equity.  An event of default occurring with respect to one claim shall not be any event of default with respect to any other claim.

    M.  Reorganized Employment and Compensation of Professionals

    After an order confirming the Plan is entered (the "Confirmation Date"), the Reorganized Debtor may employ, without notice, hearing, or order from the Bankruptcy Court, such attorneys, accountants,

and other professionals as it desires to render services on such terms as it deems reasonable, and the Reorganized Debtor shall be authorized to pay for such services related costs, and expenses without notice, hearing, or order from the Bankruptcy Court.

As Responsible Individual, Morris will continue to manage the Reorganized Debtor's financial affairs under the plan. Morris employment at R2 Marketing and Consulting, LLC will continue post-confirmation of the Plan.

The Reorganized Debtor shall remain in possession of its assets and shall perform all functions necessary to consummate the Plan, including the operation of Reorganized Debtor's business activities, post-confirmation. Business at R2 Marketing and Consulting, LLC will continue to operate as it did pre-petition with Ryan Morris as the principal and chief managing member.

The Reorganized Debtor's retained professionals shall be deemed employed by the Reorganized Debtor post-confirmation without the need for further order of the Court and shall be paid in the ordinary course. Any professional for the Reorganized Debtor seeking compensation and reimbursement of expenses for services rendered after entry of the Confirmation Order shall be paid as billed in the ordinary course of the Reorganized Debtor's post-petition activities. If for any reason a professional's billing remains unpaid for 21 days after service on Debtor, he/she may apply to the Court for an order directing payment.

The Reorganized Debtor shall have the exclusive right to investigate and prosecute any and all claims of the Estate, including but not limited to any Avoidance Actions, any Post-Confirmation Estate Claims, and any net recoveries shall be additional distributions to unsecured creditors. Debtor shall have exclusive authority to oversee the Disbursement of the Cash in the Disbursement Fund pursuant to the terms of the Plan. The Reorganized Debtor shall have sole and absolute discretion over whether to prosecute, settle or act with respect to any and all claims of the Estate, including but not limited to Avoidance Actions or, any Post-Confirmation Estate Claims. The Reorganized Debtor shall exercise its reasonable business judgment in determining whether to prosecute, settle or act regarding any and all claims of the Estate, including but not limited to Avoidance Actions and the Post-Confirmation Estate Claims. The Disbursing Agent may compromise or settle any all claims of the Estate, including but not

limited to Avoidance Actions and Post-Confirmation Estate Claims without further notice, hearing, or Court order.  The Reorganized Debtor shall be entitled to retain and pay counsel to prosecute, settle, investigate any objections to claims, avoidance actions or Post-Confirmation Estate Claims without further notice, hearing or Court order.  Additionally, nothing herein should be construed to exclude Reorganized Debtor's and a creditor's option to pay a creditor off early if mutually agreed upon by the creditor and the Reorganized Debtor.

## III.   **DISCLOSURE STATEMENT**

**READ THE DISCLOSURE STATEMENT CAREFULLY IF YOU WANT TO KNOW ABOUT:**

**(1) WHO CAN VOTE OR OBJECT?**

**(2) HOW IS YOUR CLAIM TREATED (i.e., what your claim will receive if the Plan is confirmed), AND HOW THE TREATMENT COMPARES TO WHAT YOUR CLAIM WOULD RECEIVE IN CHAPTER 7 LIQUIDATION.**

**(3) THE HISTORY OF DEBTOR AND SIGNIFICANT EVENTS DURING THE BANKRUPTCY.**

**(4) WHAT THINGS THE COURT WILL LOOK AT TO DECIDE WHETHER OR NOT TO CONFIRM THE PLAN.**

**(5) WHAT IS THE EFFECT OF CONFIRMATION; AND**

**(6) WHETHER THE PLAN IS FEASIBLE.**

The Disclosure Statement cannot tell you everything about your rights.  You should consider consulting with your own attorney to obtain specific advice regarding your treatment in the Plan.  Be sure to read the Plan as well as the Disclosure Statement.  If there are any inconsistencies between the Plan and the Disclosure Statement, the Plan governs.

The Code requires a Disclosure Statement to contain "adequate information" concerning the Plan. In other words, it must contain enough information to enable parties affected by the Plan to make an informed judgment about the Plan.  Any party can solicit votes for or against the Plan once the Court approves the Disclosure Statement.

Chapter 11, Combined Chapter 11 Plan                                   R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                              Case # 8:25-bk-10631-SC

Disclaimer:   Pursuant to 11 U.S.C. § 1187(c), the Court has not required approval of this Disclosure Statement.  Please read this document and the Exhibits to the Morris Declaration carefully.  It explains who may object to confirmation of the Plan, who is entitled to vote to accept or reject the Plan, and the treatment that creditors can expect to receive if the Court confirms the Plan and if it becomes effective.  The Disclosure Statement also describes the history of Debtor, the events precipitating the Case, certain events in the Case, the effect of Plan confirmation, and some of the things the Court may consider in deciding whether to confirm the Plan.  It addresses the Plan's feasibility and how your treatment under the Plan compares to the hypothetical treatment you would receive in a liquidation under chapter 7.  The statements and information contained in the Plan and Disclosure Statement, however, do not constitute financial or legal advice.  You should consult your own advisors about the impact of the Plan on your claims.

You may not rely on the Plan and Disclosure Statement for any purpose other than to determine whether to vote to accept or reject the Plan.  The statements and information set forth in the document constitute the only statements and information that the Court approved for soliciting votes to accept or reject the Plan.  Therefore, no statements or information inconsistent with anything contained in the Disclosure Statement are authorized unless otherwise ordered by the Court.  Nothing contained in the Plan or Disclosure Statement constitutes an admission of any fact or liability or may be deemed to constitute evidence of the tax or other legal effects that the reorganization set forth in the Plan may have on entities holding Claims.

## CONFIRMATION REQUIREMENTS AND PROCEDURES

A. Chapter 11 Requirements

The Plan will not be binding or operative unless it is confirmed by the Court after notice and a hearing. Section 1129 of the Bankruptcy Code sets forth the specific requirements for confirmation. Several of those involve the classification of Claims and Interests.[6]

---

[6] The Debtor believes that the Plan meets the classification requirements of the Bankruptcy code, which mandates that all Claims comprising a Class be "substantially similar." Disputes regarding the proper classification of Claims not specifically

Chapter 11, Combined Chapter 11 Plan                                    R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                          Case # 8:25-bk-10631-SC

27

All Creditors and Interest-holders are asked to vote to accept or reject the Plan. The Court will examine whether each Class has accepted the Plan by the requisite majority. If all Classes vote to accept the Plan, the Plan will be confirmed if the Court determines the Plan meets certain legal requirements. See, generally, Bankruptcy Code Section 1129(a). If at least one Class of Creditors, but fewer than all Classes, has voted to accept the Plan without considering the vote of any insiders, the Debtor will seek confirmation of the Plan pursuant to the "cram down" provisions of Bankruptcy Code Section 1129(b). The Debtor reserves the right to assert that the Plan, as drafted, meets the requirements of Section 1129(b) and to modify the Plan prior to confirmation.

Under such circumstances, the Court must also find that each Creditor and each Interest-holder that rejected the Plan will receive at least as much under the Plan as it would in a liquidation case under Chapter 7 of the Bankruptcy Code.  (These matters are explained in greater detail below.)

Persons or entities concerned with confirmation of the Plan should consult with their own attorneys because the law on confirming a plan of reorganization is very complex.  The following discussion is intended solely for alerting readers about basic confirmation issues, which they may wish to consider, as well as certain deadlines for filing claims.  Debtor cannot and does not represent that the discussion contained within is a complete summary of law on the topic.

The Plan proposes that Debtor will use its projected disposable income over a 60-month period to fund the plan. *See* Exhibit 2.

Section 1129(a)(7)(A)(ii) also requires that a plan provide payments to unsecured creditors that are at least equal to what such creditors would receive in a chapter 7 liquidation.  As set forth in more detail in section V below, and in the Liquidation Analysis attached as Exhibit 8, the liquidation value of Debtor's non-exempt assets, after deducting costs of sale, capital gains taxes and chapter 7 administrative

classified in the Plan will be resolved pursuant to the procedures established by the Bankruptcy code, the Federal Rules of Bankruptcy Procedure and other applicable law, the Court and the Plan. Such resolution shall not be a condition precedent to confirmation or consummation of the Plan. For example, although one class is comprised of a specifically named Creditor, others are defined generally. It is not a condition precedent to confirmation or consummation of the Plan that a determination be made as to whether a specific Creditor is or is not a member of any particular Class of Claims. You may have the opportunity to request such a determination at various points in the confirmation process.

Chapter 11, Combined Chapter 11 Plan                    R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement              Case # 8:25-bk-10631-SC

expenses, is not more than $0.00.

In total, in addition to making regular monthly payments to secured creditors, Debtor proposes to provide approximately $3,526,276.88 to fund the Plan (including an estimated $58,000 in cash on hand on the Effective Date and 60 months of its net disposable income, thus protecting the assets of the bankruptcy estate.  Because the funds available to pay creditors exceed the liquidation value of its non-exempt assets, Debtor believes that the Plan meets all the requirements under §§ 1129(a)(7)(A)(ii).

B.  Voting

1.     Who May Vote or Object to Confirmation of the Plan

Any party in interest may object to the confirmation of the Plan, but as explained below not everyone is entitled to vote to accept or reject the Plan.

2.     Who May Vote to Accept/Reject the Plan

A creditor or interest holder has a right to vote for or against the Plan if that creditor or interest holder has a claim that is both (1) allowed or allowed for voting purposes and (2) classified in an impaired class.    At this time, the Court has not ordered re-solicitation of votes for consideration of the Amended Plan.

a.     *What Is an Allowed Claim?*

A claim is deemed allowed if (1) it is scheduled on Debtor's schedules and such claim is not scheduled as disputed, contingent, or unliquidated, and (2) no party in interest has objected to the claim. An interest is deemed allowed if it is scheduled and no party in interest has objected to the interest.

b.     *What Is an Impaired Claim/Interest?*

A claim is impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.  For example, a class comprised of general unsecured claims is impaired if the Plan fails to pay the members of that class 100% of their claim, plus interest.  In this case, as is set forth in the following table, Debtor provides that Classes 2, 3, and 4 are impaired and that holders of claims in these classes may vote to accept or reject the Plan.  Parties who dispute Debtor's characterization of their claim or interest as impaired may file an objection to the Plan.

Chapter 11, Combined Chapter 11 Plan
of Reorganization and Disclosure Statement

R2 Marketing and Consulting, LLC
Case # 8:25-bk-10631-SC

| Class | Impairment | Creditor and Proof of Claim #  ("POC") [7] | Class Voting Right |
|---|---|---|---|
| **Unclassified** | Yes | Unsecured Priority Tax Claims of Governmental Entities | Yes |
| **1** | - | - | - |
| **2-A** | Yes | US Small Business Administration POC #25 | Yes |
| **2-B** | Yes | Santander Consumer USA Inc. POC #15 | Yes |
| **2-C** | Yes | Santander Consumer USA Inc. POC #9 | Yes |
| **2-G** | Yes | Santander Consumer USA Inc. POC #5 | Yes |
| **2-G** | Yes | Santander Consumer USA Inc. POC #7 | Yes |
| **2-G** | Yes | Santander Consumer USA Inc. POC #17 | Yes |
| **2-H** | Yes | Santander Consumer USA Inc. POC #18 | Yes |
| **2-I** | Yes | Ally Bank POC #34 | Yes |
| **2-J** | Yes | American National Bank POC #11 | Yes |
| **2-J** | Yes | American National Bank POC #12 | Yes |
| **2-K** | Yes | Ally Bank POC #30 | Yes |
| **2-L** | Yes | American National Bank POC #10 | Yes |
| **2-M** | Yes | American National Bank POC #13 | Yes |
| **2-M** | Yes | American National Bank POC #14 | Yes |
| **2-N** | Yes | Ally Bank POC #33 | Yes |
| **2-O** | Yes | Ally Bank POC #31 | Yes |
| **2-P** | Yes | Ally Bank POC #32 | Yes |
| **2-Q** | Yes | Santander Consumer USA Inc. POC #6 | Yes |
| **2-R** | Yes | Santander Consumer USA Inc. POC #16 | Yes |
| **2-V** | Yes | The Huntington National Bank POC #4 | Yes |
| **3** | Yes | General Unsecured | Yes |
| **4** | Yes | Lease Assumptions: Regus Capital Management POC #39 | Yes |
| **5** | - | Interest Holder | - |
| **6** | Yes | Disputed, Contingent, and Unliquidated Claims | No |

---

[7] American National Bank's POC #19 thru 23 ("Claims 19-23") were previously identified in Debtor's original plan as Class 2-C, 2-D, and 2-E respectively. However, on their face, Claims 19-23 are out-of-date duplicates of POC #10 thru 14 ("Claims 10-14"). While filed later, Claims 19-23 were signed by creditor earlier than Claims 10-14 which were signed by creditor's counsel of record. Claims 19-23 generally put forth less favorable terms. Also, Debtor has surrendered the collateral of CIT Bank (formerly Class 2-U, POC #3), Ford Motor Credit Company (formerly Classes 2-S and 2-T, POC #'s 24, and 28), and Ally Bank (formerly Class 2-F, POC #29) and those creditors no longer have secured proof of claims. Ally Bank has filed an amended POC #29 for its general unsecured deficiency claim.

Chapter 11, Combined Chapter 11 Plan                                    R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                          Case # 8:25-bk-10631-SC

30

### 3.     Who Is Not Entitled to Vote

The following four types of claims are not entitled to vote: (1) claims that have been disallowed; (2) claims in unimpaired classes; (3) claims entitled to priority pursuant to Code sections 507(a)(1), (a)(2), and (a)(8); and (4) claims in classes that do not receive or retain any value under the Plan. Claims in unimpaired classes are not entitled to vote because such classes are deemed to have accepted the Plan. Claims entitled to priority pursuant to Code sections 507(a)(1), (a)(2), and (a)(8) are not entitled to vote because such claims are not placed in classes, and they are required to receive certain treatment specified by the Code. Claims in classes that do not receive or retain any value under the Plan do not vote because such classes are deemed to reject the Plan.

A creditor or interest holder may have an allowed claim or interest even if a proof of claim or interest was not timely filed.

### 4.     Who Can Vote in More Than One Class

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim is entitled to accept or reject a Plan in both capacities by casting one ballot for the secured part of the claim and another ballot for the unsecured claim.

### 5.     Votes Necessary for a Class to Accept the Plan

The Court cannot confirm the Plan unless (1) at least one impaired class accepts the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "craw down" on non-accepting classes.

If the claims (or interests) in a class are impaired, the debtor needs to rely on §1129(a)(8)(A) and solicit votes of the class members. The plan can be confirmed with respect to a voting class with a majority in number and two-thirds in amount. The numbers are of those voting (not "of all creditors"). So, if there are fifty creditors in a class and only ten cast ballots, the majority requirement is met with six ballots in favor of the Plan. For the dollar amount requirement, the requirement is met based not on total claims in the class but on an analysis of the ballots returned. For example, if claims total $1 million and only claims aggregating $50,000 return ballots, then you have two-thirds in amount if you get the votes of claims aggregating $34,000. *See* 11 USC §1126.

Chapter 11, Combined Chapter 11 Plan                    R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                    Case # 8:25-bk-10631-SC

C. Treatment of Non-Accepting Classes

The Court may confirm the Plan if the non-accepting classes are treated in the manner required by the Code. If the Debtor does not achieve an accepting class from all possible voting classes, the Debtor will ask the Court to confirm the Plan by cram down on the impaired class or classes so long as a single class votes in favor of the Plan.

The Code allows the Plan to be "crammed down" on non-accepting classes of claims or interests if it meets all the consensual requirements except the voting requirements of Section 1129(a)(8) and if the Plan does not "discriminate unfairly" and is "fair and equitable" toward each impaired class that has not voted to accept the Plan as referred to in 11 U.S.C. Section 1129(b).

D. Revocation of Plan/No Admissions.

Debtor reserves the right to revoke or withdraw the Plan prior to the confirmation hearing date. Notwithstanding anything to the contrary in the Plan, if the Plan is not confirmed or the Effective Date does not occur, the Plan will be null and void, and nothing contained in the Plan will be deemed an admission by Debtor with respect to any matter set forth in the Plan, constitute a waiver, acknowledgement, or release of any claims against Debtor, or prejudice in any manner the rights of any party in any further proceedings.  Even if the plan is not confirmed, nothing shall be construed as an admission of liability.

E. Description and History of Debtor and Its Business Interests

Debtor has no interests in other business entities.

1.    Significant Events Leading to the Bankruptcy

In March 2024 Debtor lost a large contract with Modivicare. Around the same time, Debtor lost one of the locations in its contract with AltaMed. The combination decreased Debtor's business and caused substantial hardship, reducing Debtor's overall income. For a time, Debtor only had two contracts, which did not provide sufficient income to meet its monthly expenses. To meet its weekly payroll and other operating obligations, Debtor entered several Merchant Cash Advance Agreements ("MCAs"), which led to filing the prior bankruptcy case, as well as this one. Debtor's initial bankruptcy case was dismissed. Debtor filed this bankruptcy case on March 12, 2025. The OSC re dismissal was discharged

Chapter 11, Combined Chapter 11 Plan                                   R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                           Case # 8:25-bk-10631-SC

32

after Debtor filed a pleading that explained the circumstances.

After the prior case was dismissed, Spartan Business Funding, LLC ("Spartan"), an MCA, levied Debtor's funds. Another MCA contacted Debtor's main provider and caused the provider to put a hold on over $70,000.00. The funds have since been released back to Debtor, but the daily withdrawals impeded Debtor's ability to operate effectively, even after Debtor obtained a new contract that provides a steady stream of income.

### 2.    Current and Historical Financial Condition

The main source of revenue for Debtor is at least three contracts for services as a NEMT provider.

### F.    Claims Bar Date

The general bar date for creditors of Debtor to file proofs of claim was August 5, 2025, with the exceptions set forth in Form F3003-1.NOTICE.BARDATE.  With respect to governmental units, the claims bar deadline is September 8, 2025.  Forty proofs of claim were timely filed.

A claim is deemed allowed if (1) it is scheduled on a debtor's schedules and such claim is not scheduled as disputed, contingent, or unliquidated, and (2) no party in interest has objected to the claim. An interest is deemed allowed if it is scheduled and no party in interest has objected to the interest.  Under 11 U.S.C.  Section 1111(a), those claims or interests that were scheduled as disputed, contingent, or unliquidated by Debtor in its petition and schedules are treated as unfiled claims unless the creditor filed a proof of claim in the case on or before the claims bar date.

### G.    Actual and Projected Recovery of Preferential or Fraudulent Transfers

Debtor is not aware of any preferential or fraudulent transfers.

### H.    Employment of Professionals

Debtor employed DiMarco Warshaw, APLC, as counsel for Debtor in Possession.  Debtor also employed the CPA firm of Penny Fox to assist with case administration.

No other professional has been employed or is now anticipated to be employed by the bankruptcy estate.

Debtor may retain a tax professional post-confirmation to prepare tax returns on behalf of the bankruptcy estate, which would be a direct payment by the Reorganized Debtor as explained in this

Chapter 11, Combined Chapter 11 Plan                                    R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                                  Case # 8:25-bk-10631-SC

33

document for post-confirmation engagement of professionals.

     I.   <u>Liquidation Analysis</u>

     To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such creditors and equity interest holders would receive in a chapter 7 liquidation.  Debtor's Liquidation Analysis is attached as <u>Exhibit 8</u> and sets forth estimated recovery values for each class of claims and interests upon distribution of assets under a hypothetical chapter 7 liquidation.

     The liquidation analysis demonstrates that, in a chapter 7 liquidation, secured claims would be not be paid in full in accordance with their terms as the majority of all major collateral is overencumbered.  Further, absent revision by the IRS and FTB, priority tax claims far exceed any cash or assets available to Debtor and as a result, allowed unsecured claimants would receive $0.

     Therefore, the Plan meets the requirement of the Bankruptcy Code by paying GUCs more than what they would receive in a hypothetical chapter 7 liquidation if the assets were liquidated in Chapter 7.  Here, the GUC's are proposed to receive $110,000, an estimated 6.8% dividend.

     Debtor's Liquidation Analysis was prepared by Debtor and his professionals for the sole purpose of generating a good faith estimate of the proceeds that would be generated if Debtor's assets were liquidated in accordance with chapter 7 of the Bankruptcy Code.  The Liquidation Analysis is not intended and should not be used for any other purpose.  Neither Debtor nor its advisors make any representation or warranty that the actual results would or would not approximate the estimates and assumptions reflected in the liquidation analysis.

     Under the "best interests of creditors" test set forth in section 1129(a)(7) of the Bankruptcy Code, the Bankruptcy Court may not confirm a plan of reorganization unless the plan provides each holder of an allowed claim or interest that does not otherwise vote in favor of the plan with property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if Debtor were liquidated under chapter 7 of the Bankruptcy Code.  In Chapter 7, a trustee (the "Chapter 7 Trustee") is appointed to manage a debtor's affairs and conduct a liquidation.  This Liquidation Analysis assumes Debtor would be forced to liquidate and would do so on an expedited, but orderly basis

Chapter 11, Combined Chapter 11 Plan          R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement          Case # 8:25-bk-10631-SC

34

under the supervision of a Chapter 7 Trustee.  Debtor would be forced to cease all operations and use its cash position to liquidate its assets and pay claims in the order of their priority.

Debtor's assets are listed in Debtor's originally filed Schedules A/B.  The assets, values, and encumbrances are illustrated in Exhibit 8.  As set forth in Exhibit 8, the net proceeds from such a hypothetical liquidation of the assets, after costs of sale and payment of secured claims, are estimated to be $0.  After payment of administrative claims and costs of a chapter 7 administration, the net amount available for unsecured creditors would be an estimated $0.

J.    The Absolute Priority Rule and its Impact on the Case: 11 U.S.C. 1129(b)(2)(B)(ii)

The absolute priority rule requires that all unsecured creditors be paid in full before equity security holders can retain any ownership interest in the debtor. *See Liberty Nat'l Enters. V. Ambank La Mesa Ltd. P'ship (In re Ambanc La Mesa Ltd. P'ship)*, 115 F.3d 650, 654 (9th Cir. 1997); *In re Bonner Mall P'ship*, 2 F.3d 899, 906-07 (9th Cir. 1993). The Absolute Priority Rule is incorporated in § 1129(b)(2)(B) of the Bankruptcy Code, which requires that: "… (i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the Effective Date of the plan, equal to the allowed amount of such claim; or (ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property."

As a threshold matter, the Debtor is balance-sheet insolvent and equity is out of the money. The Debtor's secured indebtedness, including the obligation to the Small Business Administration, exceeds the value of the Debtor's assets and will continue to do so even upon completion of the Plan. Accordingly, no holder of an equity interest is receiving or retaining any property of value under the Plan on account of such interest.

The Plan is funded exclusively from the Debtor's post-petition operations and projected disposable income. All value generated by the Debtor is committed to creditor repayment under the Plan. The Debtor is not retaining any non-exempt or realizable value that would otherwise be available for distribution to creditors in a liquidation.

Because unsecured creditors are receiving all economic value available under the Plan, and equity

Chapter 11, Combined Chapter 11 Plan                                  R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                                Case # 8:25-bk-10631-SC

is not receiving or retaining any property of value on account of its interests, the Plan complies with 11 U.S.C. § 1129(b)(2)(B)(ii).

K. Feasibility

The Bankruptcy Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of Debtor or any successor to Debtor, unless such liquidation or reorganization is proposed in the Plan.

Debtor will make the Plan Payments, as set forth in Exhibit 4, monthly to creditors. Debtor expects that it will have projected disposable income sufficient to make each of the Plan Payments required to be made on each of the proposed payment dates by using its income along with cash reserves. Cash on hand in Debtor's bank account expected thru the end of August is approximately $61,000. *See* Morris Declaration.

As indicated in Exhibit 2, Debtor's projected net cash flow exceeds $48,000 per month. The first month of disbursement in Exhibit 4 following the Effective Date of the Plan will require total plan payments of over $59,686.91 due primarily to accumulated administrative expenses. Subsequent months will require payments on average of approximately $74,910.45 on average.

The first month is expected to receive funding from cash on hand. Afterwards, each following month may be funded from regular monthly net profits. Further, certain operational expenses will shift from the general operations budget to the Plan administration. Therefore, the Plan remains feasible so long as Debtor has available cash to cover each monthly payment in the event net profits fluctuate.

//

//

//

Chapter 11, Combined Chapter 11 Plan                                    R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                              Case # 8:25-bk-10631-SC

Debtor anticipates on the projected Effective Date the following amounts will need to be paid:

| **Estimated Amount of Available Cash on hand on Effective Date** | **Source** |
| --- | --- |
| $61,000 | Estimated DIP account balance as of July 31, 2025. |
| **Disbursement Recipient** | **Disbursement Amount** |
| Penny Fox | $60,000.00 |
| DiMarco Warshaw, APLC | $90,000.00 |
| **Total Remaining After Effective Date Payments** | $150,000.00 (or more) remaining after Effective Date payments. |

In order to establish that a proposed plan is feasible, a debtor must also show that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 USC § 1129(a)(11).

The Projected Income and Expenses of Debtor that accompanied the Original Plan is attached as Exhibit 2. A Projected Schedule of Disbursements is attached as Exhibit 4.

The Debtor's revenue is derived primarily from non-emergency medical transportation ("NEMT") services provided pursuant to contractual arrangements with third-party transportation brokers administering Medicaid-funded programs. These arrangements involve recurring ride volumes tied to ongoing patient care needs.

Due to the administrative structure of such programs, there is an inherent delay between the time transportation services are rendered and when payment is received and/or fully processed. Payments are subject to verification, approval, and batching procedures by the applicable broker or payor. As a result, reimbursement for services rendered in a given period may be received or reflected in subsequent reporting periods. These timing differences may commonly range from approximately 30 to 60 days, and in some instances may extend beyond that range depending on processing and reconciliation requirements.

This Amended Plan is being filed during a period that already exceeds the projection period

provided in <u>Exhibit 2</u>.  Accordingly, the Debtor's Monthly Operating Reports ("MORs") may not fully reflect contemporaneous service volume for any single reporting period. The financial projections attached as Exhibit 2 reflect normalized operations and assume stabilized payment cycles consistent with historical experience in the industry.  For the period covered in Exhibit 2, the November and December 2025 MORs reflect increased transaction volume and operational activity relative to September 2025, consistent with the Debtor's transition from early-period volatility toward stabilized operations. To the extent reported revenues do not fully reflect this trend, such variance is attributable in part to delayed reimbursement cycles inherent in the Debtor's industry.  See ECF No.'s 298, 344, 346, and 374.As part of the Plan, Debtor will continue to operate and generate income.  Over the course of the Plan, Debtor will use its projected disposable income to fund the Plan, along with accumulated cash. *See* <u>Exhibit 2</u>.

Debtor will make the Plan Payments, as set forth in <u>Exhibit 4</u>, to creditors, on a monthly or quarterly basis, depending on claim classification.

The Plan uses all available projected disposable income, plus the liquidation of personal property, and refinancing or sale of real property, to meet plan payment requirements.  The projections, in combination with the Disbursement Schedule set forth in <u>Exhibit 4</u>, demonstrate that the Plan is feasible and that the funds necessary to make the Plan Payments required under the Plan will be available.

L.  <u>Tax Consequences of Plan</u>

Creditors and interest holders concerned with how the plan may affect their tax liability should consult with their own accountants, attorneys, and/or advisors.  The following disclosure of tax consequences is intended solely to alert readers about tax issues the Plan may present to Debtor in the case.

Pursuant to 26 U.S.C.  §108, amounts that are discharged in bankruptcy are not considered taxable income to the debtor.

Debtor makes no representations regarding the potential tax consequences to creditors and claimants in this bankruptcy case.  Debtor cannot and does not represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies complicated rules that make it difficult to discuss all the possible tax implications.  With that being said, the Plan does

Chapter 11, Combined Chapter 11 Plan                                      R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                               Case # 8:25-bk-10631-SC

not liquidate real property, abandon real or personal property, or otherwise dispose of property of the estate that triggers tax liability. There is no anticipated capital gain or net investment tax. Debtor does not anticipate that confirmation of the Plan will have a significant or material effect on either the principal's tax liability or that of the bankruptcy estate, other than as may result from the sale of real or personal property. The tax consequences of such a sale are set forth in the Liquidation Analysis in Exhibit 8.

M. Risk Factors

The Combined Plan and Disclosure Statement contain certain forward-looking statements and assumptions. These forward-looking statements are subject to known and unknown risks and factors. Uncertainties and other factors may cause results, performance, or achievements to be materially different from those expressed or implied by the forward-looking statements.

Factors that could cause actual results to differ materially from these forward-looking statements include, but are not limited to, the following general factors, such as: (i) there can be no assurance that Debtor's business activities will produce the gross revenue projected, (ii) there can be no assurance that the actual monthly income will continue at the amounts stated, (iii) the Plan may fail if the restaurant fails or its operations fail to provide the necessary income to Debtor; (iv) Debtor may be unable to confirm and consummate the Chapter 11 plan of reorganization, (v) the risks associated with operating businesses under Chapter 11 protection, (vi) Debtor may be unable to implement and fund new business strategies based on current liquidity, (vii) Debtor's substantial debt and debt service requirements may restrict Debtor's operational and financial flexibility, (viii) there may be future litigation proceedings currently unknown to Debtor that could materially and adversely impact Debtor and its business, (vix) competitiveness of Debtor's business industries, (x) general economic conditions including the current economic downturn that are unforeseeable or impossible to predict both the length and depth of the impact on Debtor, (xi) the risk that the future disposable earnings of Debtor are less than anticipated, including the risk that business growth doesn't occur as projected, and therefore the net disposable monthly income may be insufficient to service the monthly payments to creditors, and (xii) licensing, insurance, or regulatory risks and uncertainties could affect Debtor's business revenue.

Chapter 11, Combined Chapter 11 Plan
of Reorganization and Disclosure Statement

R2 Marketing and Consulting, LLC
Case # 8:25-bk-10631-SC

N.  <u>Post-Confirmation Status Report</u>

Within 180 days of the entry of the order confirming the Plan, Plan Proponents shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served upon all CM/ECF parties who requested notice.  No mailed copies will be sent absent specific requests on the docket by a creditor or claimant.  Further status reports shall be filed every 180 days.  The requirement will be waived or mooted if the case is closed on an interim or final basis.

*//*

*//*

*//*

Chapter 11, Combined Chapter 11 Plan                    R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                    Case # 8:25-bk-10631-SC

40

O. Final Decree

Once the Plan has been substantially consummated, the Debtor may file a motion with the Court for an interim or final order or decree to close the case. Once the Debtor fulfills her obligations under the Plan, she may then file a motion to reopen the case and seek entry of a discharge order.

Dated: March 18, 2026

Respectfully Submitted,

DIMARCO WARSHAW, APLC

/s/ Andy C. Warshaw
Andy C. Warshaw, Esq.
Attorneys for Debtor in Possession

Date: 3|18|2026

Ryan Morris, Responsible Individual for
R2 Marketing and Consulting, LLC,
Debtor in Possession

Chapter 11, Combined Chapter 11 Plan                    R2 Marketing and Consulting, LLC
of Reorganization and Disclosure Statement                    Case # 8:25-bk-10631-SC

41

# EXHIBIT 1
## Declaration of Ryan Morris

**DiMarco Warshaw, APLC**
PO Box 704
San Clemente, CA 92674
Andy C. Warshaw SBN 263880
Jay K. Chien SBN 251343
Direct Phone: (949) 345-1455
Facsimile: (949) 417-9412
Email: andy@dimarcowarshaw.com

Attorneys for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re | Case No.  8:25-bk-10631-SC |
| R2 Marketing and Consulting, LLC, | Chapter 11 |
| Debtor and Debtor-in-Possession. | **DECLARATION OF RYAN MORRIS SUPPORTING DEBTOR'S FIRST AMENDED COMBINED CHAPTER 11 PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT** |
| | **Plan Confirmation Hearing** <br> Date: April 8, 2026 <br> Time: 1:30 p.m. <br> Place: 5C <br> 411 West Fourth Street <br> Santa Ana, CA 92701 |

I, Ryan Morris, do hereby declare and say as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. I am the owner of debtor R2 Marketing and Consulting, LLC ("Debtor") and I am authorized to speak on its behalf. I am one of the custodians of the books, records and files of the Debtor that pertain to loans, extensions of credit, and the Debtor's financials. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Debtor on behalf of Debtor, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Debtor's

business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Debtor by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. Except when based on information and belief, I make this declaration based on facts within my personal knowledge and if called as a witness, could and would testify thereto.

3. I founded R2 Marketing and Consulting, LLC in 2016. Debtor provides services as a non-emergency medical transportation ("NEMT") company.

4. I reviewed and worked with Debtor's Counsel to help provide information in preparing DEBTOR'S FIRST AMENDED COMBINED CHAPTER 11 PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT *(*"Amended Plan"*)* that this declaration supports.

5. Although I cannot attest to legal concepts, I can attest that the factual representations made in the Plan are correct.

6. The Plan exhibits are as follows:

| Exhibit Number | Description |
| --- | --- |
| 1 | Declaration of Ryan Morris |
| 2 | Projected Income and Expenses |
| 3 | Claims Against the Bankruptcy Estate |
| 4 | Projected Disbursement Schedule |
| 5 | Original Chapter 11 Ballot |
| 6 | Order Continuing Hearing on Plan Confirmation and Status Conference |
| 7 | Definitions |
| 8 | Liquidation Analysis |

7. I worked with Debtor's Counsel to provide accurate asset information for "The Liquidation Analysis". I understand and believe that there would be nothing available for general unsecured creditors if this case were instead a Chapter 7.

8. On Debtor's schedule A/B, I valued all its business assets and prepetition cash at $911,835. *See* page 13 of ECF No. 9. Its business assets consist mostly of a fleet of passenger vans adapted for the safe transportation of individuals to all types of medical appointments. In the event of liquidation, prepetition cash on hand would be insufficient to cover my current outstanding vehicle loans,

administrative expenses of the estate, and remaining payroll.  Liquidation would also require breach of my commercial lease, vehicle loan obligations, and my security deposit would likely be forfeit. Finally, any outstanding accounts receivable would likely become uncollectible.  My remaining business assets would be worth no more than $8,995.42 based on their scheduled values.

9. My primary and sole secured creditor is the U.S. Small Business Administration which holds a $522,970.37 secured claim.  As this far exceeds Debtor's business assets, I submit there would be nothing available for general unsecured creditors if this case were instead a Chapter 7.

**10.** Exhibit 2 of the Plan is a projection of cash flow and expenses from at least approximately September 2025 to December 2025 before any increase in revenue. Alongside Monthly Operating Reports, this would demonstrate that as a going concern Debtor is capable of generating steady revenue.

11. Cash on hand in Debtor's bank account is expected thru March to be at least $58,485.08.

12.  Exhibit 3 is a listing of claims of the bankruptcy estate. The bankruptcy schedules and filed claims are reconciled to ensure that all claims of the bankruptcy estate are included.

13. Exhibit 4 of the Plan is the proposed disbursement schedule.  Debtor can afford monthly and and quarterly expenses and pay according to the disbursement schedule.

14. Exhibit 5 is a copy of the original Chapter 11 Ballot. Currently no scheduling order has been issued with respect to the First Amended Plan.

15. Exhibit 6 is a copy of the Court's Order Continuing Hearing on Plan Confirmation and Status Conference filed at ECF No. 388.

16. Exhibit 7 is a guide to common definitions and terminology used in the Plan and accompanying documents.

17. Exhibit 8 is a Liquidation Analysis prepared with the aid of R2 Marketing and Consulting, LLC's counsel.

//

//

//

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __17__ day of March 2026 in Orange County, California.

Ryan Morris
Responsible Individual for
R2 Marketing and Consulting, LLC,
Debtor in Possession

4

# EXHIBIT 2
# Projected Income and Expenses

R2 Marketing & Consulting, LLC

4-Month Cash Flow Projection

September 1, 2025 - December 31, 2025

| | September | October | November | December | Total |
|---|---|---|---|---|---|
| REVENUE | $  350,000 | $  350,000 | $  350,000 | $  350,000 | $  1,400,000 |
| | | | | | |
| COST OF SALES | | | | | |
| Contract Labor | 122,500 | 122,500 | 122,500 | 122,500 | 490,000 |
| Salaries & Wages | 12,000 | 12,000 | 12,000 | 12,000 | 48,000 |
| Payroll Taxes | 1,200 | 1,200 | 1,200 | 1,200 | 4,800 |
| Employee Benefits | 3,500 | 3,500 | 3,500 | 3,500 | 14,000 |
| Vehicle Fuel | 31,500 | 31,500 | 31,500 | 31,500 | 126,000 |
| Vehicle Rental | 500 | 500 | 500 | 500 | 2,000 |
| Vehicle Payments | 40,000 | 40,000 | 40,000 | 40,000 | 160,000 |
| Vehicle Repairs & Maintenance | 15,000 | 15,000 | 15,000 | 15,000 | 60,000 |
| Parking & Tolls | 3,500 | 3,500 | 3,500 | 3,500 | 14,000 |
| | 229,700 | 229,700 | 229,700 | 229,700 | 918,800 |
| | | | | | |
| GROSS PROFIT | 120,300 | 120,300 | 120,300 | 120,300 | 481,200 |
| | | | | | |
| EXPENSES | | | | | |
| Accounting | 18,000 | 18,000 | 9,000 | - | 45,000 |
| Advertising & marketing | 2,300 | 2,300 | 2,300 | 2,300 | 9,200 |
| Bank charges | 1,500 | 1,500 | 1,500 | 1,500 | 6,000 |
| Insurance | 4,200 | 4,200 | 4,200 | 4,200 | 16,800 |
| Interest on SBA loan | 2,515 | 2,515 | 2,515 | 2,515 | 10,060 |
| Legal | 30,000 | 30,000 | 30,000 | - | 90,000 |
| Payroll Processing Fees | 1,400 | 1,400 | 1,400 | 1,400 | 5,600 |
| Rent | 4,700 | 4,700 | 4,700 | 4,700 | 18,800 |
| Software | 5,600 | 5,600 | 5,600 | 5,600 | 22,400 |
| Supplies | 1,500 | 1,500 | 1,500 | 1,500 | 6,000 |
| Travel | 500 | 500 | 500 | 500 | 2,000 |
| Total Expenses | 72,215 | 72,215 | 63,215 | 24,215 | 186,860 |
| | | | | | |
| Net Cash Flow From Operations | $  48,085 | $  48,085 | $  57,085 | $  96,085 | $  294,340 |

# EXHIBIT 3
# Claims Against the Bankruptcy Estate

**Exhibit 3 - Claims of the Estate**

Bold = Per Filed Claim or Agreement with Creditor
Italic = Debtor's Estimated value

**FILED PROOF OF CLAIMS**

| Claimant | Claim No. | Creditor Short Name | Date POC Filed | Allowed Claim | General Unsecured | % of General Unsecured | General Unsecured If Crammed Down | % of General Unsecured If Crammed Down | Priority Unsecured | Secured | Interest Rate Per POC or Statute | Dispute Collateral or Priority Value (up to value of claim) | Class | Collateral Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JPMorgan Chase Bank, N.A. | 37 | Chase 37 | 6/5/2025 | $6,265.82 | $6,265.82 | 0.6% | $6,265.82 | 0.4% | $0.00 | $0.00 | 0.00% | $0.00 | 3 | None |
| Netradyne Inc. | 38 | ND 38 | 7/1/2025 | $33,937.40 | $33,937.40 | 3.4% | $33,937.40 | 2.1% | $0.00 | $0.00 | 0.00% | $0.00 | 3 | None |
| Santander Consumer USA Inc. | 8 | SCU 8 | 4/9/2025 | $22,633.21 | $22,633.21 | 2.3% | $22,633.21 | 1.4% | $0.00 | $0.00 | 0.00% | $0.00 | 3 | None |
| U.S. Small Business Administration | 26 | SBA 26 | 4/23/2025 | $36,080.90 | $36,080.90 | 3.6% | $36,080.90 | 2.2% | $0.00 | $0.00 | 0.00% | $0.00 | 3 | None |
| UnitedHealthcare Insurance Company | 1 | UHC 1 | 3/21/2025 | $25,761.33 | $25,761.33 | 2.6% | $25,761.33 | 1.6% | $0.00 | $0.00 | 0.00% | $0.00 | 3 | None |
| Wexinc.com | 27 | Wex 27 | 4/24/2025 | $19,248.34 | $19,248.34 | 1.9% | $19,248.34 | 1.2% | $0.00 | $0.00 | 0.00% | $0.00 | 3 | None |
| InstaFunding LLC | 36 | IF 36 | 5/30/2025 | $427,592.50 | $0.00 | 0.0% | $427,592.50 | 26.6% | $0.00 | $427,592.50 | 0.00% | *$0.00* | 3 | Recorded UCC-1 on debtor assets |
| Regus Management Group LLC | 39 | Regus 39 | 8/5/2025 | $116,478.46 | $116,478.46 | 11.6% | $83,444.99 | 5.2% | $0.00 | $0.00 | 0.00% | **$33,033.47** | 4 | Creditor appears to have filed a single combined claim for two different commercial lease spaces, the MacArthur and Technology offices respectively. Relief granted against the Technology office but claim was not amended. $33,033.47 appears to be the amount allocated towards the MacArthur office and constitutes an administrative claim. The remaining $83,444.99 constitutes a GUC. Debtor intends to either obtain an amended claim from the creditor or file a claim objection. |
| U.S. Small Business Administration | 25 | SBA 25 | 4/23/2025 | $522,970.37 | $0.00 | 0.0% | $0.00 | 0.0% | $0.00 | $522,970.37 | 3.75% | **$522,970.37** | 2-A and 3 | Recorded UCC-1 on debtor assets |
| Santander Consumer USA Inc. | 15 | SCU 15 | 4/14/2025 | $13,416.53 | $2,441.53 | 0.2% | $2,441.53 | 0.2% | $0.00 | $10,975.00 | 14.91% | **$10,975.00** | 2-B and 3 | 2019 DODGE GRAND CARAVAN VIN# 2C7WDGBG9KR805167 |
| Santander Consumer USA Inc. | 9 | SCU 9 | 4/9/2025 | $13,092.58 | $0.00 | 0.0% | $0.00 | 0.0% | $0.00 | $13,092.58 | 14.91% | **$13,092.58** | 2-C | 2019 DODGE GRAND CARAVAN VIN# 2C7WDGBG1KR803199 |
| American National Bank | 19 | ANB 19 | 4/15/2025 | ~~$0.00~~ | ~~$0.00~~ | ~~0.0%~~ | ~~$0.00~~ | ~~0.0%~~ | ~~$0.00~~ | ~~$0.00~~ | ~~0.00%~~ | ~~$0.00~~ | ~~2-C and 3~~ | 2022 Chrysler Voyager VIN# 2C4RC1CG2NR153960 (DUPLICATE CLAIM) |
| American National Bank | 20 | ANB 20 | 4/15/2025 | ~~$0.00~~ | ~~$0.00~~ | ~~0.0%~~ | ~~$0.00~~ | ~~0.0%~~ | ~~$0.00~~ | ~~$0.00~~ | ~~0.00%~~ | **$0.00** | ~~2-D and 3~~ | 2022 Chrysler Voyager VIN# 2C4RC1CG6NR171782 (DUPLICATE CLAIM) |

Bold = Per Filed Claim or Agreement with Creditor
Italic = Debtor's Estimated value

**FILED PROOF OF CLAIMS**

| Claimant | Claim No. | Creditor Short Name | Date POC Filed | Allowed Claim | General Unsecured | % of General Unsecured | General Unsecured If Crammed Down | % of General Unsecured If Crammed Down | Priority Unsecured | Secured | Interest Rate Per POC or Statute | Dispute Collateral or Priority Value (up to value of claim) | Class | Collateral Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| American National Bank | 23 | ANB 23 | 4/15/2025 | $0.00 | $0.00 | 0.0% | $0.00 | 0.0% | $0.00 | $0.00 | 0.00% | **$0.00** | 2-E and 3 | 2022 Chrysler Voyager VIN# 2C4RC1CG6NR154061 (DUPLICATE CLAIM) |
| American National Bank | 22 | ANB 22 | 4/15/2025 | $0.00 | $0.00 | 0.0% | $0.00 | 0.0% | $0.00 | $0.00 | 0.00% | **$0.00** | 2-E and 3 | 2022 Chrysler Voyager VIN# 2C4RC1CG6NR159387 (DUPLICATE CLAIM) |
| American National Bank | 21 | ANB 21 | 4/15/2025 | $0.00 | $0.00 | 0.0% | $0.00 | 0.0% | $0.00 | $0.00 | 0.00% | **$0.00** | 2-E and 3 | 2022 Chrysler Voyager VIN# 2C4RC1CG6NR171815 (DUPLICATE CLAIM) |
| Ally Bank | 29 | Ally 29 | 5/7/2025 | $32,515.69 | $32,515.69 | 3.2% | $32,515.69 | 2.0% | $0.00 | $0.00 | 9.78% | **$0.00** | 2-F and 3 | SURRENDERED 2C4RDGBG4LR171259 2020 Dodge Grand Caravan SE |
| Santander Consumer USA Inc. | 7 | SCU 7 | 4/9/2025 | $43,905.70 | $22,280.70 | 2.2% | $22,280.70 | 1.4% | $0.00 | $21,625.00 | 11.99% | **$21,625.00** | 2-G and 3 | 2021 CHRYSLER VOYAGER VIN #2C4RC1DG0MR602050 |
| Santander Consumer USA Inc. | 5 | SCU 5 | 4/8/2025 | $43,092.98 | $21,467.98 | 2.1% | $21,467.98 | 1.3% | $0.00 | $21,625.00 | 11.99% | **$21,625.00** | 2-G and 3 | 2021 CHRYSLER VOYAGER VIN# 2C4RC1DG3MR603967 |
| Santander Consumer USA Inc. | 17 | SCU 17 | 4/14/2025 | $43,092.03 | $21,467.03 | 2.1% | $21,467.03 | 1.3% | $0.00 | $21,625.00 | 11.99% | **$21,625.00** | 2-G and 3 | 2021 CHRYSLER VOYAGER VIN# 2C4RC1DGXMR602055 |
| Santander Consumer USA Inc. | 18 | SCU 18 | 4/14/2025 | $56,413.21 | $0.00 | 0.0% | $30,663.21 | 1.9% | $0.00 | $56,413.21 | 13.61% | **$25,750.00** | 2-H and 3 | 2023 CHRYSLER VOYAGER VIN# 2C4RC1CG7PR608207 |
| Ally Bank | 34 | Ally 34 | 5/14/2025 | $60,511.53 | $0.00 | 0.0% | $33,723.53 | 2.1% | $0.00 | $60,511.53 | 14.90% | *$26,788.00* | 2-I and 3 | 2C4RC1CG9PR591751 2023 Chrysler Voyager |
| American National Bank | 11 | ANB 11 | 4/9/2025 | $40,371.02 | $14,496.02 | 1.4% | $14,496.02 | 0.9% | $0.00 | $25,875.00 | 7.69% | **$25,875.00** | 2-J and 3 | 2022 Chrysler Voyager VIN# 2C4RC1CG6NR171782 |
| American National Bank | 12 | ANB 12 | 4/9/2025 | $38,451.43 | $12,576.43 | 1.3% | $12,576.43 | 0.8% | $0.00 | $25,875.00 | 7.69% | **$25,875.00** | 2-J and 3 | 2022 Chrysler Voyager VIN# 2C4RC1CG6NR171815 |
| Ally Bank | 30 | Ally 30 | 5/7/2025 | $60,511.53 | $0.00 | 0.0% | $34,118.53 | 2.1% | $0.00 | $60,511.53 | 14.90% | **$26,393.00** | 2-K and 3 | 2C4RC1CG9PR591801 2023 Chrysler Voyager |
| American National Bank | 10 | ANB 10 | 4/9/2025 | $40,188.40 | $13,763.40 | 1.4% | $13,763.40 | 0.9% | $0.00 | $26,425.00 | 14.91% | **$26,425.00** | 2-L and 3 | 2022 Chrysler Voyager VIN# 2C4RC1CG2NR153960 |
| American National Bank | 14 | ANB 14 | 4/9/2025 | $48,749.31 | $22,324.31 | 2.2% | $22,324.31 | 1.4% | $0.00 | $26,425.00 | 10.94% | **$26,425.00** | 2-M and 3 | 2022 Chrysler Voyager VIN# 2C4RC1CG6NR154061 |
| American National Bank | 13 | ANB 13 | 4/9/2025 | $48,749.95 | $22,324.95 | 2.2% | $22,324.95 | 1.4% | $0.00 | $26,425.00 | 10.94% | **$26,425.00** | 2-M and 3 | 2022 Chrysler Voyager VIN# 2C4RC1CG6NR159387 |
| Ally Bank | 33 | Ally 33 | 5/7/2025 | $60,511.53 | $0.00 | 0.0% | $33,723.53 | 2.1% | $0.00 | $60,511.53 | 14.90% | **$26,788.00** | 2-N and 3 | 2C4RC1CG1PR591744 2023 Chrysler Voyager |
| Ally Bank | 31 | Ally 31 | 5/7/2025 | $45,518.26 | $0.00 | 0.0% | $18,435.26 | 1.1% | $0.00 | $45,518.26 | 14.49% | **$27,083.00** | 2-O and 3 | 2C4RC1CG3NR154051 2022 Chrysler Voyager |
| Ally Bank | 32 | Ally 32 | 5/7/2025 | $45,518.26 | $0.00 | 0.0% | $18,435.26 | 1.1% | $0.00 | $45,518.26 | 14.49% | **$27,083.00** | 2-P and 3 | 2C4RC1CG6NR154030 2022 Chrysler Voyager |
| Santander Consumer USA Inc. | 6 | SCU 6 | 4/8/2025 | $48,583.93 | $11,233.93 | 1.1% | $11,233.93 | 0.7% | $0.00 | $37,350.00 | 11.90% | **$37,350.00** | 2-Q and 3 | 2022 Toyota Sienna VIN# 5TDKRKEC1NS099848 |
| Santander Consumer USA Inc. | 16 | SCU 16 | 4/14/2025 | $48,729.32 | $11,379.32 | 1.1% | $11,379.32 | 0.7% | $0.00 | $37,350.00 | 11.99% | **$37,350.00** | 2-R and 3 | 2022 TOYOTA SIENNA VIN# 5TDKRKEC5NS100161 |

Bold = Per Filed Claim or Agreement with Creditor
Italic = Debtor's Estimated value

**FILED PROOF OF CLAIMS**

| Claimant | Claim No. | Creditor Short Name | Date POC Filed | Allowed Claim | General Unsecured | % of General Unsecured | General Unsecured If Crammed Down | % of General Unsecured If Crammed Down | Priority Unsecured | Secured | Interest Rate Per POC or Statute | Dispute Collateral or Priority Value (up to value of claim) | Class | Collateral Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ford Motor Credit Company LLC | 24 | Ford 24 | 4/21/2025 | $0.00 | $0.00 | 0.0% | $0.00 | 0.0% | $0.00 | $0.00 | 11.59% | **$0.00** | 2-S and 3 | SURRENDERED 3C6LRVPG6PE552999 2023 Ram 2500 Promaster Van |
| Ford Motor Credit Company LLC | 28 | Ford 28 | 4/28/2025 | $0.00 | $0.00 | 0.0% | $0.00 | 0.0% | $0.00 | $0.00 | 11.59% | **$0.00** | 2-T and 3 | SURRENDERED 3C6LRVPG3PE542091 2023 Ram 2500 Promaster Van |
| CIT Bank | 3 | CIT 3 | 3/26/2025 | $0.00 | $0.00 | 0.0% | $0.00 | 0.0% | $0.00 | $0.00 | 4.00% | **$0.00** | 2-U and 3 | SURRENDERED 2023 CHRYSLER VOYAGER LX 2C4RC1CG2PR617218, 2C4RC1CG4PR617253, 2C4RC1CGXPR617256, 2C4RC1CGXNR219946 |
| The Huntington National Bank | 4 | HNB 4 | 3/28/2025 | $441,634.40 | $141,694.40 | 14.1% | $191,749.40 | 11.9% | $0.00 | $299,940.00 | 14.91% | **$249,885.00** | 2-V and 3 | Three (3) 2022 Ram Promaster Vans: 3C6MRVUG4NE138805; 3C6MRVUG4NE138806; 3C6MRVUG6PE527643 |
| Employment Development Department | 40 | EDD 40 | 8/27/2025 | $96,827.36 | $29,380.87 | 2.9% | $29,380.87 | 1.8% | $67,446.49 | $0.00 | 3.00% | **$67,446.49** | Priority | *Tax-related |
| Franchise Tax Board | 35 | FTB 35 | 5/21/2025 | $1,080,885.44 | $89,335.71 | 8.9% | $89,335.71 | 5.6% | $991,549.73 | $0.00 | 7.00% | *$471,257.75* | Priority | *Tax-related (FTB may not completed processing of all filed tax years.) |
| Internal Revenue Service | 2 | IRS 2 | 3/26/2025 | $1,976,446.21 | $276,420.86 | 27.5% | $264,116.86 | 16.4% | $1,700,025.35 | $0.00 | 7.00% | *$1,268,532.95* | Priority | *Tax-related (IRS may not completed processing of all filed tax years.) |
| **Totals** | | | | **$5,638,684.93** | **$1,005,508.59** | **100.00%** | **$1,606,917.94** | **100.00%** | **$2,759,021.57** | **$1,874,154.77** | | | | |

# EXHIBIT 4
# Projected Disbursement Schedule

| | Payments to: | | Quarterly UST Fee (Paid Separately) | | DiMarco Warshaw | | Penny Fox | | Regus 39 | | SBA 25 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment No. | MM/DD/YYYY (Estimated) | Total Monthly Plan Payment | Monthly | Total | Monthly | Total | Monthly | Total | Monthly | Total | Monthly | Total |
| 1 | 5/1/2026 | $54,927.76 | | $0.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $5,505.58 | $5,505.58 | $2,748.24 | $2,748.24 |
| 2 | 6/1/2026 | $54,927.76 | | $0.00 | $10,000.00 | $20,000.00 | $10,000.00 | $20,000.00 | $5,505.58 | $11,011.16 | $2,748.24 | $5,496.48 |
| 3 | 7/1/2026 | $54,927.76 | $760.80 | $760.80 | $10,000.00 | $30,000.00 | $10,000.00 | $30,000.00 | $5,505.58 | $16,516.74 | $2,748.24 | $8,244.72 |
| 4 | 8/1/2026 | $54,927.76 | | $760.80 | $10,000.00 | $40,000.00 | $10,000.00 | $40,000.00 | $5,505.58 | $22,022.32 | $2,748.24 | $10,992.96 |
| 5 | 9/1/2026 | $54,927.76 | | $760.80 | $10,000.00 | $50,000.00 | $10,000.00 | $50,000.00 | $5,505.58 | $27,527.90 | $2,748.24 | $13,741.20 |
| 6 | 10/1/2026 | $54,927.75 | $760.80 | $1,521.59 | $10,000.00 | $60,000.00 | $10,000.00 | $60,000.00 | $5,505.57 | $33,033.47 | $2,748.24 | $16,489.44 |
| 7 | 11/1/2026 | $78,151.30 | | $1,521.59 | $10,000.00 | $70,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $19,237.68 |
| 8 | 12/1/2026 | $78,151.30 | | $1,521.59 | $10,000.00 | $80,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $21,985.92 |
| 9 | 1/1/2027 | $78,151.30 | $1,109.15 | $2,630.74 | $10,000.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $24,734.16 |
| 10 | 2/1/2027 | $68,151.30 | | $2,630.74 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $27,482.40 |
| 11 | 3/1/2027 | $68,151.30 | | $2,630.74 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $30,230.64 |
| 12 | 4/1/2027 | $68,151.30 | $959.15 | $3,589.89 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $32,978.88 |
| 13 | 5/1/2027 | $68,151.30 | | $3,589.89 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $35,727.12 |
| 14 | 6/1/2027 | $68,151.30 | | $3,589.89 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $38,475.36 |
| 15 | 7/1/2027 | $88,151.30 | $1,059.15 | $4,649.04 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $41,223.60 |
| 16 | 8/1/2027 | $68,151.30 | | $4,649.04 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $43,971.84 |
| 17 | 9/1/2027 | $68,151.30 | | $4,649.04 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $46,720.08 |
| 18 | 10/1/2027 | $74,151.30 | $989.15 | $5,638.19 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $49,468.32 |
| 19 | 11/1/2027 | $68,151.30 | | $5,638.19 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $52,216.56 |
| 20 | 12/1/2027 | $68,151.30 | | $5,638.19 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $54,964.80 |
| 21 | 1/1/2028 | $74,151.30 | $989.15 | $6,627.34 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $57,713.04 |
| 22 | 2/1/2028 | $68,151.30 | | $6,627.34 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $60,461.28 |
| 23 | 3/1/2028 | $68,151.30 | | $6,627.34 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $63,209.52 |
| 24 | 4/1/2028 | $74,151.30 | $989.15 | $7,616.49 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $65,957.76 |
| 25 | 5/1/2028 | $68,151.30 | | $7,616.49 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $68,706.00 |
| 26 | 6/1/2028 | $68,151.30 | | $7,616.49 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $71,454.24 |
| 27 | 7/1/2028 | $74,151.30 | $989.15 | $8,605.64 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $74,202.48 |
| 28 | 8/1/2028 | $68,151.30 | | $8,605.64 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $76,950.72 |
| 29 | 9/1/2028 | $68,151.30 | | $8,605.64 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $79,698.96 |
| 30 | 10/1/2028 | $74,151.30 | $989.15 | $9,594.79 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $82,447.20 |
| 31 | 11/1/2028 | $68,151.30 | | $9,594.79 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $85,195.44 |
| 32 | 12/1/2028 | $68,151.30 | | $9,594.79 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $87,943.68 |
| 33 | 1/1/2029 | $74,151.30 | $989.15 | $10,583.94 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $90,691.92 |
| 34 | 2/1/2029 | $68,151.30 | | $10,583.94 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $93,440.16 |
| 35 | 3/1/2029 | $68,151.30 | | $10,583.94 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $96,188.40 |
| 36 | 4/1/2029 | $74,151.30 | $989.15 | $11,573.09 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $98,936.64 |
| 37 | 5/1/2029 | $68,151.30 | | $11,573.09 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $101,684.88 |
| 38 | 6/1/2029 | $68,151.30 | | $11,573.09 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $104,433.12 |
| 39 | 7/1/2029 | $74,151.30 | $989.15 | $12,562.24 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $107,181.36 |
| 40 | 8/1/2029 | $68,151.30 | | $12,562.24 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $109,929.60 |
| 41 | 9/1/2029 | $68,151.30 | | $12,562.24 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $112,677.84 |
| 42 | 10/1/2029 | $74,151.30 | $989.15 | $13,551.39 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $115,426.08 |
| 43 | 11/1/2029 | $68,151.30 | | $13,551.39 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $118,174.32 |
| 44 | 12/1/2029 | $68,151.30 | | $13,551.39 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $120,922.56 |
| 45 | 1/1/2030 | $74,151.30 | $989.15 | $14,540.54 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $123,670.80 |
| 46 | 2/1/2030 | $68,151.30 | | $14,540.54 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $126,419.04 |
| 47 | 3/1/2030 | $68,151.30 | | $14,540.54 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $129,167.28 |
| 48 | 4/1/2030 | $24,939.96 | $743.09 | $15,283.63 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $131,915.52 |
| 49 | 5/1/2030 | $18,939.96 | | $15,283.63 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $134,663.76 |
| 50 | 6/1/2030 | $18,939.96 | | $15,283.63 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $137,412.00 |
| 51 | 7/1/2030 | $24,939.96 | $250.98 | $15,534.61 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $140,160.24 |
| 52 | 8/1/2030 | $18,939.96 | | $15,534.61 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $142,908.48 |
| 53 | 9/1/2030 | $18,939.96 | | $15,534.61 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $145,656.72 |
| 54 | 10/1/2030 | $24,939.96 | $250.98 | $15,785.59 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $148,404.96 |
| 55 | 11/1/2030 | $18,939.96 | | $15,785.59 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $151,153.20 |
| 56 | 12/1/2030 | $18,939.96 | | $15,785.59 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $153,901.44 |
| 57 | 1/1/2031 | $24,939.96 | $250.98 | $16,036.57 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $156,649.68 |
| 58 | 2/1/2031 | $18,939.96 | | $16,036.57 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $159,397.92 |
| 59 | 3/1/2031 | $18,939.96 | | $16,036.57 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $162,146.16 |
| 60 | 4/1/2031 | $24,939.96 | $250.98 | $16,287.55 | $0.00 | $90,000.00 | $0.00 | $60,000.00 | $0.00 | $33,033.47 | $2,748.24 | $164,894.40 |
| Total | | $3,509,989.33 | $16,287.55 | | $90,000.00 | | $60,000.00 | | $33,033.47 | | $164,894.40 | |

| Payment No. | MM/DD/YYYY (Estimated) | Total Monthly Plan Payment | IRS 2 **03/2030 is the five year mark after the petition date | | FTB 35 **03/2030 is the five year mark after the petition date | | EDD 40 **03/2030 is the five year mark after the petition date | | CIT 3 | | HNB 4 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Monthly | Total | Monthly | Total | Monthly | Total | Monthly | Total | Monthly | Total |
| 1 | 5/1/2026 | $54,927.76 | $7,339.78 | $7,339.78 | $2,749.00 | $2,749.00 | $393.44 | $393.44 | $0.00 | $0.00 | $5,935.00 | $5,935.00 |
| 2 | 6/1/2026 | $54,927.76 | $7,339.78 | $14,679.56 | $2,749.00 | $5,498.00 | $393.44 | $786.88 | $0.00 | $0.00 | $5,935.00 | $11,870.00 |
| 3 | 7/1/2026 | $54,927.76 | $7,339.78 | $22,019.34 | $2,749.00 | $8,247.00 | $393.44 | $1,180.32 | $0.00 | $0.00 | $5,935.00 | $17,805.00 |
| 4 | 8/1/2026 | $54,927.76 | $7,339.78 | $29,359.12 | $2,749.00 | $10,996.00 | $393.44 | $1,573.76 | $0.00 | $0.00 | $5,935.00 | $23,740.00 |
| 5 | 9/1/2026 | $54,927.76 | $7,339.78 | $36,698.90 | $2,749.00 | $13,745.00 | $393.44 | $1,967.20 | $0.00 | $0.00 | $5,935.00 | $29,675.00 |
| 6 | 10/1/2026 | $54,927.75 | $7,339.78 | $44,038.68 | $2,749.00 | $16,494.00 | $393.44 | $2,360.64 | $0.00 | $0.00 | $5,935.00 | $35,610.00 |
| 7 | 11/1/2026 | $78,151.30 | $34,540.83 | $78,579.51 | $12,833.65 | $29,327.65 | $1,836.86 | $4,197.50 | $0.00 | $0.00 | $5,935.00 | $41,545.00 |
| 8 | 12/1/2026 | $78,151.30 | $34,540.83 | $113,120.34 | $12,833.65 | $42,161.30 | $1,836.86 | $6,034.36 | $0.00 | $0.00 | $5,935.00 | $47,480.00 |
| 9 | 1/1/2027 | $78,151.30 | $34,540.83 | $147,661.17 | $12,833.65 | $54,994.95 | $1,836.86 | $7,871.22 | $0.00 | $0.00 | $5,935.00 | $53,415.00 |
| 10 | 2/1/2027 | $68,151.30 | $34,540.83 | $182,202.00 | $12,833.65 | $67,828.60 | $1,836.86 | $9,708.08 | $0.00 | $0.00 | $5,935.00 | $59,350.00 |
| 11 | 3/1/2027 | $68,151.30 | $34,540.83 | $216,742.83 | $12,833.65 | $80,662.25 | $1,836.86 | $11,544.94 | $0.00 | $0.00 | $5,935.00 | $65,285.00 |
| 12 | 4/1/2027 | $68,151.30 | $34,540.83 | $251,283.66 | $12,833.65 | $93,495.90 | $1,836.86 | $13,381.80 | $0.00 | $0.00 | $5,935.00 | $71,220.00 |
| 13 | 5/1/2027 | $68,151.30 | $34,540.83 | $285,824.49 | $12,833.65 | $106,329.55 | $1,836.86 | $15,218.66 | $0.00 | $0.00 | $5,935.00 | $77,155.00 |
| 14 | 6/1/2027 | $68,151.30 | $34,540.83 | $320,365.32 | $12,833.65 | $119,163.20 | $1,836.86 | $17,055.52 | $0.00 | $0.00 | $5,935.00 | $83,090.00 |
| 15 | 7/1/2027 | $88,151.30 | $34,540.83 | $354,906.15 | $12,833.65 | $131,996.85 | $1,836.86 | $18,892.38 | $0.00 | $0.00 | $5,935.00 | $89,025.00 |
| 16 | 8/1/2027 | $68,151.30 | $34,540.83 | $389,446.98 | $12,833.65 | $144,830.50 | $1,836.86 | $20,729.24 | $0.00 | $0.00 | $5,935.00 | $94,960.00 |
| 17 | 9/1/2027 | $68,151.30 | $34,540.83 | $423,987.81 | $12,833.65 | $157,664.15 | $1,836.86 | $22,566.10 | $0.00 | $0.00 | $5,935.00 | $100,895.00 |
| 18 | 10/1/2027 | $74,151.30 | $34,540.83 | $458,528.64 | $12,833.65 | $170,497.80 | $1,836.86 | $24,402.96 | $0.00 | $0.00 | $5,935.00 | $106,830.00 |
| 19 | 11/1/2027 | $68,151.30 | $34,540.83 | $493,069.47 | $12,833.65 | $183,331.45 | $1,836.86 | $26,239.82 | $0.00 | $0.00 | $5,935.00 | $112,765.00 |
| 20 | 12/1/2027 | $68,151.30 | $34,540.83 | $527,610.30 | $12,833.65 | $196,165.10 | $1,836.86 | $28,076.68 | $0.00 | $0.00 | $5,935.00 | $118,700.00 |
| 21 | 1/1/2028 | $74,151.30 | $34,540.83 | $562,151.13 | $12,833.65 | $208,998.75 | $1,836.86 | $29,913.54 | $0.00 | $0.00 | $5,935.00 | $124,635.00 |
| 22 | 2/1/2028 | $68,151.30 | $34,540.83 | $596,691.96 | $12,833.65 | $221,832.40 | $1,836.86 | $31,750.40 | $0.00 | $0.00 | $5,935.00 | $130,570.00 |
| 23 | 3/1/2028 | $68,151.30 | $34,540.83 | $631,232.79 | $12,833.65 | $234,666.05 | $1,836.86 | $33,587.26 | $0.00 | $0.00 | $5,935.00 | $136,505.00 |
| 24 | 4/1/2028 | $74,151.30 | $34,540.83 | $665,773.62 | $12,833.65 | $247,499.70 | $1,836.86 | $35,424.12 | $0.00 | $0.00 | $5,935.00 | $142,440.00 |
| 25 | 5/1/2028 | $68,151.30 | $34,540.83 | $700,314.45 | $12,833.65 | $260,333.35 | $1,836.86 | $37,260.98 | $0.00 | $0.00 | $5,935.00 | $148,375.00 |
| 26 | 6/1/2028 | $68,151.30 | $34,540.83 | $734,855.28 | $12,833.65 | $273,167.00 | $1,836.86 | $39,097.84 | $0.00 | $0.00 | $5,935.00 | $154,310.00 |
| 27 | 7/1/2028 | $74,151.30 | $34,540.83 | $769,396.11 | $12,833.65 | $286,000.65 | $1,836.86 | $40,934.70 | $0.00 | $0.00 | $5,935.00 | $160,245.00 |
| 28 | 8/1/2028 | $68,151.30 | $34,540.83 | $803,936.94 | $12,833.65 | $298,834.30 | $1,836.86 | $42,771.56 | $0.00 | $0.00 | $5,935.00 | $166,180.00 |
| 29 | 9/1/2028 | $68,151.30 | $34,540.83 | $838,477.77 | $12,833.65 | $311,667.95 | $1,836.86 | $44,608.42 | $0.00 | $0.00 | $5,935.00 | $172,115.00 |
| 30 | 10/1/2028 | $74,151.30 | $34,540.83 | $873,018.60 | $12,833.65 | $324,501.60 | $1,836.86 | $46,445.28 | $0.00 | $0.00 | $5,935.00 | $178,050.00 |
| 31 | 11/1/2028 | $68,151.30 | $34,540.83 | $907,559.43 | $12,833.65 | $337,335.25 | $1,836.86 | $48,282.14 | $0.00 | $0.00 | $5,935.00 | $183,985.00 |
| 32 | 12/1/2028 | $68,151.30 | $34,540.83 | $942,100.26 | $12,833.65 | $350,168.90 | $1,836.86 | $50,119.00 | $0.00 | $0.00 | $5,935.00 | $189,920.00 |
| 33 | 1/1/2029 | $74,151.30 | $34,540.83 | $976,641.09 | $12,833.65 | $363,002.55 | $1,836.86 | $51,955.86 | $0.00 | $0.00 | $5,935.00 | $195,855.00 |
| 34 | 2/1/2029 | $68,151.30 | $34,540.83 | $1,011,181.92 | $12,833.65 | $375,836.20 | $1,836.86 | $53,792.72 | $0.00 | $0.00 | $5,935.00 | $201,790.00 |
| 35 | 3/1/2029 | $68,151.30 | $34,540.83 | $1,045,722.75 | $12,833.65 | $388,669.85 | $1,836.86 | $55,629.58 | $0.00 | $0.00 | $5,935.00 | $207,725.00 |
| 36 | 4/1/2029 | $74,151.30 | $34,540.83 | $1,080,263.58 | $12,833.65 | $401,503.50 | $1,836.86 | $57,466.44 | $0.00 | $0.00 | $5,935.00 | $213,660.00 |
| 37 | 5/1/2029 | $68,151.30 | $34,540.83 | $1,114,804.41 | $12,833.65 | $414,337.15 | $1,836.86 | $59,303.30 | $0.00 | $0.00 | $5,935.00 | $219,595.00 |
| 38 | 6/1/2029 | $68,151.30 | $34,540.83 | $1,149,345.24 | $12,833.65 | $427,170.80 | $1,836.86 | $61,140.16 | $0.00 | $0.00 | $5,935.00 | $225,530.00 |
| 39 | 7/1/2029 | $74,151.30 | $34,540.83 | $1,183,886.07 | $12,833.65 | $440,004.45 | $1,836.86 | $62,977.02 | $0.00 | $0.00 | $5,935.00 | $231,465.00 |
| 40 | 8/1/2029 | $68,151.30 | $34,540.83 | $1,218,426.90 | $12,833.65 | $452,838.10 | $1,836.86 | $64,813.88 | $0.00 | $0.00 | $5,935.00 | $237,400.00 |
| 41 | 9/1/2029 | $68,151.30 | $34,540.83 | $1,252,967.73 | $12,833.65 | $465,671.75 | $1,836.86 | $66,650.74 | $0.00 | $0.00 | $5,935.00 | $243,335.00 |
| 42 | 10/1/2029 | $74,151.30 | $34,540.83 | $1,287,508.56 | $12,833.65 | $478,505.40 | $1,836.86 | $68,487.60 | $0.00 | $0.00 | $5,935.00 | $249,270.00 |
| 43 | 11/1/2029 | $68,151.30 | $34,540.83 | $1,322,049.39 | $12,833.65 | $491,339.05 | $1,836.86 | $70,324.46 | $0.00 | $0.00 | $5,935.00 | $255,205.00 |
| 44 | 12/1/2029 | $68,151.30 | $34,540.83 | $1,356,590.22 | $12,833.65 | $504,172.70 | $1,836.86 | $72,161.32 | $0.00 | $0.00 | $5,935.00 | $261,140.00 |
| 45 | 1/1/2030 | $74,151.30 | $34,540.83 | $1,391,131.05 | $12,833.65 | $517,006.35 | $1,836.86 | $73,998.18 | $0.00 | $0.00 | $5,935.00 | $267,075.00 |
| 46 | 2/1/2030 | $68,151.30 | $34,540.83 | $1,425,671.88 | $12,833.65 | $529,840.00 | $1,836.86 | $75,835.04 | $0.00 | Total | $5,935.00 | $273,010.00 |
| 47 | 3/1/2030 | $68,151.30 | $34,540.83 | $1,460,212.71 | $12,833.65 | $542,673.65 | $1,836.86 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $278,945.00 |
| 48 | 4/1/2030 | $24,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $284,880.00 |
| 49 | 5/1/2030 | $18,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $290,815.00 |
| 50 | 6/1/2030 | $18,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $296,750.00 |
| 51 | 7/1/2030 | $24,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $302,685.00 |
| 52 | 8/1/2030 | $18,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $308,620.00 |
| 53 | 9/1/2030 | $18,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $314,555.00 |
| 54 | 10/1/2030 | $24,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $320,490.00 |
| 55 | 11/1/2030 | $18,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $326,425.00 |
| 56 | 12/1/2030 | $18,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $332,360.00 |
| 57 | 1/1/2031 | $24,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $338,295.00 |
| 58 | 2/1/2031 | $18,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $344,230.00 |
| 59 | 3/1/2031 | $18,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $350,165.00 |
| 60 | 4/1/2031 | $24,939.96 | $0.00 | $1,460,212.71 | $0.00 | $542,673.65 | $0.00 | $77,671.90 | $0.00 | $0.00 | $5,935.00 | $356,100.00 |
| Total | | $3,509,989.33 | $1,460,212.71 | | $542,673.65 | | $77,671.90 | | $0.00 | | $356,100.00 | |

| | | Payments to: | SCU 5 | | SCU 6 | | SCU 7 | | SCU 9 | | ANB 10 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment No. | MM/DD/YYYY (Estimated) | Total Monthly Plan Payment | Monthly | Total | Monthly | Total | Monthly | Total | Monthly | Total | Monthly | Total |
| 1 | 5/1/2026 | $54,927.76 | $480.93 | $480.93 | $828.94 | $828.94 | $480.93 | $480.93 | $310.85 | $310.85 | $627.40 | $627.40 |
| 2 | 6/1/2026 | $54,927.76 | $480.93 | $961.86 | $828.94 | $1,657.88 | $480.93 | $961.86 | $310.85 | $621.70 | $627.40 | $1,254.80 |
| 3 | 7/1/2026 | $54,927.76 | $480.93 | $1,442.79 | $828.94 | $2,486.82 | $480.93 | $1,442.79 | $310.85 | $932.55 | $627.40 | $1,882.20 |
| 4 | 8/1/2026 | $54,927.76 | $480.93 | $1,923.72 | $828.94 | $3,315.76 | $480.93 | $1,923.72 | $310.85 | $1,243.40 | $627.40 | $2,509.60 |
| 5 | 9/1/2026 | $54,927.76 | $480.93 | $2,404.65 | $828.94 | $4,144.70 | $480.93 | $2,404.65 | $310.85 | $1,554.25 | $627.40 | $3,137.00 |
| 6 | 10/1/2026 | $54,927.75 | $480.93 | $2,885.58 | $828.94 | $4,973.64 | $480.93 | $2,885.58 | $310.85 | $1,865.10 | $627.40 | $3,764.40 |
| 7 | 11/1/2026 | $78,151.30 | $480.93 | $3,366.51 | $828.94 | $5,802.58 | $480.93 | $3,366.51 | $310.85 | $2,175.95 | $627.40 | $4,391.80 |
| 8 | 12/1/2026 | $78,151.30 | $480.93 | $3,847.44 | $828.94 | $6,631.52 | $480.93 | $3,847.44 | $310.85 | $2,486.80 | $627.40 | $5,019.20 |
| 9 | 1/1/2027 | $78,151.30 | $480.93 | $4,328.37 | $828.94 | $7,460.46 | $480.93 | $4,328.37 | $310.85 | $2,797.65 | $627.40 | $5,646.60 |
| 10 | 2/1/2027 | $68,151.30 | $480.93 | $4,809.30 | $828.94 | $8,289.40 | $480.93 | $4,809.30 | $310.85 | $3,108.50 | $627.40 | $6,274.00 |
| 11 | 3/1/2027 | $68,151.30 | $480.93 | $5,290.23 | $828.94 | $9,118.34 | $480.93 | $5,290.23 | $310.85 | $3,419.35 | $627.40 | $6,901.40 |
| 12 | 4/1/2027 | $68,151.30 | $480.93 | $5,771.16 | $828.94 | $9,947.28 | $480.93 | $5,771.16 | $310.85 | $3,730.20 | $627.40 | $7,528.80 |
| 13 | 5/1/2027 | $68,151.30 | $480.93 | $6,252.09 | $828.94 | $10,776.22 | $480.93 | $6,252.09 | $310.85 | $4,041.05 | $627.40 | $8,156.20 |
| 14 | 6/1/2027 | $68,151.30 | $480.93 | $6,733.02 | $828.94 | $11,605.16 | $480.93 | $6,733.02 | $310.85 | $4,351.90 | $627.40 | $8,783.60 |
| 15 | 7/1/2027 | $88,151.30 | $480.93 | $7,213.95 | $828.94 | $12,434.10 | $480.93 | $7,213.95 | $310.85 | $4,662.75 | $627.40 | $9,411.00 |
| 16 | 8/1/2027 | $68,151.30 | $480.93 | $7,694.88 | $828.94 | $13,263.04 | $480.93 | $7,694.88 | $310.85 | $4,973.60 | $627.40 | $10,038.40 |
| 17 | 9/1/2027 | $68,151.30 | $480.93 | $8,175.81 | $828.94 | $14,091.98 | $480.93 | $8,175.81 | $310.85 | $5,284.45 | $627.40 | $10,665.80 |
| 18 | 10/1/2027 | $74,151.30 | $480.93 | $8,656.74 | $828.94 | $14,920.92 | $480.93 | $8,656.74 | $310.85 | $5,595.30 | $627.40 | $11,293.20 |
| 19 | 11/1/2027 | $68,151.30 | $480.93 | $9,137.67 | $828.94 | $15,749.86 | $480.93 | $9,137.67 | $310.85 | $5,906.15 | $627.40 | $11,920.60 |
| 20 | 12/1/2027 | $68,151.30 | $480.93 | $9,618.60 | $828.94 | $16,578.80 | $480.93 | $9,618.60 | $310.85 | $6,217.00 | $627.40 | $12,548.00 |
| 21 | 1/1/2028 | $74,151.30 | $480.93 | $10,099.53 | $828.94 | $17,407.74 | $480.93 | $10,099.53 | $310.85 | $6,527.85 | $627.40 | $13,175.40 |
| 22 | 2/1/2028 | $68,151.30 | $480.93 | $10,580.46 | $828.94 | $18,236.68 | $480.93 | $10,580.46 | $310.85 | $6,838.70 | $627.40 | $13,802.80 |
| 23 | 3/1/2028 | $68,151.30 | $480.93 | $11,061.39 | $828.94 | $19,065.62 | $480.93 | $11,061.39 | $310.85 | $7,149.55 | $627.40 | $14,430.20 |
| 24 | 4/1/2028 | $74,151.30 | $480.93 | $11,542.32 | $828.94 | $19,894.56 | $480.93 | $11,542.32 | $310.85 | $7,460.40 | $627.40 | $15,057.60 |
| 25 | 5/1/2028 | $68,151.30 | $480.93 | $12,023.25 | $828.94 | $20,723.50 | $480.93 | $12,023.25 | $310.85 | $7,771.25 | $627.40 | $15,685.00 |
| 26 | 6/1/2028 | $68,151.30 | $480.93 | $12,504.18 | $828.94 | $21,552.44 | $480.93 | $12,504.18 | $310.85 | $8,082.10 | $627.40 | $16,312.40 |
| 27 | 7/1/2028 | $74,151.30 | $480.93 | $12,985.11 | $828.94 | $22,381.38 | $480.93 | $12,985.11 | $310.85 | $8,392.95 | $627.40 | $16,939.80 |
| 28 | 8/1/2028 | $68,151.30 | $480.93 | $13,466.04 | $828.94 | $23,210.32 | $480.93 | $13,466.04 | $310.85 | $8,703.80 | $627.40 | $17,567.20 |
| 29 | 9/1/2028 | $68,151.30 | $480.93 | $13,946.97 | $828.94 | $24,039.26 | $480.93 | $13,946.97 | $310.85 | $9,014.65 | $627.40 | $18,194.60 |
| 30 | 10/1/2028 | $74,151.30 | $480.93 | $14,427.90 | $828.94 | $24,868.20 | $480.93 | $14,427.90 | $310.85 | $9,325.50 | $627.40 | $18,822.00 |
| 31 | 11/1/2028 | $68,151.30 | $480.93 | $14,908.83 | $828.94 | $25,697.14 | $480.93 | $14,908.83 | $310.85 | $9,636.35 | $627.40 | $19,449.40 |
| 32 | 12/1/2028 | $68,151.30 | $480.93 | $15,389.76 | $828.94 | $26,526.08 | $480.93 | $15,389.76 | $310.85 | $9,947.20 | $627.40 | $20,076.80 |
| 33 | 1/1/2029 | $74,151.30 | $480.93 | $15,870.69 | $828.94 | $27,355.02 | $480.93 | $15,870.69 | $310.85 | $10,258.05 | $627.40 | $20,704.20 |
| 34 | 2/1/2029 | $68,151.30 | $480.93 | $16,351.62 | $828.94 | $28,183.96 | $480.93 | $16,351.62 | $310.85 | $10,568.90 | $627.40 | $21,331.60 |
| 35 | 3/1/2029 | $68,151.30 | $480.93 | $16,832.55 | $828.94 | $29,012.90 | $480.93 | $16,832.55 | $310.85 | $10,879.75 | $627.40 | $21,959.00 |
| 36 | 4/1/2029 | $74,151.30 | $480.93 | $17,313.48 | $828.94 | $29,841.84 | $480.93 | $17,313.48 | $310.85 | $11,190.60 | $627.40 | $22,586.40 |
| 37 | 5/1/2029 | $68,151.30 | $480.93 | $17,794.41 | $828.94 | $30,670.78 | $480.93 | $17,794.41 | $310.85 | $11,501.45 | $627.40 | $23,213.80 |
| 38 | 6/1/2029 | $68,151.30 | $480.93 | $18,275.34 | $828.94 | $31,499.72 | $480.93 | $18,275.34 | $310.85 | $11,812.30 | $627.40 | $23,841.20 |
| 39 | 7/1/2029 | $74,151.30 | $480.93 | $18,756.27 | $828.94 | $32,328.66 | $480.93 | $18,756.27 | $310.85 | $12,123.15 | $627.40 | $24,468.60 |
| 40 | 8/1/2029 | $68,151.30 | $480.93 | $19,237.20 | $828.94 | $33,157.60 | $480.93 | $19,237.20 | $310.85 | $12,434.00 | $627.40 | $25,096.00 |
| 41 | 9/1/2029 | $68,151.30 | $480.93 | $19,718.13 | $828.94 | $33,986.54 | $480.93 | $19,718.13 | $310.85 | $12,744.85 | $627.40 | $25,723.40 |
| 42 | 10/1/2029 | $74,151.30 | $480.93 | $20,199.06 | $828.94 | $34,815.48 | $480.93 | $20,199.06 | $310.85 | $13,055.70 | $627.40 | $26,350.80 |
| 43 | 11/1/2029 | $68,151.30 | $480.93 | $20,679.99 | $828.94 | $35,644.42 | $480.93 | $20,679.99 | $310.85 | $13,366.55 | $627.40 | $26,978.20 |
| 44 | 12/1/2029 | $68,151.30 | $480.93 | $21,160.92 | $828.94 | $36,473.36 | $480.93 | $21,160.92 | $310.85 | $13,677.40 | $627.40 | $27,605.60 |
| 45 | 1/1/2030 | $74,151.30 | $480.93 | $21,641.85 | $828.94 | $37,302.30 | $480.93 | $21,641.85 | $310.85 | $13,988.25 | $627.40 | $28,233.00 |
| 46 | 2/1/2030 | $68,151.30 | $480.93 | $22,122.78 | $828.94 | $38,131.24 | $480.93 | $22,122.78 | $310.85 | $14,299.10 | $627.40 | $28,860.40 |
| 47 | 3/1/2030 | $68,151.30 | $480.93 | $22,603.71 | $828.94 | $38,960.18 | $480.93 | $22,603.71 | $310.85 | $14,609.95 | $627.40 | $29,487.80 |
| 48 | 4/1/2030 | $24,939.96 | $480.93 | $23,084.64 | $828.94 | $39,789.12 | $480.93 | $23,084.64 | $310.85 | $14,920.80 | $627.40 | $30,115.20 |
| 49 | 5/1/2030 | $18,939.96 | $480.93 | $23,565.57 | $828.94 | $40,618.06 | $480.93 | $23,565.57 | $310.85 | $15,231.65 | $627.40 | $30,742.60 |
| 50 | 6/1/2030 | $18,939.96 | $480.93 | $24,046.50 | $828.94 | $41,447.00 | $480.93 | $24,046.50 | $310.85 | $15,542.50 | $627.40 | $31,370.00 |
| 51 | 7/1/2030 | $24,939.96 | $480.93 | $24,527.43 | $828.94 | $42,275.94 | $480.93 | $24,527.43 | $310.85 | $15,853.35 | $627.40 | $31,997.40 |
| 52 | 8/1/2030 | $18,939.96 | $480.93 | $25,008.36 | $828.94 | $43,104.88 | $480.93 | $25,008.36 | $310.85 | $16,164.20 | $627.40 | $32,624.80 |
| 53 | 9/1/2030 | $18,939.96 | $480.93 | $25,489.29 | $828.94 | $43,933.82 | $480.93 | $25,489.29 | $310.85 | $16,475.05 | $627.40 | $33,252.20 |
| 54 | 10/1/2030 | $24,939.96 | $480.93 | $25,970.22 | $828.94 | $44,762.76 | $480.93 | $25,970.22 | $310.85 | $16,785.90 | $627.40 | $33,879.60 |
| 55 | 11/1/2030 | $18,939.96 | $480.93 | $26,451.15 | $828.94 | $45,591.70 | $480.93 | $26,451.15 | $310.85 | $17,096.75 | $627.40 | $34,507.00 |
| 56 | 12/1/2030 | $18,939.96 | $480.93 | $26,932.08 | $828.94 | $46,420.64 | $480.93 | $26,932.08 | $310.85 | $17,407.60 | $627.40 | $35,134.40 |
| 57 | 1/1/2031 | $24,939.96 | $480.93 | $27,413.01 | $828.94 | $47,249.58 | $480.93 | $27,413.01 | $310.85 | $17,718.45 | $627.40 | $35,761.80 |
| 58 | 2/1/2031 | $18,939.96 | $480.93 | $27,893.94 | $828.94 | $48,078.52 | $480.93 | $27,893.94 | $310.85 | $18,029.30 | $627.40 | $36,389.20 |
| 59 | 3/1/2031 | $18,939.96 | $480.93 | $28,374.87 | $828.94 | $48,907.46 | $480.93 | $28,374.87 | $310.85 | $18,340.15 | $627.40 | $37,016.60 |
| 60 | 4/1/2031 | $24,939.96 | $480.93 | $28,855.80 | $828.94 | $49,736.40 | $480.93 | $28,855.80 | $310.85 | $18,651.00 | $627.40 | $37,644.00 |
| Total | | $3,509,989.33 | $28,855.80 | | $49,736.40 | | $28,855.80 | | $18,651.00 | | $37,644.00 | |

| Payment No. | MM/DD/YYYY (Estimated) | Total Monthly Plan Payment | ANB 11 | | ANB 12 | | ANB 13 | | ANB 14 | | SCU 15 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Monthly | Total | Monthly | Total | Monthly | Total | Monthly | Total | Monthly | Total |
| 1 | 5/1/2026 | $54,927.76 | $520.82 | $520.82 | $520.82 | $520.82 | $573.75 | $573.75 | $573.75 | $573.75 | $260.58 | $260.58 |
| 2 | 6/1/2026 | $54,927.76 | $520.82 | $1,041.64 | $520.82 | $1,041.64 | $573.75 | $1,147.50 | $573.75 | $1,147.50 | $260.58 | $521.16 |
| 3 | 7/1/2026 | $54,927.76 | $520.82 | $1,562.46 | $520.82 | $1,562.46 | $573.75 | $1,721.25 | $573.75 | $1,721.25 | $260.58 | $781.74 |
| 4 | 8/1/2026 | $54,927.76 | $520.82 | $2,083.28 | $520.82 | $2,083.28 | $573.75 | $2,295.00 | $573.75 | $2,295.00 | $260.58 | $1,042.32 |
| 5 | 9/1/2026 | $54,927.76 | $520.82 | $2,604.10 | $520.82 | $2,604.10 | $573.75 | $2,868.75 | $573.75 | $2,868.75 | $260.58 | $1,302.90 |
| 6 | 10/1/2026 | $54,927.75 | $520.82 | $3,124.92 | $520.82 | $3,124.92 | $573.75 | $3,442.50 | $573.75 | $3,442.50 | $260.58 | $1,563.48 |
| 7 | 11/1/2026 | $78,151.30 | $520.82 | $3,645.74 | $520.82 | $3,645.74 | $573.75 | $4,016.25 | $573.75 | $4,016.25 | $260.58 | $1,824.06 |
| 8 | 12/1/2026 | $78,151.30 | $520.82 | $4,166.56 | $520.82 | $4,166.56 | $573.75 | $4,590.00 | $573.75 | $4,590.00 | $260.58 | $2,084.64 |
| 9 | 1/1/2027 | $78,151.30 | $520.82 | $4,687.38 | $520.82 | $4,687.38 | $573.75 | $5,163.75 | $573.75 | $5,163.75 | $260.58 | $2,345.22 |
| 10 | 2/1/2027 | $68,151.30 | $520.82 | $5,208.20 | $520.82 | $5,208.20 | $573.75 | $5,737.50 | $573.75 | $5,737.50 | $260.58 | $2,605.80 |
| 11 | 3/1/2027 | $68,151.30 | $520.82 | $5,729.02 | $520.82 | $5,729.02 | $573.75 | $6,311.25 | $573.75 | $6,311.25 | $260.58 | $2,866.38 |
| 12 | 4/1/2027 | $68,151.30 | $520.82 | $6,249.84 | $520.82 | $6,249.84 | $573.75 | $6,885.00 | $573.75 | $6,885.00 | $260.58 | $3,126.96 |
| 13 | 5/1/2027 | $68,151.30 | $520.82 | $6,770.66 | $520.82 | $6,770.66 | $573.75 | $7,458.75 | $573.75 | $7,458.75 | $260.58 | $3,387.54 |
| 14 | 6/1/2027 | $68,151.30 | $520.82 | $7,291.48 | $520.82 | $7,291.48 | $573.75 | $8,032.50 | $573.75 | $8,032.50 | $260.58 | $3,648.12 |
| 15 | 7/1/2027 | $88,151.30 | $520.82 | $7,812.30 | $520.82 | $7,812.30 | $573.75 | $8,606.25 | $573.75 | $8,606.25 | $260.58 | $3,908.70 |
| 16 | 8/1/2027 | $68,151.30 | $520.82 | $8,333.12 | $520.82 | $8,333.12 | $573.75 | $9,180.00 | $573.75 | $9,180.00 | $260.58 | $4,169.28 |
| 17 | 9/1/2027 | $68,151.30 | $520.82 | $8,853.94 | $520.82 | $8,853.94 | $573.75 | $9,753.75 | $573.75 | $9,753.75 | $260.58 | $4,429.86 |
| 18 | 10/1/2027 | $74,151.30 | $520.82 | $9,374.76 | $520.82 | $9,374.76 | $573.75 | $10,327.50 | $573.75 | $10,327.50 | $260.58 | $4,690.44 |
| 19 | 11/1/2027 | $68,151.30 | $520.82 | $9,895.58 | $520.82 | $9,895.58 | $573.75 | $10,901.25 | $573.75 | $10,901.25 | $260.58 | $4,951.02 |
| 20 | 12/1/2027 | $68,151.30 | $520.82 | $10,416.40 | $520.82 | $10,416.40 | $573.75 | $11,475.00 | $573.75 | $11,475.00 | $260.58 | $5,211.60 |
| 21 | 1/1/2028 | $74,151.30 | $520.82 | $10,937.22 | $520.82 | $10,937.22 | $573.75 | $12,048.75 | $573.75 | $12,048.75 | $260.58 | $5,472.18 |
| 22 | 2/1/2028 | $68,151.30 | $520.82 | $11,458.04 | $520.82 | $11,458.04 | $573.75 | $12,622.50 | $573.75 | $12,622.50 | $260.58 | $5,732.76 |
| 23 | 3/1/2028 | $68,151.30 | $520.82 | $11,978.86 | $520.82 | $11,978.86 | $573.75 | $13,196.25 | $573.75 | $13,196.25 | $260.58 | $5,993.34 |
| 24 | 4/1/2028 | $74,151.30 | $520.82 | $12,499.68 | $520.82 | $12,499.68 | $573.75 | $13,770.00 | $573.75 | $13,770.00 | $260.58 | $6,253.92 |
| 25 | 5/1/2028 | $68,151.30 | $520.82 | $13,020.50 | $520.82 | $13,020.50 | $573.75 | $14,343.75 | $573.75 | $14,343.75 | $260.58 | $6,514.50 |
| 26 | 6/1/2028 | $68,151.30 | $520.82 | $13,541.32 | $520.82 | $13,541.32 | $573.75 | $14,917.50 | $573.75 | $14,917.50 | $260.58 | $6,775.08 |
| 27 | 7/1/2028 | $74,151.30 | $520.82 | $14,062.14 | $520.82 | $14,062.14 | $573.75 | $15,491.25 | $573.75 | $15,491.25 | $260.58 | $7,035.66 |
| 28 | 8/1/2028 | $68,151.30 | $520.82 | $14,582.96 | $520.82 | $14,582.96 | $573.75 | $16,065.00 | $573.75 | $16,065.00 | $260.58 | $7,296.24 |
| 29 | 9/1/2028 | $68,151.30 | $520.82 | $15,103.78 | $520.82 | $15,103.78 | $573.75 | $16,638.75 | $573.75 | $16,638.75 | $260.58 | $7,556.82 |
| 30 | 10/1/2028 | $74,151.30 | $520.82 | $15,624.60 | $520.82 | $15,624.60 | $573.75 | $17,212.50 | $573.75 | $17,212.50 | $260.58 | $7,817.40 |
| 31 | 11/1/2028 | $68,151.30 | $520.82 | $16,145.42 | $520.82 | $16,145.42 | $573.75 | $17,786.25 | $573.75 | $17,786.25 | $260.58 | $8,077.98 |
| 32 | 12/1/2028 | $68,151.30 | $520.82 | $16,666.24 | $520.82 | $16,666.24 | $573.75 | $18,360.00 | $573.75 | $18,360.00 | $260.58 | $8,338.56 |
| 33 | 1/1/2029 | $74,151.30 | $520.82 | $17,187.06 | $520.82 | $17,187.06 | $573.75 | $18,933.75 | $573.75 | $18,933.75 | $260.58 | $8,599.14 |
| 34 | 2/1/2029 | $68,151.30 | $520.82 | $17,707.88 | $520.82 | $17,707.88 | $573.75 | $19,507.50 | $573.75 | $19,507.50 | $260.58 | $8,859.72 |
| 35 | 3/1/2029 | $68,151.30 | $520.82 | $18,228.70 | $520.82 | $18,228.70 | $573.75 | $20,081.25 | $573.75 | $20,081.25 | $260.58 | $9,120.30 |
| 36 | 4/1/2029 | $74,151.30 | $520.82 | $18,749.52 | $520.82 | $18,749.52 | $573.75 | $20,655.00 | $573.75 | $20,655.00 | $260.58 | $9,380.88 |
| 37 | 5/1/2029 | $68,151.30 | $520.82 | $19,270.34 | $520.82 | $19,270.34 | $573.75 | $21,228.75 | $573.75 | $21,228.75 | $260.58 | $9,641.46 |
| 38 | 6/1/2029 | $68,151.30 | $520.82 | $19,791.16 | $520.82 | $19,791.16 | $573.75 | $21,802.50 | $573.75 | $21,802.50 | $260.58 | $9,902.04 |
| 39 | 7/1/2029 | $74,151.30 | $520.82 | $20,311.98 | $520.82 | $20,311.98 | $573.75 | $22,376.25 | $573.75 | $22,376.25 | $260.58 | $10,162.62 |
| 40 | 8/1/2029 | $68,151.30 | $520.82 | $20,832.80 | $520.82 | $20,832.80 | $573.75 | $22,950.00 | $573.75 | $22,950.00 | $260.58 | $10,423.20 |
| 41 | 9/1/2029 | $68,151.30 | $520.82 | $21,353.62 | $520.82 | $21,353.62 | $573.75 | $23,523.75 | $573.75 | $23,523.75 | $260.58 | $10,683.78 |
| 42 | 10/1/2029 | $74,151.30 | $520.82 | $21,874.44 | $520.82 | $21,874.44 | $573.75 | $24,097.50 | $573.75 | $24,097.50 | $260.58 | $10,944.36 |
| 43 | 11/1/2029 | $68,151.30 | $520.82 | $22,395.26 | $520.82 | $22,395.26 | $573.75 | $24,671.25 | $573.75 | $24,671.25 | $260.58 | $11,204.94 |
| 44 | 12/1/2029 | $68,151.30 | $520.82 | $22,916.08 | $520.82 | $22,916.08 | $573.75 | $25,245.00 | $573.75 | $25,245.00 | $260.58 | $11,465.52 |
| 45 | 1/1/2030 | $74,151.30 | $520.82 | $23,436.90 | $520.82 | $23,436.90 | $573.75 | $25,818.75 | $573.75 | $25,818.75 | $260.58 | $11,726.10 |
| 46 | 2/1/2030 | $68,151.30 | $520.82 | $23,957.72 | $520.82 | $23,957.72 | $573.75 | $26,392.50 | $573.75 | $26,392.50 | $260.58 | $11,986.68 |
| 47 | 3/1/2030 | $68,151.30 | $520.82 | $24,478.54 | $520.82 | $24,478.54 | $573.75 | $26,966.25 | $573.75 | $26,966.25 | $260.58 | $12,247.26 |
| 48 | 4/1/2030 | $24,939.96 | $520.82 | $24,999.36 | $520.82 | $24,999.36 | $573.75 | $27,540.00 | $573.75 | $27,540.00 | $260.58 | $12,507.84 |
| 49 | 5/1/2030 | $18,939.96 | $520.82 | $25,520.18 | $520.82 | $25,520.18 | $573.75 | $28,113.75 | $573.75 | $28,113.75 | $260.58 | $12,768.42 |
| 50 | 6/1/2030 | $18,939.96 | $520.82 | $26,041.00 | $520.82 | $26,041.00 | $573.75 | $28,687.50 | $573.75 | $28,687.50 | $260.58 | $13,029.00 |
| 51 | 7/1/2030 | $24,939.96 | $520.82 | $26,561.82 | $520.82 | $26,561.82 | $573.75 | $29,261.25 | $573.75 | $29,261.25 | $260.58 | $13,289.58 |
| 52 | 8/1/2030 | $18,939.96 | $520.82 | $27,082.64 | $520.82 | $27,082.64 | $573.75 | $29,835.00 | $573.75 | $29,835.00 | $260.58 | $13,550.16 |
| 53 | 9/1/2030 | $18,939.96 | $520.82 | $27,603.46 | $520.82 | $27,603.46 | $573.75 | $30,408.75 | $573.75 | $30,408.75 | $260.58 | $13,810.74 |
| 54 | 10/1/2030 | $24,939.96 | $520.82 | $28,124.28 | $520.82 | $28,124.28 | $573.75 | $30,982.50 | $573.75 | $30,982.50 | $260.58 | $14,071.32 |
| 55 | 11/1/2030 | $18,939.96 | $520.82 | $28,645.10 | $520.82 | $28,645.10 | $573.75 | $31,556.25 | $573.75 | $31,556.25 | $260.58 | $14,331.90 |
| 56 | 12/1/2030 | $18,939.96 | $520.82 | $29,165.92 | $520.82 | $29,165.92 | $573.75 | $32,130.00 | $573.75 | $32,130.00 | $260.58 | $14,592.48 |
| 57 | 1/1/2031 | $24,939.96 | $520.82 | $29,686.74 | $520.82 | $29,686.74 | $573.75 | $32,703.75 | $573.75 | $32,703.75 | $260.58 | $14,853.06 |
| 58 | 2/1/2031 | $18,939.96 | $520.82 | $30,207.56 | $520.82 | $30,207.56 | $573.75 | $33,277.50 | $573.75 | $33,277.50 | $260.58 | $15,113.64 |
| 59 | 3/1/2031 | $18,939.96 | $520.82 | $30,728.38 | $520.82 | $30,728.38 | $573.75 | $33,851.25 | $573.75 | $33,851.25 | $260.58 | $15,374.22 |
| 60 | 4/1/2031 | $24,939.96 | $520.82 | $31,249.20 | $520.82 | $31,249.20 | $573.75 | $34,425.00 | $573.75 | $34,425.00 | $260.58 | $15,634.80 |
| Total | | $3,509,989.33 | $31,249.20 | | $31,249.20 | | $34,425.00 | | $34,425.00 | | $15,634.80 | |

Payments to:

| Payment No. | MM/DD/YYYY (Estimated) | Total Monthly Plan Payment | SCU 16 Monthly | SCU 16 Total | SCU 17 Monthly | SCU 17 Total | SCU 18 Monthly | SCU 18 Total | ANB 19 (Duplicate and Outdated Claim of ANB 10) Monthly | ANB 19 Total | ANB 20 (Duplicate and Outdated Claim of ANB 11) Monthly | ANB 20 Total | ANB 21 (Duplicate and Outdated Claim of ANB 12) Monthly | ANB 21 Total | ANB 22 (Duplicate and Outdated Claim of ANB 13) Monthly | ANB 22 Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 5/1/2026 | $54,927.76 | $830.64 | $830.64 | $480.93 | $480.93 | $593.96 | $593.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2 | 6/1/2026 | $54,927.76 | $830.64 | $1,661.28 | $480.93 | $961.86 | $593.96 | $1,187.92 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3 | 7/1/2026 | $54,927.76 | $830.64 | $2,491.92 | $480.93 | $1,442.79 | $593.96 | $1,781.88 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4 | 8/1/2026 | $54,927.76 | $830.64 | $3,322.56 | $480.93 | $1,923.72 | $593.96 | $2,375.84 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5 | 9/1/2026 | $54,927.76 | $830.64 | $4,153.20 | $480.93 | $2,404.65 | $593.96 | $2,969.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 6 | 10/1/2026 | $54,927.75 | $830.64 | $4,983.84 | $480.93 | $2,885.58 | $593.96 | $3,563.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7 | 11/1/2026 | $78,151.30 | $830.64 | $5,814.48 | $480.93 | $3,366.51 | $593.96 | $4,157.72 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8 | 12/1/2026 | $78,151.30 | $830.64 | $6,645.12 | $480.93 | $3,847.44 | $593.96 | $4,751.68 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 9 | 1/1/2027 | $78,151.30 | $830.64 | $7,475.76 | $480.93 | $4,328.37 | $593.96 | $5,345.64 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10 | 2/1/2027 | $68,151.30 | $830.64 | $8,306.40 | $480.93 | $4,809.30 | $593.96 | $5,939.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11 | 3/1/2027 | $68,151.30 | $830.64 | $9,137.04 | $480.93 | $5,290.23 | $593.96 | $6,533.56 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12 | 4/1/2027 | $68,151.30 | $830.64 | $9,967.68 | $480.93 | $5,771.16 | $593.96 | $7,127.52 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 13 | 5/1/2027 | $68,151.30 | $830.64 | $10,798.32 | $480.93 | $6,252.09 | $593.96 | $7,721.48 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 14 | 6/1/2027 | $68,151.30 | $830.64 | $11,628.96 | $480.93 | $6,733.02 | $593.96 | $8,315.44 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 15 | 7/1/2027 | $88,151.30 | $830.64 | $12,459.60 | $480.93 | $7,213.95 | $593.96 | $8,909.40 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 16 | 8/1/2027 | $68,151.30 | $830.64 | $13,290.24 | $480.93 | $7,694.88 | $593.96 | $9,503.36 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 17 | 9/1/2027 | $68,151.30 | $830.64 | $14,120.88 | $480.93 | $8,175.81 | $593.96 | $10,097.32 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 18 | 10/1/2027 | $74,151.30 | $830.64 | $14,951.52 | $480.93 | $8,656.74 | $593.96 | $10,691.28 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 19 | 11/1/2027 | $68,151.30 | $830.64 | $15,782.16 | $480.93 | $9,137.67 | $593.96 | $11,285.24 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20 | 12/1/2027 | $68,151.30 | $830.64 | $16,612.80 | $480.93 | $9,618.60 | $593.96 | $11,879.20 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 21 | 1/1/2028 | $74,151.30 | $830.64 | $17,443.44 | $480.93 | $10,099.53 | $593.96 | $12,473.16 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 22 | 2/1/2028 | $68,151.30 | $830.64 | $18,274.08 | $480.93 | $10,580.46 | $593.96 | $13,067.12 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 23 | 3/1/2028 | $68,151.30 | $830.64 | $19,104.72 | $480.93 | $11,061.39 | $593.96 | $13,661.08 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 24 | 4/1/2028 | $74,151.30 | $830.64 | $19,935.36 | $480.93 | $11,542.32 | $593.96 | $14,255.04 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 25 | 5/1/2028 | $68,151.30 | $830.64 | $20,766.00 | $480.93 | $12,023.25 | $593.96 | $14,849.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 26 | 6/1/2028 | $68,151.30 | $830.64 | $21,596.64 | $480.93 | $12,504.18 | $593.96 | $15,442.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 27 | 7/1/2028 | $74,151.30 | $830.64 | $22,427.28 | $480.93 | $12,985.11 | $593.96 | $16,036.92 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 28 | 8/1/2028 | $68,151.30 | $830.64 | $23,257.92 | $480.93 | $13,466.04 | $593.96 | $16,630.88 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 29 | 9/1/2028 | $68,151.30 | $830.64 | $24,088.56 | $480.93 | $13,946.97 | $593.96 | $17,224.84 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 30 | 10/1/2028 | $74,151.30 | $830.64 | $24,919.20 | $480.93 | $14,427.90 | $593.96 | $17,818.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 31 | 11/1/2028 | $68,151.30 | $830.64 | $25,749.84 | $480.93 | $14,908.83 | $593.96 | $18,412.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 32 | 12/1/2028 | $68,151.30 | $830.64 | $26,580.48 | $480.93 | $15,389.76 | $593.96 | $19,006.72 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 33 | 1/1/2029 | $74,151.30 | $830.64 | $27,411.12 | $480.93 | $15,870.69 | $593.96 | $19,600.68 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 34 | 2/1/2029 | $68,151.30 | $830.64 | $28,241.76 | $480.93 | $16,351.62 | $593.96 | $20,194.64 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 35 | 3/1/2029 | $68,151.30 | $830.64 | $29,072.40 | $480.93 | $16,832.55 | $593.96 | $20,788.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 36 | 4/1/2029 | $74,151.30 | $830.64 | $29,903.04 | $480.93 | $17,313.48 | $593.96 | $21,382.56 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 37 | 5/1/2029 | $68,151.30 | $830.64 | $30,733.68 | $480.93 | $17,794.41 | $593.96 | $21,976.52 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 38 | 6/1/2029 | $68,151.30 | $830.64 | $31,564.32 | $480.93 | $18,275.34 | $593.96 | $22,570.48 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 39 | 7/1/2029 | $74,151.30 | $830.64 | $32,394.96 | $480.93 | $18,756.27 | $593.96 | $23,164.44 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 40 | 8/1/2029 | $68,151.30 | $830.64 | $33,225.60 | $480.93 | $19,237.20 | $593.96 | $23,758.40 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 41 | 9/1/2029 | $68,151.30 | $830.64 | $34,056.24 | $480.93 | $19,718.13 | $593.96 | $24,352.36 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 42 | 10/1/2029 | $74,151.30 | $830.64 | $34,886.88 | $480.93 | $20,199.06 | $593.96 | $24,946.32 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 43 | 11/1/2029 | $68,151.30 | $830.64 | $35,717.52 | $480.93 | $20,679.99 | $593.96 | $25,540.28 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 44 | 12/1/2029 | $68,151.30 | $830.64 | $36,548.16 | $480.93 | $21,160.92 | $593.96 | $26,134.24 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 45 | 1/1/2030 | $74,151.30 | $830.64 | $37,378.80 | $480.93 | $21,641.85 | $593.96 | $26,728.20 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 46 | 2/1/2030 | $68,151.30 | $830.64 | $38,209.44 | $480.93 | $22,122.78 | $593.96 | $27,322.16 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 47 | 3/1/2030 | $68,151.30 | $830.64 | $39,040.08 | $480.93 | $22,603.71 | $593.96 | $27,916.12 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 48 | 4/1/2030 | $24,939.96 | $830.64 | $39,870.72 | $480.93 | $23,084.64 | $593.96 | $28,510.08 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 49 | 5/1/2030 | $18,939.96 | $830.64 | $40,701.36 | $480.93 | $23,565.57 | $593.96 | $29,104.04 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 50 | 6/1/2030 | $18,939.96 | $830.64 | $41,532.00 | $480.93 | $24,046.50 | $593.96 | $29,698.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 51 | 7/1/2030 | $24,939.96 | $830.64 | $42,362.64 | $480.93 | $24,527.43 | $593.96 | $30,291.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 52 | 8/1/2030 | $18,939.96 | $830.64 | $43,193.28 | $480.93 | $25,008.36 | $593.96 | $30,885.92 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 53 | 9/1/2030 | $18,939.96 | $830.64 | $44,023.92 | $480.93 | $25,489.29 | $593.96 | $31,479.88 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 54 | 10/1/2030 | $24,939.96 | $830.64 | $44,854.56 | $480.93 | $25,970.22 | $593.96 | $32,073.84 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 55 | 11/1/2030 | $18,939.96 | $830.64 | $45,685.20 | $480.93 | $26,451.15 | $593.96 | $32,667.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 56 | 12/1/2030 | $18,939.96 | $830.64 | $46,515.84 | $480.93 | $26,932.08 | $593.96 | $33,261.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 57 | 1/1/2031 | $24,939.96 | $830.64 | $47,346.48 | $480.93 | $27,413.01 | $593.96 | $33,855.72 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 58 | 2/1/2031 | $18,939.96 | $830.64 | $48,177.12 | $480.93 | $27,893.94 | $593.96 | $34,449.68 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 59 | 3/1/2031 | $18,939.96 | $830.64 | $49,007.76 | $480.93 | $28,374.87 | $593.96 | $35,043.64 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 60 | 4/1/2031 | $24,939.96 | $830.64 | $49,838.40 | $480.93 | $28,855.80 | $593.96 | $35,637.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total | | $3,509,989.33 | $49,838.40 | | $28,855.80 | | $35,637.60 | | $0.00 | | $0.00 | | $0.00 | | $0.00 | |

| Payment No. | MM/DD/YYYY (Estimated) | Total Monthly Plan Payment | ANB 23 (Duplicate and Outdated Claim of ANB 14) | | Ford 24 | | Ford 28 | | Ally 29 (Relief Granted, Claim Amended to GUC) | | Ally 30 | | Ally 31 | | Ally 32 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Monthly | Total | Monthly | Total | Monthly | Total | Monthly | Total | Monthly | Total | Monthly | Total | Monthly | Total |
| 1 | 5/1/2026 | $54,927.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $626.50 | $637.08 | $637.08 | $637.08 | $637.08 |
| 2 | 6/1/2026 | $54,927.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $1,253.00 | $637.08 | $1,274.16 | $637.08 | $1,274.16 |
| 3 | 7/1/2026 | $54,927.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $1,879.50 | $637.08 | $1,911.24 | $637.08 | $1,911.24 |
| 4 | 8/1/2026 | $54,927.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $2,506.00 | $637.08 | $2,548.32 | $637.08 | $2,548.32 |
| 5 | 9/1/2026 | $54,927.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $3,132.50 | $637.08 | $3,185.40 | $637.08 | $3,185.40 |
| 6 | 10/1/2026 | $54,927.75 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $3,759.00 | $637.08 | $3,822.48 | $637.08 | $3,822.48 |
| 7 | 11/1/2026 | $78,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $4,385.50 | $637.08 | $4,459.56 | $637.08 | $4,459.56 |
| 8 | 12/1/2026 | $78,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $5,012.00 | $637.08 | $5,096.64 | $637.08 | $5,096.64 |
| 9 | 1/1/2027 | $78,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $5,638.50 | $637.08 | $5,733.72 | $637.08 | $5,733.72 |
| 10 | 2/1/2027 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $6,265.00 | $637.08 | $6,370.80 | $637.08 | $6,370.80 |
| 11 | 3/1/2027 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $6,891.50 | $637.08 | $7,007.88 | $637.08 | $7,007.88 |
| 12 | 4/1/2027 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $7,518.00 | $637.08 | $7,644.96 | $637.08 | $7,644.96 |
| 13 | 5/1/2027 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $8,144.50 | $637.08 | $8,282.04 | $637.08 | $8,282.04 |
| 14 | 6/1/2027 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $8,771.00 | $637.08 | $8,919.12 | $637.08 | $8,919.12 |
| 15 | 7/1/2027 | $88,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $9,397.50 | $637.08 | $9,556.20 | $637.08 | $9,556.20 |
| 16 | 8/1/2027 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $10,024.00 | $637.08 | $10,193.28 | $637.08 | $10,193.28 |
| 17 | 9/1/2027 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $10,650.50 | $637.08 | $10,830.36 | $637.08 | $10,830.36 |
| 18 | 10/1/2027 | $74,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $11,277.00 | $637.08 | $11,467.44 | $637.08 | $11,467.44 |
| 19 | 11/1/2027 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $11,903.50 | $637.08 | $12,104.52 | $637.08 | $12,104.52 |
| 20 | 12/1/2027 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $12,530.00 | $637.08 | $12,741.60 | $637.08 | $12,741.60 |
| 21 | 1/1/2028 | $74,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $13,156.50 | $637.08 | $13,378.68 | $637.08 | $13,378.68 |
| 22 | 2/1/2028 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $13,783.00 | $637.08 | $14,015.76 | $637.08 | $14,015.76 |
| 23 | 3/1/2028 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $14,409.50 | $637.08 | $14,652.84 | $637.08 | $14,652.84 |
| 24 | 4/1/2028 | $74,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $15,036.00 | $637.08 | $15,289.92 | $637.08 | $15,289.92 |
| 25 | 5/1/2028 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $15,662.50 | $637.08 | $15,927.00 | $637.08 | $15,927.00 |
| 26 | 6/1/2028 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $16,289.00 | $637.08 | $16,564.08 | $637.08 | $16,564.08 |
| 27 | 7/1/2028 | $74,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $16,915.50 | $637.08 | $17,201.16 | $637.08 | $17,201.16 |
| 28 | 8/1/2028 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $17,542.00 | $637.08 | $17,838.24 | $637.08 | $17,838.24 |
| 29 | 9/1/2028 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $18,168.50 | $637.08 | $18,475.32 | $637.08 | $18,475.32 |
| 30 | 10/1/2028 | $74,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $18,795.00 | $637.08 | $19,112.40 | $637.08 | $19,112.40 |
| 31 | 11/1/2028 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $19,421.50 | $637.08 | $19,749.48 | $637.08 | $19,749.48 |
| 32 | 12/1/2028 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $20,048.00 | $637.08 | $20,386.56 | $637.08 | $20,386.56 |
| 33 | 1/1/2029 | $74,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $20,674.50 | $637.08 | $21,023.64 | $637.08 | $21,023.64 |
| 34 | 2/1/2029 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $21,301.00 | $637.08 | $21,660.72 | $637.08 | $21,660.72 |
| 35 | 3/1/2029 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $21,927.50 | $637.08 | $22,297.80 | $637.08 | $22,297.80 |
| 36 | 4/1/2029 | $74,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $22,554.00 | $637.08 | $22,934.88 | $637.08 | $22,934.88 |
| 37 | 5/1/2029 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $23,180.50 | $637.08 | $23,571.96 | $637.08 | $23,571.96 |
| 38 | 6/1/2029 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $23,807.00 | $637.08 | $24,209.04 | $637.08 | $24,209.04 |
| 39 | 7/1/2029 | $74,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $24,433.50 | $637.08 | $24,846.12 | $637.08 | $24,846.12 |
| 40 | 8/1/2029 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $25,060.00 | $637.08 | $25,483.20 | $637.08 | $25,483.20 |
| 41 | 9/1/2029 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $25,686.50 | $637.08 | $26,120.28 | $637.08 | $26,120.28 |
| 42 | 10/1/2029 | $74,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $26,313.00 | $637.08 | $26,757.36 | $637.08 | $26,757.36 |
| 43 | 11/1/2029 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $26,939.50 | $637.08 | $27,394.44 | $637.08 | $27,394.44 |
| 44 | 12/1/2029 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $27,566.00 | $637.08 | $28,031.52 | $637.08 | $28,031.52 |
| 45 | 1/1/2030 | $74,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $28,192.50 | $637.08 | $28,668.60 | $637.08 | $28,668.60 |
| 46 | 2/1/2030 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $28,819.00 | $637.08 | $29,305.68 | $637.08 | $29,305.68 |
| 47 | 3/1/2030 | $68,151.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $29,445.50 | $637.08 | $29,942.76 | $637.08 | $29,942.76 |
| 48 | 4/1/2030 | $24,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $30,072.00 | $637.08 | $30,579.84 | $637.08 | $30,579.84 |
| 49 | 5/1/2030 | $18,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $30,698.50 | $637.08 | $31,216.92 | $637.08 | $31,216.92 |
| 50 | 6/1/2030 | $18,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $31,325.00 | $637.08 | $31,854.00 | $637.08 | $31,854.00 |
| 51 | 7/1/2030 | $24,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $31,951.50 | $637.08 | $32,491.08 | $637.08 | $32,491.08 |
| 52 | 8/1/2030 | $18,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $32,578.00 | $637.08 | $33,128.16 | $637.08 | $33,128.16 |
| 53 | 9/1/2030 | $18,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $33,204.50 | $637.08 | $33,765.24 | $637.08 | $33,765.24 |
| 54 | 10/1/2030 | $24,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $33,831.00 | $637.08 | $34,402.32 | $637.08 | $34,402.32 |
| 55 | 11/1/2030 | $18,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $34,457.50 | $637.08 | $35,039.40 | $637.08 | $35,039.40 |
| 56 | 12/1/2030 | $18,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $35,084.00 | $637.08 | $35,676.48 | $637.08 | $35,676.48 |
| 57 | 1/1/2031 | $24,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $35,710.50 | $637.08 | $36,313.56 | $637.08 | $36,313.56 |
| 58 | 2/1/2031 | $18,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $36,337.00 | $637.08 | $36,950.64 | $637.08 | $36,950.64 |
| 59 | 3/1/2031 | $18,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $36,963.50 | $637.08 | $37,587.72 | $637.08 | $37,587.72 |
| 60 | 4/1/2031 | $24,939.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $626.50 | $37,590.00 | $637.08 | $38,224.80 | $637.08 | $38,224.80 |
| Total | | $3,509,989.33 | $0.00 | | $0.00 | | $0.00 | | $0.00 | | $37,590.00 | | $38,224.80 | | $38,224.80 | |

| | Payments to: | | Ally 33 | | Ally 34 | | General Unsecured Creditors | |
|---|---|---|---|---|---|---|---|---|
| Payment No. | MM/DD/YYYY (Estimated) | Total Monthly Plan Payment | Monthly | Total | Monthly | Total | Monthly | Total |
| 1 | 5/1/2026 | $54,927.76 | $635.88 | $635.88 | $635.88 | $635.88 | $0.00 | $0.00 |
| 2 | 6/1/2026 | $54,927.76 | $635.88 | $1,271.76 | $635.88 | $1,271.76 | $0.00 | $0.00 |
| 3 | 7/1/2026 | $54,927.76 | $635.88 | $1,907.64 | $635.88 | $1,907.64 | $0.00 | $0.00 |
| 4 | 8/1/2026 | $54,927.76 | $635.88 | $2,543.52 | $635.88 | $2,543.52 | $0.00 | $0.00 |
| 5 | 9/1/2026 | $54,927.76 | $635.88 | $3,179.40 | $635.88 | $3,179.40 | $0.00 | $0.00 |
| 6 | 10/1/2026 | $54,927.75 | $635.88 | $3,815.28 | $635.88 | $3,815.28 | $0.00 | $0.00 |
| 7 | 11/1/2026 | $78,151.30 | $635.88 | $4,451.16 | $635.88 | $4,451.16 | $0.00 | $0.00 |
| 8 | 12/1/2026 | $78,151.30 | $635.88 | $5,087.04 | $635.88 | $5,087.04 | $0.00 | $0.00 |
| 9 | 1/1/2027 | $78,151.30 | $635.88 | $5,722.92 | $635.88 | $5,722.92 | $0.00 | $0.00 |
| 10 | 2/1/2027 | $68,151.30 | $635.88 | $6,358.80 | $635.88 | $6,358.80 | $0.00 | $0.00 |
| 11 | 3/1/2027 | $68,151.30 | $635.88 | $6,994.68 | $635.88 | $6,994.68 | $0.00 | $0.00 |
| 12 | 4/1/2027 | $68,151.30 | $635.88 | $7,630.56 | $635.88 | $7,630.56 | $0.00 | $0.00 |
| 13 | 5/1/2027 | $68,151.30 | $635.88 | $8,266.44 | $635.88 | $8,266.44 | $0.00 | $0.00 |
| 14 | 6/1/2027 | $68,151.30 | $635.88 | $8,902.32 | $635.88 | $8,902.32 | $0.00 | $0.00 |
| 15 | 7/1/2027 | $88,151.30 | $635.88 | $9,538.20 | $635.88 | $9,538.20 | $20,000.00 | $20,000.00 |
| 16 | 8/1/2027 | $68,151.30 | $635.88 | $10,174.08 | $635.88 | $10,174.08 | $0.00 | $20,000.00 |
| 17 | 9/1/2027 | $68,151.30 | $635.88 | $10,809.96 | $635.88 | $10,809.96 | $0.00 | $20,000.00 |
| 18 | 10/1/2027 | $74,151.30 | $635.88 | $11,445.84 | $635.88 | $11,445.84 | $6,000.00 | $26,000.00 |
| 19 | 11/1/2027 | $68,151.30 | $635.88 | $12,081.72 | $635.88 | $12,081.72 | $0.00 | $26,000.00 |
| 20 | 12/1/2027 | $68,151.30 | $635.88 | $12,717.60 | $635.88 | $12,717.60 | $0.00 | $26,000.00 |
| 21 | 1/1/2028 | $74,151.30 | $635.88 | $13,353.48 | $635.88 | $13,353.48 | $6,000.00 | $32,000.00 |
| 22 | 2/1/2028 | $68,151.30 | $635.88 | $13,989.36 | $635.88 | $13,989.36 | $0.00 | $32,000.00 |
| 23 | 3/1/2028 | $68,151.30 | $635.88 | $14,625.24 | $635.88 | $14,625.24 | $0.00 | $32,000.00 |
| 24 | 4/1/2028 | $74,151.30 | $635.88 | $15,261.12 | $635.88 | $15,261.12 | $6,000.00 | $38,000.00 |
| 25 | 5/1/2028 | $68,151.30 | $635.88 | $15,897.00 | $635.88 | $15,897.00 | $0.00 | $38,000.00 |
| 26 | 6/1/2028 | $68,151.30 | $635.88 | $16,532.88 | $635.88 | $16,532.88 | $0.00 | $38,000.00 |
| 27 | 7/1/2028 | $74,151.30 | $635.88 | $17,168.76 | $635.88 | $17,168.76 | $6,000.00 | $44,000.00 |
| 28 | 8/1/2028 | $68,151.30 | $635.88 | $17,804.64 | $635.88 | $17,804.64 | $0.00 | $44,000.00 |
| 29 | 9/1/2028 | $68,151.30 | $635.88 | $18,440.52 | $635.88 | $18,440.52 | $0.00 | $44,000.00 |
| 30 | 10/1/2028 | $74,151.30 | $635.88 | $19,076.40 | $635.88 | $19,076.40 | $6,000.00 | $50,000.00 |
| 31 | 11/1/2028 | $68,151.30 | $635.88 | $19,712.28 | $635.88 | $19,712.28 | $0.00 | $50,000.00 |
| 32 | 12/1/2028 | $68,151.30 | $635.88 | $20,348.16 | $635.88 | $20,348.16 | $0.00 | $50,000.00 |
| 33 | 1/1/2029 | $74,151.30 | $635.88 | $20,984.04 | $635.88 | $20,984.04 | $6,000.00 | $56,000.00 |
| 34 | 2/1/2029 | $68,151.30 | $635.88 | $21,619.92 | $635.88 | $21,619.92 | $0.00 | $56,000.00 |
| 35 | 3/1/2029 | $68,151.30 | $635.88 | $22,255.80 | $635.88 | $22,255.80 | $0.00 | $56,000.00 |
| 36 | 4/1/2029 | $74,151.30 | $635.88 | $22,891.68 | $635.88 | $22,891.68 | $6,000.00 | $62,000.00 |
| 37 | 5/1/2029 | $68,151.30 | $635.88 | $23,527.56 | $635.88 | $23,527.56 | $0.00 | $62,000.00 |
| 38 | 6/1/2029 | $68,151.30 | $635.88 | $24,163.44 | $635.88 | $24,163.44 | $0.00 | $62,000.00 |
| 39 | 7/1/2029 | $74,151.30 | $635.88 | $24,799.32 | $635.88 | $24,799.32 | $6,000.00 | $68,000.00 |
| 40 | 8/1/2029 | $68,151.30 | $635.88 | $25,435.20 | $635.88 | $25,435.20 | $0.00 | $68,000.00 |
| 41 | 9/1/2029 | $68,151.30 | $635.88 | $26,071.08 | $635.88 | $26,071.08 | $0.00 | $68,000.00 |
| 42 | 10/1/2029 | $74,151.30 | $635.88 | $26,706.96 | $635.88 | $26,706.96 | $6,000.00 | $74,000.00 |
| 43 | 11/1/2029 | $68,151.30 | $635.88 | $27,342.84 | $635.88 | $27,342.84 | $0.00 | $74,000.00 |
| 44 | 12/1/2029 | $68,151.30 | $635.88 | $27,978.72 | $635.88 | $27,978.72 | $0.00 | $74,000.00 |
| 45 | 1/1/2030 | $74,151.30 | $635.88 | $28,614.60 | $635.88 | $28,614.60 | $6,000.00 | $80,000.00 |
| 46 | 2/1/2030 | $68,151.30 | $635.88 | $29,250.48 | $635.88 | $29,250.48 | $0.00 | $80,000.00 |
| 47 | 3/1/2030 | $68,151.30 | $635.88 | $29,886.36 | $635.88 | $29,886.36 | $0.00 | $80,000.00 |
| 48 | 4/1/2030 | $24,939.96 | $635.88 | $30,522.24 | $635.88 | $30,522.24 | $6,000.00 | $86,000.00 |
| 49 | 5/1/2030 | $18,939.96 | $635.88 | $31,158.12 | $635.88 | $31,158.12 | $0.00 | $86,000.00 |
| 50 | 6/1/2030 | $18,939.96 | $635.88 | $31,794.00 | $635.88 | $31,794.00 | $0.00 | $86,000.00 |
| 51 | 7/1/2030 | $24,939.96 | $635.88 | $32,429.88 | $635.88 | $32,429.88 | $6,000.00 | $92,000.00 |
| 52 | 8/1/2030 | $18,939.96 | $635.88 | $33,065.76 | $635.88 | $33,065.76 | $0.00 | $92,000.00 |
| 53 | 9/1/2030 | $18,939.96 | $635.88 | $33,701.64 | $635.88 | $33,701.64 | $0.00 | $92,000.00 |
| 54 | 10/1/2030 | $24,939.96 | $635.88 | $34,337.52 | $635.88 | $34,337.52 | $6,000.00 | $98,000.00 |
| 55 | 11/1/2030 | $18,939.96 | $635.88 | $34,973.40 | $635.88 | $34,973.40 | $0.00 | $98,000.00 |
| 56 | 12/1/2030 | $18,939.96 | $635.88 | $35,609.28 | $635.88 | $35,609.28 | $0.00 | $98,000.00 |
| 57 | 1/1/2031 | $24,939.96 | $635.88 | $36,245.16 | $635.88 | $36,245.16 | $6,000.00 | $104,000.00 |
| 58 | 2/1/2031 | $18,939.96 | $635.88 | $36,881.04 | $635.88 | $36,881.04 | $0.00 | $104,000.00 |
| 59 | 3/1/2031 | $18,939.96 | $635.88 | $37,516.92 | $635.88 | $37,516.92 | $0.00 | $104,000.00 |
| 60 | 4/1/2031 | $24,939.96 | $635.88 | $38,152.80 | $635.88 | $38,152.80 | $6,000.00 | $110,000.00 |
| Total | | $3,509,989.33 | $38,152.80 | | $38,152.80 | | $110,000.00 | |

# EXHIBIT 5
## Original Chapter 11 Ballot

Bankruptcy Case of R2 Marketing and Consulting, LLC
Case No. 8:25-bk-10631-SC

**Please return both pages of this ballot**

**Class [      ] Ballot for Accepting or Rejecting Plan by R2 Marketing and Consulting, LLC**

**R2 Marketing and Consulting, LLC filed a plan of reorganization (the Plan). You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class [      ] under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Andy C. Warshaw by email to andy@dimarcowarshaw.com or before October 1, 2025, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

**Acceptance or Rejection of the Plan**

If the voter is the holder of a secured, priority, or unsecured nonpriority claim:

The undersigned, the holder of a Class [      ] claim against the Debtor in the unpaid amount of Dollars ($         )

Bankruptcy Case of R2 Marketing and Consulting, LLC
Case No. 8:25-bk-10631-SC

*Check one box only*

**Accepts the plan [   ]**

**Rejects the plan  [   ]**

Dated:              _____

Print or type name: _____

Signature:       _____  Title (if corporation or partnership) _____

Address:        _____

_____

_____

---

**Return this ballot to:**

**Ballots will be accepted by email to andy@dimarcowarshaw.com.
Electronic transmission is the only way permitted to submit ballots.**

**Please take notice that the Court issued a scheduling order on May
21, 2025, as ECF No. 126.   Please refer to that document for additional
scheduling deadlines in this case. A copy of the order is included as
Exhibit 6 of the Plan.**

# EXHIBIT 6

## Order Continuing Hearing on Plan Confirmation
## and Status Conference



FILED & ENTERED

JAN 26 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re:

R2 Marketing & Consulting, LLC,

Debtor(s).

Case No.: 8:25-bk-10631-SC

CHAPTER 11

**ORDER CONTINUING HEARING ON PLAN CONFIRMATION AND STATUS CONFERENCE**

Date:        February 4, 2026
Time:        1:30 PM
Courtroom: 5C

The hearings on plan confirmation [Dk. 265] and the status conference are CONTINUED from February 4, 2026, to April 8, 2026, at 1:30 p.m. A status report is due 14 days in advance.  Any amended plan must be filed by no later than March 18, 2026, with a redline and new confirmation brief. The confirmation brief must address whether the amended plan requires re-solicitation. Any opposition must be filed by no later than March 25, 2026, with replies filed by no later than April 1, 2026.

**IT IS SO ORDERED.**

Date: January 26, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-1-

# EXHIBIT 7
# Definitions

**Plan Definitions**

The definitions and rules of construction in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

- "Administrative Expense" or "Administrative Claim" shall mean any claim constituting a cost or expense of administration of the bankruptcy Case allowed under section 503(b).

- "Allowed Claim" shall mean (a) Any Claim or Interest, proof of which was filed within the applicable period of limitation fixed in accordance with Bankruptcy Rule 3003(c)(3) by the Bankruptcy Court (i) as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules or a Final Order, or (ii) as to which an objection has been interposed, to the extent such Claim has been Allowed in whole or in part by Final Order; or (b) if no proof of claim was so filed, any Claim or Interest which has been listed by the Debtor in its Schedules as liquidated in amount and not disputed or contingent and which is not a Disputed Claim.

- "Allowed Priority Claim" shall mean any allowed claim, other than an allowed administrative expense or allowed tax claim, which is entitled to priority pursuant to Section 507(a) of the Bankruptcy Code.

- "Allowed Secured Claim" shall mean any allowed claim which is secured by a validly perfected security interest.

- "Allowed Unsecured Claim" shall mean any allowed claim, other than an allowed administrative claim, allowed priority claim, allowed secured claim, or allowed tax claim.

- "Bankruptcy Code" or "Code" shall mean Title 11 of the United States Code, section 101, et seq. Unless otherwise indicated, all citations in this Plan are in the Code.

- "Bankruptcy Court" or "Court" shall mean the United States Bankruptcy Court for the Central District of California, in which the case is currently pending, or such other court of competent jurisdiction that is exercising jurisdiction over the case at the time of Confirmation.

- "Bankruptcy Rules" shall mean the Rules of Bankruptcy Procedure, as amended, as applicable to the bankruptcy Case, including the federal and local bankruptcy rules.

- "Bar Date" shall mean the last date for filing claims, which date has been set by the Court.

- "Cash" shall be interpreted in United States Dollars.

- "Case" shall mean case number 8:25-bk-10631-SC filed by R2 Marketing and Consulting, LLC, currently pending in the United States Bankruptcy Court for the Central District of California in the Santa Ana Division in front of the Honorable Scott C. Clarkson.

- "Claim" shall mean any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

- "Class" shall mean any grouping into which allowed claims or interests are classified pursuant to this Plan.

- "Confirmation" shall mean the date of entry of the Confirmation Order.

- "Confirmation Order" shall mean the written order of the Bankruptcy Court confirming the Plan under Section 1129 of the Code.

- "Creditor" or "Claimant" shall mean any person or entity holding an allowed claim.

- "Debtor" or "Debtors" or "Debtor in Possession" shall mean R2 Marketing and Consulting, LLC, the debtor and debtor in possession in this Case.

- "Disbursing Agent" shall mean the designated party in the Plan to disburse plan payments under the terms of the confirmed Plan. The Disbursing Agent in this Case is Debtor unless otherwise ordered by the Court.

- "Estate" shall mean the estate created in the Reorganization Case pursuant to section 541 of the Code.

- "Disallowed Claim" shall mean a claim or interest that was timely objected to by the Debtor and the court made a ruling that the claim or interest is disallowed in part or entirely. Disallowed claims are not treated under the Plan.

- "Final Order" shall mean an order or judgment of the Bankruptcy Court as to which any appeal

that has been or may be taken has been resolved or as to which the time for appeal expired.

- "Interest Holder" shall mean any holder of an interest in the Debtor.

- "Material Default" shall mean Debtor's failure to make any payment required under this Plan, or (2) failure to perform any other obligation required under this Plan for more than 45 days after the time specified in this Plan, or (3) performs any act that is inconsistent with the terms of this Plan, then any affected creditor, interest holder, or other party in interest may file and serve upon Debtor and Debtor's attorney (if any) a written notice of default at their most recent address(es) listed in this case.

- "U.S. Trustee" or "UST" shall mean the Office of the United States Trustee.

- "Petition Date" shall mean the date upon which the Debtor filed its Chapter 11 petition with the Court.

- "Plan" shall mean this document.

- "Property of the Estate" shall mean the property described in §441(a) and §1186(a) of the Bankruptcy Code.

- "Reorganized Debtor" shall mean the estate of the Debtor, as modified, and restructured by the Plan after the Effective Date.

- "Substantial consummation of the Plan" shall have the definition under Section 1101(2), with a liberal application of Debtor's ability to modify the Plan.

# EXHIBIT 8
# Liquidation Analysis

Under 11 U.S.C. § 1190(1)(B), the Plan must include a "liquidation analysis".  The liquidation analysis compares the amount that a claimant would receive in a chapter 7 bankruptcy case instead of the amount proposed in the Plan.  The information in this section and exhibit illustrates the comparative payouts in terms that would be paid in a chapter 7 case vs. what is proposed under the Chapter 11 plan (the "Liquidation Analysis").  The Liquidation Analysis sets forth estimated recovery values for each class of claims and interests upon distribution of assets under a hypothetical chapter 7 liquidation.  The Liquidation Analysis was prepared for the sole purpose of generating a good faith estimate of the proceeds that would be generated if the Debtor's assets were liquidated under chapter 7 of the Bankruptcy Code. The Liquidation Analysis is not intended and should not be used for any other purpose. Neither the debtor nor its advisors make any representation or warranty that the actual results would or would not approximate the estimates and assumptions reflected in the liquidation analysis.

**Liquidation Date and Appointment of a Chapter 7 Trustee**

The Liquidation Analysis provides an estimate of recovery values based upon a hypothetical liquidation of the Debtor's estate if the Debtor's chapter 11 case converted to chapter 7 of the Bankruptcy Code as of October 1, 2025. Under section 704 of the Bankruptcy Code, a trustee must, among other duties, collect and convert the property of the estate as expeditiously as possible (at distressed prices), considering the best interests of stakeholders.  In this hypothetical scenario, the Trustee would see if any estate assets could be liquidated into cash by: (i) selling certain assets owned by the Debtor as going concerns in a rapid sale and (ii) ceasing operations and selling or abandoning the individual assets of the Debtor.

Under the "best interests of creditors" test set forth in section 1129(a)(7) of the Bankruptcy Code, the Bankruptcy Court may not confirm a plan of reorganization unless the plan provides each holder of an allowed claim or interest that does not otherwise vote in favor of the plan with property of a value, as of the Effective Date of the plan, that is not less than the amount that such holder would receive or retain if the debtor were liquidated under chapter 7 of the Bankruptcy Code.  In Chapter 7, a trustee (the "Chapter 7 Trustee") is appointed to manage a debtor's affairs and conduct a liquidation.  This Liquidation Analysis assumes the Debtor would be forced to liquidate and would do so on an expedited,

but orderly basis under the supervision of a Chapter 7 Trustee.  The Debtor would be forced to cease all operations and use its cash position to liquidate its assets and pay claims in the order of their priority.

The following list is copy of Debtor's Schedules A/B.  *See* ECF No. 9.  There are no exemptions in a corporate bankruptcy case:

//

//

//

2

The most significant assets are Debtor's fleet of vehicles. According to proof of claims filed, with the exception of Santander Consumer USA's POC no. 9, all of Debtor's vehicles are over-encumbered and Debtor has no equity in those vehicles. POC no. 9 identifies a 2019 Dodge Grand Caravan (VIN x3199) valued at $16,488 against a claim of $13,092.58. This is a nominal net equity of $3,395.42. Moreover, there is nothing for the estate to gain because collateral of the bankruptcy estate is subject to the secured claim of the U.S. Small Business Administration. The U.S. Small Business Administration filed Claim 25 on April 23, 2025, with a claim amount of $522,970.37. A UCC-1 was recorded on June 16, 2020. The value of all of Debtor's assets are far exceeded by the secured claim of the U.S. Small Business Administration, meaning that there is nothing to be liquidated in this case for the benefit of general unsecured creditors.

| Creditor | Description of Collateral | Amount Owed (secured or unsecured) | UCC Recording Information |
|---|---|---|---|
| U.S. Small Business Administration Class 2 | All tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto. | $522,970.37 | 06/16/2020 UCC207791649691 |

3

With nothing to liquidate, there are no Chapter 7 Trustee fees or professionals of a Chapter 7 Trustee that would be paid in a converted case.

**Chapter 7 Liquidation Costs**

| Chapter 7 Administrative Claims | |
|---|---|
| Chapter 7 Trustee Fees | $0 |
| Chapter 7 Trustee Professionals | $0 |
| **Total Chapter 7 Administrative Claims** | **$0** |

**Allocation of $0 in Proceeds**

| | Estimated Return in Liquidation |
|---|---|
| Chapter 7 Administrative Claims | $0 |
| Chapter 11 Administrative Claims | $0 |
| DiMarco Warshaw, APLC | $0 |
| 507(a)(8) Priority Claims | $0 |
| General Unsecured Class | $0 |

**Conclusion**

The Liquidation Analysis shows, and Debtor therefore concludes, that confirmation of the Plan will provide creditors with a recovery greater than a liquidation of the Debtor under Chapter 7 of the Bankruptcy Code. There is nothing to liquidate with the Debtor's assets being over-encumbered by secured claims while the Plan provides $110,000 to general unsecured claims.

4

Fill in this information to identify the case:

Debtor Name   **R2 Marketing and Consulting, LLC**

United States Bankruptcy Court for the:   **Central**   District of   **California**
                                                                              (State)

Case number (If known):

☐ Check if this is an amended filing

**Official Form 206A/B**

# Schedule A/B: Assets — Real and Personal Property   **12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| **Part 1:** | **Cash and cash equivalents** |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.

   ☑ Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | **Current value of debtor's interest** |
| --- | --- |

2. **Cash on hand**

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1. **US Bank** | **Checking account** | **9 1 2 9** | **$1,000.00** |
| 3.2. **US Bank** | **Checking account** | **9 0 8 7** | **$300.00** |
| 3.3. **US Bank** | **Checking account** | **9 1 9 4** | **$53.00** |

4. **Other cash equivalents** *(Identify all)*

   4.1

   4.2

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.   | **$1,353.00** |

| **Part 2:** | **Deposits and prepayments** |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.

   ☐ Yes. Fill in the information below.

|  | **Current value of debtor's interest** |
| --- | --- |

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

Debtor     **R2 Marketing and Consulting, LLC**         Case number *(if known)* _____

       Name

---

    7.1  _____      _____

    7.2  _____      _____

8.   **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

     Description, including name of holder of prepayment

    8.1  _____      _____

    8.2  _____      _____

9.   **Total of Part 2**

     Add lines 7 through 8. Copy the total to line 81.         [_____]

---

### Part 3:    Accounts receivable

10.  **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11.  **Accounts receivable**

    11a. 90 days old or less:  _____ - _____ =..... ➔    _____

               face amount       doubtful or uncollectible accounts

    11b. Over 90 days old:  _____ - _____ =..... ➔    _____

               face amount       doubtful or uncollectible accounts

12.  **Total of Part 3**

     Current value on lines 11a + 11b = line 12. Copy the total to line 82.     [_____]

---

### Part 4:    Investments

13.  **Does the debtor own any investments?**

    ☑ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

| | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|

14.  **Mutual funds or publicly traded stocks not included in Part 1**

     Name of fund or stock:

    14.1 _____    _____    _____

    14.2 _____    _____    _____

15.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

     Name of entity:                        % of ownership:

    15.1._____  _____    _____    _____

    15.2._____  _____    _____    _____

---

Official Form 206A/B        **Schedule A/B: Assets — Real and Personal Property**        page **2**

Debtor **R2 Marketing and Consulting, LLC**          Case number *(if known)* _____

Name

---

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1 _____          _____          _____

    16.2 _____          _____          _____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.                    [ _____ ]

<table>
<tr><td colspan="5">**Part 5:**     **Inventory, excluding agriculture assets**</td></tr>
</table>

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☑ No. Go to Part 6.

    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** _____ | _____ MM / DD / YYYY | _____ | _____ | _____ |
| 20. **Work in progress** _____ | _____ MM / DD / YYYY | _____ | _____ | _____ |
| 21. **Finished goods, including goods held for resale** _____ | _____ MM / DD / YYYY | _____ | _____ | _____ |
| 22. **Other inventory or supplies** _____ | _____ MM / DD / YYYY | _____ | _____ | _____ |

23. **Total of Part 5**

    Add lines 19 through 22. Copy the total to line 84.                    [ _____ ]

24. **Is any of the property listed in Part 5 perishable?**

    ☑ No

    ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

    ☑ No

    ☐ Yes.  Book value _____ Valuation method _____ Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

    ☑ No

    ☐ Yes

<table>
<tr><td>**Part 6:**     **Farming and fishing-related assets (other than titled motor vehicles and land)**</td></tr>
</table>

---

Official Form 206A/B          **Schedule A/B: Assets — Real and Personal Property**          page **3**

Debtor      **R2 Marketing and Consulting, LLC**                                    Case number *(if known)* _____
                    Name

---

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6**
    Add lines 28 through 32. Copy the total to line 85.                    _____

34. **Is the debtor a member of an agricultural cooperative?**

☑ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☐ No

   ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes.   Book value _____   Valuation method _____   Current value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☑ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

---

Official Form 206A/B                 **Schedule A/B: Assets — Real and Personal Property**                 page **4**

Debtor **R2 Marketing and Consulting, LLC**
Name

Case number *(if known)* _____

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| Desks, Chairs | $1,000.00 | | $1,000.00 |
| **40. Office fixtures** | | | |
| | | | |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| Printer | $600.00 | Purchase | $600.00 |
| 8 computers | unknown | Comparables | $4,000.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | |
| 42.2 | | | |
| 42.3 | | | |
| **43. Total of Part 7** Add lines 39 through 42. Copy the total to line 86. | | | $5,600.00 |

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 8:** **Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 **2021 Chrysler Voyager /** VIN: 2C4RC1DG3MR603967 Color Granite | $43,525.00 | Bumper.com | $43,525.00 |
| 47.2 **2019 Dodge Caravan /** VIN: 2C7WDGBGXKR805095 Color White | $18,000.00 | Bumper.com | $18,000.00 |

Debtor **R2 Marketing and Consulting, LLC**        Case number *(if known)* _____
Name

| | | | | |
|---|---|---|---|---|
| 47.3 | **2019 Dodge Grand Caravan / VIN: 2C7WDGBG9KR805167** Color White | $18,000.00 | Bumper.com | $18,000.00 |
| 47.4 | **2022 Chrysler Voyager /** VIN: 2C4RC1CG3NR154051 Color Granite | $26,425.00 | Bumper.com | $26,425.00 |
| 47.5 | **2021 Chrysler Voyager /** VIN: 2C4RC1DG6MR586839 Color Red | $25,425.00 | Bumper.com | $25,425.00 |
| 47.6 | **2022 Dodge Voyager /** VIN: 2C4RCCG6NR171815 Color White | $25,875.00 | Bumper.com | $25,875.00 |
| 47.7 | **2019 Dodge Caravan /** VIN: 2C7WDGBG1KR803199 Color White | $18,000.00 | Bumper.com | $18,000.00 |
| 47.8 | **2022 Toyota Sienna Hybrid /** VIN: 5TDKRKEC1NS099848 Color White | $39,575.00 | Bumper.com | $39,575.00 |
| 47.9 | **2021 Chrysler Voyager /** VIN: 2C4RC1DGXMR602055 Color Granite | $24,625.00 | Bumper.com | $24,625.00 |
| 47.10 | **2022 Toyota Sienna Hybrid /** VIN: 5TDKRKEC5NS100161 Color White | $39,575.00 | Bumper.com | $38,575.00 |
| 47.11 | **2022 Chrysler Voyager /** VIN: 2C4RC1CG2NR153960 Color White | $26,425.00 | Bumper.com | $26,425.00 |
| 47.12 | **2022 Chrysler Voyager /** VIN: 2C4RC1CG6NR154030 Color Granite | $26,425.00 | Bumper.com | $26,425.00 |
| 47.13 | **2022 Chrysler Voyager /** VIN: 2C4RC1CG6NR171782 Color White | $25,875.00 | Bumper.com | $25,875.00 |
| 47.14 | **2020 Dodge Caravan /** VIN: 2C4RDGBG4LR171259 Color Gray | $21,625.00 | | $21,625.00 |
| 47.15 | **2022 Chrysler Voyager /** VIN: 2C4RC1CG6NR159387 Color Granite | $26,425.00 | Bumper.com | $26,425.00 |
| 47.16 | **2022 Chrysler Voyager /** VIN: 2C4RC1CG6NR154061 Color Granite | $26,425.00 | Bumper.com | $26,425.00 |
| 47.17 | **2023 Chrysler Voyager /** VIN: 2C4RC1CG9PR591751 Color White | $25,225.00 | Bumper.com | $25,225.00 |
| 47.18 | **2023 Chrysler Voyager /** VIN: 2C4RC1CG9PR591801 Color White | $25,225.00 | Bumper.com | $25,225.00 |
| 47.19 | **2023 Chrysler Voyager /** VIN: 2C4RC1CG1PR591744 Color White | $25,225.00 | Bumper.com | $25,225.00 |
| 47.20 | **2023 RAM Dodge Postmaster 2500 /** VIN: 3C6LRVPG6PE552999 Color White | $49,890.00 | Bumper.com | $49,890.00 |
| 47.21 | **2023 RAM Dodge Postmaster 2500 /** VIN: 3C6LRVPG542091 Color White | $49,885.00 | Bumper.com | $49,886.00 |
| 47.22 | **2022 RAM Dodge Postmaster 3500 /** VIN: 3C6MRVUG4NE138805 Color White | $49,281.00 | Bumper.com | $49,281.00 |
| 47.23 | **2022 RAM Dodge Postmaster 3500 /** VIN: 3C6MRVUG6NE138806 Color White | $49,259.00 | Bumper.com | $49,259.00 |

Case 8:25-bk-00631-SSC    Doc 495    Filed 03/18/26    Entered 03/18/26 15:05:08    Desc
Main Document      Page 81 of 94

Debtor   **R2 Marketing and Consulting, LLC**

Name

Case number *(if known)* _____

| | | | |
|---|---|---|---|
| 47.24 **2023 RAM Dodge Postmaster 3500 / VIN: 3C6MRVUG6PE527643 Color White** | $50,991.00 | Bumper.com | $50,991.00 |
| 47.25 **2023 Chrysler Voyager / VIN: 2C4RC1CG4PR617222 Color White** | $25,225.00 | Bumper.com | $25,225.00 |
| 47.26 **2023 Chrysler Voyager / VIN: 2C4RC1CG7PR608207 Color White** | $25,225.00 | Bumper.com | $25,225.00 |
| 47.27 **2023 Chrysler Voyager / VIN: 2C4RC1CGXPR617256 Color White** | $25,225.00 | Bumper.com | $25,225.00 |
| 47.28 **2023 Chrysler Voyager / VIN: 2C4RC1CG2pr617218 Color White** | $25,225.00 | Bumper.com | $25,225.00 |
| 47.29 **2022 Chrysler Voyager / VIN: 2C4RC1CGXNR219946 Color White** | $22,550.00 | Bumper.com | $22,550.00 |
| 47.30 **2022 Chrysler Voyager / VIN: 2C4RC1CG4PR617253 Color White** | $25,225.00 | Bumper.com | $25,225.00 |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

   48.1 _____

   48.2 _____

49. **Aircraft and accessories**

   49.1 _____

   49.2 _____

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

   _____

51. **Total of Part 8**

   Add lines 47 through 50. Copy the total to line 87.

   **$904,882.00**

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

   ☑ No

   ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

   ☑ No

   ☐ Yes

| Part 9: | Real property |
|---|---|

54. **Does the debtor own or lease any real property?**

   ☑ No. Go to Part 10.

   ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

Debtor **R2 Marketing and Consulting, LLC**                                          Case number *(if known)* _____
        Name

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | _____ | _____ | _____ |
| 55.2 _____ | _____ | _____ | _____ | _____ |
| 55.3 _____ | _____ | _____ | _____ | _____ |
| 55.4 _____ | _____ | _____ | _____ | _____ |
| 55.5 _____ | _____ | _____ | _____ | _____ |
| 55.6 _____ | _____ | _____ | _____ | _____ |

56.  **Total of Part 9**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.                                   _____

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 10:**       **Intangibles and intellectual property**

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.  **Patents, copyrights, trademarks, and trade secrets**<br><br>_____ | _____ | _____ | _____ |
| 61.  **Internet domain names and websites**<br><br>www.ridewithr2.com | unknown | Experience | unknown |
| 62.  **Licenses, franchises, and royalties**<br><br>_____ | _____ | _____ | _____ |
| 63.  **Customer lists, mailing lists, or other compilations**<br><br>_____ | _____ | _____ | _____ |
| 64.  **Other intangibles, or intellectual property**<br><br>_____ | _____ | _____ | _____ |

Debtor **R2 Marketing and Consulting, LLC**
    Name

Case number *(if known)* _____

---

65. **Goodwill**

    _____    _____    _____    _____

66. **Total of Part 10**

    Add lines 60 through 65. Copy the total to line 89.    [            ]

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

    ☑ No

    ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

    ☑ No

    ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

    ☑ No

    ☐ Yes

---

## Part 11:    All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

    Include all interests in executory contracts and unexpired leases not previously reported on this form.

    ☑ No. Go to Part 12.

    ☐ Yes. Fill in the information below.

    **Current value of debtor's interest**

71. **Notes receivable**

    Description (include name of obligor)

    _____    _____ – _____ = ➔  _____
                          Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

    Description (for example, federal, state, local)

    _____    Tax year _____    _____

    _____    Tax year _____    _____

    _____    Tax year _____    _____

73. **Interests in insurance policies or annuities**

    _____                          _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

    _____                          _____

    **Nature of claim**    _____

    **Amount requested**    _____

---

Debtor    **R2 Marketing and Consulting, LLC**                          Case number *(if known)* _____
      Name

---

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

      **Nature of claim** _____

      **Amount requested** _____

76.  **Trusts, equitable or future interests in property**

77.  **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78.  **Total of Part 11**

Add lines 71 through 77. Copy the total to line 90.

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☑ No

    ☐ Yes

---

Debtor    **R2 Marketing and Consulting, LLC**

    Name

Case number *(if known)* _____

---

## Part 12:   Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $1,353.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | | |
| 83. **Investments.** *Copy line 17, Part 4.* | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $5,600.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $904,882.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ➔ | | |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | unknown | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + | |
| 91. **Total.** *Add lines 80 through 90 for each column* .......................... 91a. | $911,835.00 | + 91b. |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........................................................................... $911,835.00

---

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**PO Box 704, San Clemente, CA 92674**

A true and correct copy of the foregoing document entitled (*specify*): **FIRST AMENDED COMBINED CHAPTER 11 PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 18, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  Ally Bank bknotice@mccarthyholthus.com jwong@ecf.courtdrive.com
  Ally Bank c/o AIS Portfolio Services LLC amit.sharma@aisinfo.com
  American National Bank brian@tw2law.com ; wjhealy7@gmail.com
  Anna Landa alanda@plgdamage.com
  CIT BANK A DIVISION OF FIRST CITIZENS BANK BnkEcf-CA@weltman.com gmasterson@weltman.com
  EDD itcdbgc@edd.ca.gov, itcdgc@edd.ca.gov
  Elan S. Levey elan.levey@usdoj.gov usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
  First Citizens Bank & Trust Company BnkEcf-CA@weltman.com gmasterson@weltman.com
  Ford Motor Credit Company LLC bknotice@mccarthyholthus.com jwong@ecf.courtdrive.com;
  Khintz@ecf.inforuptcy.com;Khintz@mccarthyholthus.com;Khintz@ecf.courtdrive.com
  Ford Motor Credit Company LLC, c/o AIS Portfolio Services, LLC amit.sharma@aisinfo.com
  InstaFunding LLC kelly@ksgklaw.com
  International Workplace Group ecfcacb@aldridgepite.com wlocke@ecf.inforuptcy.com
  Martha Warriner martha@bankruptcysage.com
  Santander Consumer USA Inc. dba Chrysler Capital randym@cookseylaw.com
  Shraddha Bharatia notices@becket-lee.com
  The Huntington National Bank david.berkley@wbd-us.com mary.koo@wbd-us.com;Sul.Lee@wbd-us.com
  United States Trustee (SA) Kenneth.M.Misken@usdoj.gov; ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On March 18, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Served via Certificate of Service legal noticing and mail provider; Declaration of service attached.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  - I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| March 18, 2026 | P. Ann Abad | *(signature)* |
| *Date* | *Printed Name* | *Signature* |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>R2 MARKETING AND CONSULTING, LLC, | CASE NO: 8:25-bk-10631-SC<br><br>**DECLARATION OF MAILING CERTIFICATE OF SERVICE**<br><br>Chapter: 11 |

On 3/18/2026, I did cause a copy of the following documents, described below,

FIRST AMENDED COMBINED CHAPTER 11 PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/18/2026

/s/ Andy C. Warshaw
Andy C. Warshaw  263880

DiMarco Warshaw, APLC
PO Box 704
San Clemente, CA 92674
949-345-1455
clientsupport@dimarcowarshaw.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

IN RE:

R2 MARKETING AND CONSULTING, LLC,

CASE NO: 8:25-bk-10631-SC

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 11

On 3/18/2026, a copy of the following documents, described below,

FIRST AMENDED COMBINED CHAPTER 11 PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/18/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Andy C. Warshaw
DiMarco Warshaw, APLC
PO Box 704
San Clemente, CA  92674

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

 LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 825-BK-10631-SC
CENTRAL DISTRICT OF CALIFORNIA
WED MAR 18 11-43-37 PST 2026

ALLY BANK
CO MCCARTHY  HOLTHUS  LLP
2763 CAMINO DEL RIO SOUTH  SUITE 100
SAN DIEGO  CA 92108-3708

ALLY BANK CO AIS PORTFOLIO SERVICES  LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

EXCLUDE

(U)COURTESY NEF

AMERICAN NATIONAL BANK
CO TIERNEY WATSON  HEALY
48 GOLD ST
FL 1
SAN FRANCISCO  CA 94133-5103

CIT BANK A DIVISION OF FIRST CITIZENS BANK
CO WELTMAN  WEINBERG  REIS CO LPA
5990 WEST CREEK ROAD
SUITE 200
INDEPENDENCE  OH 44131-2191

FIRST CITIZENS BANK  TRUST COMPANY
CO WELTMAN  WEINBERG  REIS  CO  LPA
5990 WEST CREEK RD
SUITE 200
INDEPENDENCE  OH 44131-2191

FORD MOTOR CREDIT COMPANY LLC
CO MCCARTHY  HOLTHUS  LLP
2763 CAMINO DEL RIO SOUTH  SUITE 100
SAN DIEGO  CA 92108-3708

FORD MOTOR CREDIT COMPANY  LLC  CO AIS PORT
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

EXCLUDE

(U)INSTAFUNDING LLC

EXCLUDE

(U)INTERNATIONAL WORKPLACE GROUP

PENNY FOX CPA  A PROFESSIONAL ACCOUNTANCY CO
15615 ALTON PKWY STE 450
IRVINE  CA 92618-3308

DEBTOR

R2 MARKETING  CONSULTING  LLC
19800 MACARTHUR BOULEVARD 300
IRVINE  CA 92612-2479

SANTANDER CONSUMER USA INC DBA CHRYSLER CAP
CO RANDALL P MROCZYNSKI
COOKSEY  TOOLEN  GAGE  DUFFY  WOOG
535 ANTON BOULEVARD  10TH FLOOR
COSTA MESA  CA 92626-1947

THE HUNTINGTON NATIONAL BANK
CO WOMBLE BOND DICKINSON US LLP
400 SPECTRUM CENTER DRIVE  SUITE 1700
IRVINE  CA 92618-5015

EXCLUDE

SANTA ANA DIVISION
411 WEST FOURTH STREET  SUITE 2030
SANTA ANA  CA 92701-4500

ADLI LAW GROUP  PC
520 S GRAND AVE 520
LOS ANGELES  CA 90071-2667

EXCLUDE

(D)ALLY BANK CO AIS PORTFOLIO SERVICES  LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

ALLY FINANCIAL
500 WOODWARD AVE FL 10
DETROIT  MI 48226-3423

AMERICAN EXPRESS NATIONAL BANK
CO BECKET AND LEE LLP
PO BOX 3001
MALVERN  PA 19355-0701

AMERICAN NATIONAL BANK
3030 AMES AVE
OMAHA  NE 68111-2459

EXCLUDE

AMERICAN NATIONAL BANK
8004 S 84TH STREET
LAVISTA  NE 68128-3300

CB CHARGE
PO BOX 830604
BIRMINGHAM  AL 35283-0604

(D)CIT BANK A DIVISION OF FIRST CITIZENS BANK
CO WELTMAN  WEINBERG  REIS CO LPA
5990 WEST CREEK ROAD  SUITE 200
INDEPENDENCE  OH 44131-2191

CALIFORNIA DEPT OF TAX AND FEE ADMINISTRATI
COLLECTIONS SUPPORT BUREAU  MIC 29
PO BOX 942879
SACRAMENTO  CA  94279-0029

CHRYSLER CAPITAL
PO BOX 660335
DALLAS  TX 75266-0335

CREDITORS ADJUSTMENT BUREAU  INC
ASSIGNEE OF MOTIVE TECHNOLOGIES
CO LAW OFFICE OF KENNETH J FREED
4340 FULTON AVE  THIRD FLOOR
SHERMAN OAKS CA 91423-3925

CREDITORS ADJUSTMENT BUREAU  INC
ASSIGNEE OF STATE COMPENSATION INSURANCE
CO LAW OFFICE OF KENNETH J FREED
4340 FULTON AVE  THIRD FLOOR
SHERMAN OAKS CA 91423-3925

CREDITORS ADJUSTMENT BUREAU  INC
CO LAW OFFICE OF KENNETH J FREED
4340 FULTON AVE  THIRD FLOOR
SHERMAN OAKS CA 91423-3925

EMPLOYMENT DEVELOPMENT DEPARTMENT
BANKRUPTCY GROUP MIC 92E  PO BOX 826880
SACRAMENTO  CA 95814

ENTERPRISE MOBILITY
14002 E 21ST ST STE 1500
TULSA  OK 74134-1424

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

(P)FIRST CITIZENS BANK AND TRUST COMPANY
10201 CENTURION PARKWAY N STE 100
JACKSONVILLE FL 32256-4114

FIRST CITIZENS BANK AND TRUST CO
CO WELTMAN  WEINBERG  REIS CO LPA
5990 WEST CREEK RD STE 200
INDEPENDENCE  OH 44131-2191

FORD MOTOR COMPANY
DALLAS  TX 75265

FORD MOTOR COMPANY
PO BOX 650574
DALLAS  TX 75265-0574

FORD MOTOR CREDIT COMPANY LLC CO AIS PORTFO
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

GIL HOPENSTAND
312 N SPRING STREET  5TH FL
LOS ANGELES  CA 90012-4701

HUNTINGTON NATIONAL BANK
PO BOX 77077
MINNEAPOLIS  MN 55480-7777

INSTA FUNDING  LLC
1647 BELL BLVD
BAYSIDE  NY 11360-1639

INSTAFUNDING LLC
3363 NE 163RD ST  SUITE 606
NORTH MIAMI BEACH FL 33160-4436

INTERNAL REVENUE SERVICE
GENERAL INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA  PA 19101-7346

JPMORGAN CHASE BANK  NA
SBMT CHASE BANK USA  NA
CO NATIONAL BANKRUPTCY SERVICES  LLC
PO BOX 9013
ADDISON  TEXAS 75001-9013

MODEL 1 COMMERCIAL VEHICLES
9225 PRIORITY WAY WEST DR STE 300
INDIANAPOLIS  IN 46240-1575

MOTIVE CARD
55 HAWTHORNE ST 400
SAN FRANCISCO  ME 94105-3910

NETRADYNE INC
18757 BURBANK BLVD STE 100
TARZANA  CA 91356-6328

PARKVIEW ADVANCE
600 SUMMER ST
STAMFORD  CT 06901-4404

REGUS MANAGEMENT GROUP LLC
15305 DALLAS PARKWAY
ADDISON  TX 75001-6423

REGUS MANAGEMENT GROUP  LLC
19800 MACARTHUR BLVD STE 300
IRVINE  CA 92612-2479

RYAN MORRIS
64 PINETREE STE 1500
IRVINE  OK 92620-2309

SANTANDER CONSUMER USA INC
DBA CHRYSLER CAPITAL
PO BOX 961275
FORT WORTH  TX 76161-0275

SMALL BUSINESS ASSOCIATION
CESC COVID EIDL SERVICE CENTER
14925 KINGSPORT RD
FORT WORTH  TX 76155-2243

SPARTAN BUSINESS SOLUTIONS  LLC
371 E MAIN ST STE 2
MIDDLETOWN  NY 10940-3435

STATE OF CALIFORNIA FRANCHISE TAX BD
BANKRUPTCY DEPT
PO BOX 2952
SACRAMENTO  CA 95812-2952

THE MOTIVE CO
55 HAWTHORNE ST
SUITE 400
SAN FRANCISCO CA 94105-3910

THE HUNTINGTON NATIONAL BANK
555 FAYETTEVILLE STREET  SUITE 1100
RALEIGH  NC 27601-3034

(P)U S  SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701


EXCLUDE

UNITED STATES TRUSTEE (SA)
411 W FOURTH ST  SUITE 7160
SANTA ANA  CA 92701-4500

UNITEDHEALTHCARE INSURANCE COMPANY
ATTN CDMBANKRUPTCY
185 ASYLUM ST 03B
HARTFORD CT 06103-3402

VERIZON WIRELESS
PO BOX 650051
DALLAS  TX 75265-0051


EXCLUDE

WEXINCCOM
1 HANCOCK
PORTLAND  ME 04101-4217

AMELIA PUERTASSAMARA
EMPLOYMENT DEVELOPMENT DEPARTMENT
PO BOX 826880
SACRAMENTO  CA 94280-0001

ANDY C WARSHAW
DIMARCO WARSHAW  APLC
PO BOX 740
SAN CLEMENTE  CA 92674


MARTHA A WARRINER
DIMARCO WARSHAW  APLC
PO BOX 704
SAN CLEMENTE  CA 92674-0704

COURT'S LIST OF NEF (ELECTRONIC SERVICE) RECIPIENTS:

Ally Bank
c/o McCarthy & Holthus, LLP
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108

represented by:

Jennifer C Wong
McCarthy & Holthus LLP
2763 Camino Del Rio South
Suite 100
San Diego, CA 92108

Ally Bank c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

represented by:

Amitkumar Sharma
AIS Portfolio Services, LLC
4515 N Santa Fe Ave.
Dept.Aps
Oklahoma City, OK 73118

American National Bank
c/o Tierney Watson & Healy
48 Gold St
Fl 1
San Francisco, CA 94133

represented by:

Brian S Healy
Tierney Watson & Healy
48 Gold St
Fl 1
San Francisco, CA 94133

William J Healy
Law Office of William J. Healy
748 Holbrook Pl
94087
Sunnyvale, CA 94087

CIT BANK A DIVISION OF FIRST CITIZENS BANK
c/o Weltman, Weinberg & Reis Co LPA
5990 West Creek Road
Suite 200
Independence, OH 44131

represented by:

Garry A Masterson
Weltman, Weinberg & Reis Co LPA
5990 West Creek Rd Ste 200
Independence, OH 44131

Courtesy NEF

represented by:

Shraddha Bharatia
Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Anna Landa
The Law Offices of Kenneth J.
Freed
4340 Fulton Ave.
Ste 3rd Floor
Sherman Oaks, CA 91423

Elan S Levey
Federal Build., Ste.7516
300 N Los Angeles St
Los Angeles, CA 90012

Wendy A Locke
Aldridge Pite, LLP
3333 Camino del Rio South
Suite 225
San Diego, CA 92108

Jennifer C Wong
McCarthy & Holthus LLP
2763 Camino Del Rio South
Suite 100
San Diego, CA 92108

First Citizens Bank & Trust
Company
c/o Weltman, Weinberg & Reis,
Co., L.P.A
5990 West Creek Rd
Suite 200
Independence, OH 44131

represented by:

Garry A Masterson
Weltman, Weinberg & Reis Co
LPA
5990 West Creek Road
Suite 200
Independence, OH 44131

Ford Motor Credit Company LLC
c/o McCarthy & Holthus, LLP
2763 Camino Del Rio South,
Suite 100
San Diego, CA 92108

represented by:

Kristin A Schuler-Hintz
McCarthy & Holthus, LLP
2763 Camino Del Rio South
Suite 100
San Diego, CA 92108

Jennifer C Wong
McCarthy & Holthus LLP
2763 Camino Del Rio South
Suite 100
San Diego, CA 92108

COURT'S LIST OF NEF (ELECTRONIC SERVICE) RECIPIENTS:

Ford Motor Credit Company, LLC, c/o AIS
Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

represented by:

Amitkumar Sharma
AIS Portfolio Services, LLC
4515 N Santa Fe Ave.
Dept.Aps
Oklahoma City, OK 73118

InstaFunding LLC

represented by:

Sweeney Kelly
Sweeney & Kelble APC
445 S. Figueroa Street
Suite 3100
Los Angeles, CA 90071

International Workplace Group

represented by:

Wendy A Locke
Aldridge Pite, LLP
3333 Camino del Rio South
Suite 225
San Diego, CA 92108


Penny Fox CPA, A Professional
Accountancy Corporation
15615 Alton Pkwy Ste 450
Irvine, CA 92618

R2 Marketing & Consulting, LLC.
19800 MacArthur Boulevard #300
Irvine, CA 92612

represented by:

Amelia Puertas-Samara
Employment Development Department
PO Box 826880
Sacramento, CA 94280-0001

Martha A. Warriner
DiMarco Warshaw, APLC
P.O. Box 704
San Clemente, CA 92674

Andy C Warshaw
DiMarco Warshaw, APLC
PO Box 740
San Clemente, CA 92674

Michael R Totaro
Totaro & Shanahan, LLP
P.O. Box 789
Pacific Palisades, CA 90272

Santander Consumer USA Inc. dba
Chrysler Capital
c/o Randall P. Mroczynski
Cooksey, Toolen, Gage, Duffy & Woog
535 Anton Boulevard, 10th Floor
Costa Mesa, CA 92626

represented by:

Randall P Mroczynski
Cooksey Toolen Gage Duffy & Woog
535 Anton Blvd 10th Fl
Costa Mesa, CA 92626-1947

The Huntington National Bank
c/o WOMBLE BOND DICKINSON (US) LLP
400 Spectrum Center Drive, Suite 1700
Irvine, CA 92618

represented by:

David A Berkley
Womble Bond Dickinson (US) LLP
400 Spectrum Center Drive
Ste 1700
Irvine, CA 92612

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593

represented by:

Kenneth Misken
DOJ-UST
Office of the United States Trustee
411 W. Fourth St, #7160
Ste 7160
Santa Ana, CA 92701

Kristin T Mihelic
Office of the US Trustee
411 W Fourth St Ste 7160
Santa Ana, CA 92701